UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. CV7-936RSM<br><br>FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT<br><br>JURY DEMANDED |

Plaintiff alleges:

## I. PARTIES

1. Plaintiff Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington. Microsoft's principal place of business is located in Redmond, Washington. Microsoft has paid all fees and charges necessary for it to conduct business as a corporation.

2. Defendant Immersion Corporation ("Immersion") is a corporation organized and existing under the laws of the State of Delaware. Immersion's principal place of business is located in San Jose, California.

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 1
291/571483.07
062507 1006/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

## II. JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1332.

4. The defendant is found in and transacts substantial business in this district. This Court has personal jurisdiction over the defendant and venue in this district is proper under 28 U.S.C. § 1391.

5. The agreement between the parties, which has been alleged to have been breached in this action, provides for venue and jurisdiction in this Court.

## III. FACTUAL BACKGROUND

6. Immersion is the owner of certain patents for technology involving tactile sensations to users of interactive computer applications.

7. On February 11, 2002, Immersion filed a lawsuit, entitled *Immersion Corporation v. Sony Computer Entertainment of America, Inc., Sony Computer Entertainment Inc., and Microsoft Corporation*, Northern District of California Case No. C02-00710 CW (WDB) ("the Sony Lawsuit") against Microsoft and Sony entities ("Sony"), alleging that the defendants violated certain patents held by Immersion.

8. On or about July 25, 2003, Immersion settled its claims against Microsoft. On July 25, 2003, Immersion and Microsoft entered into a Sublicense Agreement ("SLA") as part of that settlement.

9. The SLA provides, among other things, that if Immersion settles the Sony Lawsuit with Sony, Immersion shall pay certain specified amounts to Microsoft. In particular, it provides that if Immersion settles the Sony Lawsuit with Sony for an amount up to $100,000,000, Immersion shall pay Microsoft the sum of $15,000,000. If Immersion settles the Sony Lawsuit for an amount between $100,000,000 and $150,000,000, Immersion shall pay Microsoft an additional

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 2
291/571483.07
062507 0955/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

amount equal to 25% of the amount of the settlement in excess of $100,000,000. If Immersion settles the Sony Lawsuit for an amount in excess of $150,000,000, Immersion shall pay Microsoft an additional amount equal to 17.5% of the amount of the settlement in excess of $150,000,000. Under the terms of the SLA, settlement amounts are defined to include "all amounts, including all royalty payments and upfront, annual or other license fees (regardless of when received), received by Immersion on account of any license, release, freedom from suit or similar consideration granted by Immersion to Sony in respect of the Licensed Patents, ... including any agreement, license, sublicense, option, investment, or other transaction associated with such settlement."

10. The SLA further provides that, upon Immersion's settlement with Sony, Immersion was to promptly provide Microsoft with documentation of its settlement with Sony.

11. The SLA imposes an implied covenant of good faith and fair dealing on Immersion to do all things reasonably contemplated by the SLA's terms to accomplish its goals, and to refrain from doing anything that would destroy or injure another party's right to receive the fruits of the contract.

12. On September 21, 2004, Immersion obtained a verdict against Sony in the amount of $82,000,000 (the "Verdict").

13. Subsequent rulings by the court in the Sony Lawsuit increased the amount of the judgment against Sony to $90,703,608.

14. On March 24, 2005 the court in the Sony Lawsuit issued a Permanent Injunction against Sony. The Permanent Injunction prohibited Sony from, among other things, "manufacturing, using, and/or selling in, or importing into, the United States the infringing Sony Playstation system, including its Playstation consoles . . . ." The Permanent Injunction was based upon the Verdict

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 3
291/571483.07
062507 0955/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

that Sony had improperly used Immersion's patented technology involving tactile sensations to users of interactive computer applications, the same technology that was the subject of the claims against Microsoft in the Sony Lawsuit and which is the subject of the SLA.

15. On February 9, 2006, Sony filed an appeal of the Verdict.

16. Immersion and Sony have settled the Sony Lawsuit. Immersion and Sony's settlement of the Sony Lawsuit was effected through one or more agreements between the parties, including licensing and other business agreements.

17. Among the agreements evidencing Immersion and Sony's settlement of the Sony Lawsuit is a document entitled "Agreement," signed on or about March 1, 2007. ("Immersion/Sony Settlement Agreement"). A redacted copy of the Immersion/Sony Settlement Agreement was filed with the Securities and Exchange Commission as part of Immersion's regular quarterly reports. At the time that the Immersion/Sony Settlement Agreement was signed, Sony had not satisfied the Amended Judgment and Immersion had not released the Permanent Injunction.

18. The "Effective Date" of the Immersion/Sony Settlement Agreement is defined as "the later of the dates on which the Amended Judgment has been satisfied and discharged and the Permanent Injunction has been dissolved." Under the definition of the "Effective Date" and other terms of the Immersion/Sony Settlement Agreement, Sony's payment of the Amended Judgment and Immersion's dissolution of the Permanent Injunction are conditions and part of the Immersion/Sony Settlement Agreement.

19. Under the Immersion/Sony Settlement Agreement, Immersion agreed to, among other things, "irrevocably releas[e] and discharg[e] the Sony

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 4
291/571483.07
062507 0955/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Entities . . . from any and all claims, counterclaims, demands, liabilities, suits, debts, and causes of action, whether known or unknown, for alleged direct infringement of any of the Immersion Patents . . . ." In connection with and pursuant to the Immersion/Sony Settlement Agreement, Sony and Immersion agreed to stipulate to an order dissolving the Permanent Injunction against Sony.

20. Under the Immersion/Sony Settlement Agreement, Immersion provided to Sony "a worldwide, non-transferable, non-exclusive, license under the Immersion Patents," the same patents at issue in the Sony litigation and the subject of the SLA.

21. Under the Immersion/Sony Settlement Agreement, Sony also agreed to pay Immersion Twenty-Two Million Five Hundred Thousand Dollars ($22,500,000) for the rights provided under that agreement. The Immersion/Sony Settlement Agreement contains an additional option, which, if exercised by Sony, will provide Sony a further license related to non-PlayStation games, and a royalty fee for each game sold ("Option").

22. The Immersion/Sony Settlement Agreement further provides that, regardless of the outcome of the court's ruling on Sony's pending appeal, the parties shall agree to a binding arrangement that preserves the terms of the Immersion/Sony Settlement Agreement. It further provides that Sony will not assist ISLLC, another party remaining in the Sony Litigation, and that Immersion will indemnify Sony from any claim asserted by ISLLC for infringement on the Immersion Patents.

23. All of these provisions demonstrate that the Sony/Immersion Settlement Agreement was a settlement agreement.

24. On or about March 1, 2007, the same day upon which they signed the Immersion/Sony Settlement Agreement, Immersion and Sony publicly

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 5
291/571483.07
062507 0955/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

announced that they had "agreed to conclude their patent litigation," the Sony Lawsuit, and announced the basic terms of the Immersion/Sony Settlement Agreement. Immersion's CEO stated in that press release that: "We are pleased to have put this litigation behind us." Despite these statements and the inherent settlement nature of the Immersion/Sony Settlement Agreement, Immersion has actively attempted to describe and characterize its agreements with Sony as something other than a settlement in order to avoid its obligations under the SLA.

25. Between March 1 and March 14, 2007, Sony paid approximately $90,874.888 to Immersion.

26. On March 8, 2007 and March 14, 2007, the clerk of the Ninth Circuit Court of Appeals entered dismissals of Sony's appeals in the Sony Lawsuit, at the request of Immersion and Sony. The March 14, 2007 order provides: "The parties having so agreed, it is ORDERED that the proceeding is DISMISSED . . . ."

27. On March 16, 2007, pursuant to the terms of the agreement between them, Sony and Immersion executed a stipulation and proposed order dissolving the Permanent Injunction against Sony. The court signed and entered the order on March 19, 2007.

28. As a result of the settlement between Sony and Immersion, Sony dropped its appeal and any opportunity for relief under the appeal. Immersion agreed not to enforce the permanent injunction it had against Sony and agreed to seek to have it dissolved. The parties also entered into an agreement setting out – without regard to the outcome of the case – the rights and obligations the parties had with respect to each other and the patents in suit, as well as releasing various claims. The resolution of the lawsuit and license agreement are well within the kind of settlement contemplated by the SLA.

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 6
291/571483.07
062507 0955/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

29. Despite demand to do so, Immersion has failed to make any payment under the SLA to Microsoft following Immersion's settlement of the Sony Lawsuit.

30. Despite demand to do so, Immersion has also failed to promptly provide Microsoft with full documentation of Immersion's settlement with Sony.

## IV. CLAIM FOR RELIEF: BREACH OF CONTRACT

31. The SLA constitutes a valid and binding contract between Microsoft and Immersion.

32. Immersion breached the SLA by failing to make payments to Microsoft following Immersion's settlement with Sony.

33. Immersion breached the SLA by failing to promptly provide Microsoft with full documentation of its settlement with Sony.

34. Immersion breached the SLA by violating the covenant of good faith and fair dealing by actively attempting to characterize its agreements with Sony as something other that what they are -- a settlement.

35. As a direct and proximate result of Immersion's breaches, Microsoft has been damaged in an amount provided in the SLA. These damages include the $15 million base obligation under the SLA, and 25% of the value of the Immersion/Sony settlement between $100 and $150 million, and 17.5% of the value of that settlement over $100 million. The value of the settlement includes (1) Sony's payments to satisfy the Amended Judgment, (2) the $22.5 million payment under the Immersion/Sony Settlement Agreement and (3) all payments made or to be made under the Option provided in that agreement.

## V. PRAYER FOR RELIEF

Plaintiff Microsoft prays for relief as follows:

A. For judgment awarding Microsoft its actual damages in an amount to

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 7
291/571483.07
062507 0955/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

be proved at trial, including $15 million and the appropriate percentage of all amounts In excess of $100 million, received by Immersion under the Immersion/Sony Settlement Agreement;

    B.    For order directing specific performance of Immersion's obligations under the SLA, including but not limited to Immersion's obligation to promptly provide Microsoft with full documentation of its settlement with Sony;

    C.    For a declaratory judgment requiring Immersion to pay 25% of any amount between One Hundred and One Hundred Fifty Million Dollars ($100,000,000-$150,000,000) that Immersion receives from Sony in the future pursuant to its Option, and 17.5% of any amount received by Immersion in the future from Sony in excess of One Hundred Fifty Million Dollars ($150,000,000) under the Option;

    D.    For an award of its reasonable attorneys' fees and costs, pursuant to the SLA;

    E.    For prejudgment interest at 12% per annum as allowed under Washington law; and

    F.    For such other relief as the Court deems just and equitable under the circumstances.

DATED this 25th day of June, 2007.

RIDDELL WILLIAMS P.S.

By *[signature]*
Paul J. Kundtz, WSBA #13548
pkundtz@riddellwilliams.com
Blake Marks-Dias, WSBA #28169
bmarksdias@riddellwilliams.com
Wendy E. Lyon, WSBA #34461
wlyon@riddellwilliams.com
Phone: (206) 624-3600; Fax: (206) 389-1708
Attorneys for Plaintiff Microsoft Corporation

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT - 8
291/571483.07
062507 0955/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600