|  | |
|---|---|
| 1 | The Honorable Ricardo S. Martinez |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | No. CV07 936RSM<br><br>**IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY DEMAND** |

Defendant and Counterclaimant Immersion Corporation ("Immersion") answers the First Amended Complaint for Breach of Contract (the "Amended Complaint") of Plaintiff Microsoft Corporation ("Microsoft") as follows:

**PARTIES**

1. In response to paragraph 1: Immersion admits on information that Microsoft is a corporation organized and existing under the laws of the State of Washington and that Microsoft has its principal place of business in Redmond, Washington. Immersion lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations set forth therein and on that basis denies these allegations.

2. In response to paragraph 2: Admitted.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## JURISDICTION AND VENUE

3. In response to paragraph 3: Immersion admits that Microsoft purports to base subject matter jurisdiction on 28 U.S.C. § 1332. To the extent that paragraph 3 consists of conclusions of law, Immersion states that no response is required.

4. In response to the first sentence of paragraph 4: Immersion denies that it is found in and transacts substantial business in this judicial district. In response to the second sentence of paragraph 4, Immersion admits that Microsoft purports to base venue on 28 U.S.C. § 1391. The remaining allegations of paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. In response to paragraph 5: Immersion admits that Immersion and Microsoft entered into a Sublicense Agreement as of July 25, 2003, that provides that "each Party consents to exclusive jurisdiction and venue in the federal courts sitting in King County, Washington, unless no federal subject matter jurisdiction exists, in which case each Party consents to exclusive jurisdiction and venue in the Superior Court of King County, Washington." Except as expressly admitted herein, Immersion otherwise denies the allegations set forth in paragraph 5.

## FACTUAL BACKGROUND

6. In response to paragraph 6: Immersion admits that it owns patents covering, among other things, technology for providing tactile sensations to users of interactive computer applications.

7. In response to paragraph 7: Admitted.

8. In response to paragraph 8: Immersion admits that on July 25, 2003, Immersion and Microsoft entered into a Settlement Agreement and Mutual Release as well as a Sublicense Agreement and other agreements. Immersion states that such agreements speak for themselves. Except as expressly admitted herein, Immersion otherwise denies the allegations set forth in paragraph 8.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

9. In response to paragraph 9: The allegations in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Sublicense Agreement speaks for itself.

10. In response to paragraph 10: The allegations in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Sublicense Agreement speaks for itself.

11. In response to paragraph 11: The allegations in paragraph 11 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Sublicense Agreement speaks for itself.

12. In response to paragraph 12: Immersion admits that on September 21, 2004, the jury in the action in the United States District Court for the Northern District of California entitled *Immersion Corporation v. Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc.*, Northern District of California Case No. C02-0710-CW (WDB) returned a verdict in favor of Immersion and against Sony and awarded damages in the amount of $82 million. Immersion further states that the proceedings in this District Court action are of record and speak for themselves.

13. In response to paragraph 13: Immersion admits that the District Court entered a judgment in favor of Immersion awarding Immersion damages on the jury verdict, and pre-judgment interest and costs. Except as expressly admitted herein, Immersion otherwise denies the allegations set forth in paragraph 13 of the Amended Complaint. Immersion further states that the proceedings in this District Court action are of record and speak for themselves.

14. In response to the first sentence of paragraph 14: Immersion admits that on March 24, 2005, the United States District Court for the Northern District of California in Case No. C02-0710 issued an "Order Entering Permanent Injunction and Granting Defendants' Motion to Stay Injunction Pending Appeal," which speaks for itself. The remaining allegations

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

of paragraph 14 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. In response to paragraph 15: Denied.

16. In response to paragraph 16: Denied.

17. In response to paragraph 17: Immersion admits that representatives of Immersion, Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., executed a document entitled "Agreement" on or about March 1, 2007, and that Immersion subsequently filed a redacted copy of that Agreement with the Securities and Exchange Commission as part of a quarterly report. Immersion further admits that as of March 1, 2007, Sony had not satisfied the Amended Judgment entered against Sony. Except as expressly admitted herein, Immersion otherwise denies the allegations set forth in paragraph 17.

18. In response to paragraph 18: The allegations in paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Agreement between Immersion and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., speaks for itself.

19. In response to paragraph 19: The allegations in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Agreement between Immersion and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., speaks for itself.

20. In response to paragraph 20: The allegations in paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Agreement between Immersion and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., speaks for itself.

21. In response to paragraph 21: The allegations in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact,

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

they are denied. Immersion further states that the Agreement between Immersion and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., speaks for itself.

22. In response to paragraph 22: The allegations in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Agreement between Immersion and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., speaks for itself.

23. In response to paragraph 23: Denied.

24. In response to paragraph 24: Immersion admits that Immersion issued a press release on March 1, 2007, and states that such press release speaks for itself. Except as expressly admitted herein, Immersion otherwise denies the allegations set forth in paragraph 24.

25. In response to paragraph 25: Denied.

26. In response to paragraph 26: Denied. Immersion further states that the proceedings in the United States Court of Appeals for the Federal Circuit are of record and speak for themselves.

27. In response to paragraph 27: Immersion admits that on March 16, 2007, Immersion and Sony filed a "Stipulation and [Proposed] Order Dissolving Permanent Injunction," which the District Court in Case No. C02-0710-CW entered on March 19, 2007. The Stipulation provided, *inter alia*, that "Nothing herein shall have any impact or effect on the Amended Judgment." Except as admitted herein, Immersion denies the allegations set forth in this paragraph. Immersion further states that the proceedings in this District Court action are of record and speak for themselves.

28. In response to paragraph 28: The allegations in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Immersion further states that the Agreement between Immersion and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., speaks for itself.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

29. In response to paragraph 29: Immersion admits that Microsoft demanded payment from Immersion under the Sublicense Agreement and that Immersion has not paid Microsoft. Except as expressly admitted, Immersion denies the allegations of paragraph 29 and specifically denies that any payment is due Microsoft.

30. In response to paragraph 30: Denied.

## CLAIM FOR RELIEF: BREACH OF CONTRACT

31. In response to paragraph 31: The allegations in paragraph 31 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. In response to paragraph 32: Denied.

33. In response to paragraph 33: Denied.

34. In response to paragraph 34: Denied.

35. In response to paragraph 35: Denied.

## AFFIRMATIVE DEFENSES

36. Immersion further pleads the following separate and additional defenses to the Amended Complaint. By pleading these defenses, Immersion does not in any way agree or concede that Immersion has the burden of proof or persuasion on any of these issues. In addition to the defenses described below, Immersion expressly reserves the right to allege additional defenses as they become known through the course of discovery.

37. Immersion hereby incorporates the foregoing paragraphs as if set forth fully for each of the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

38. The Amended Complaint fails to state facts sufficient to constitute a cause of action against Immersion.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 6

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

## SECOND AFFIRMATIVE DEFENSE
### (No Breach)

39. Immersion did not violate any rights, if any, of Microsoft, nor did Immersion violate any duty or obligation, if any, owed to Microsoft under the Sublicense Agreement.

## THIRD AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

40. The Amended Complaint is barred to the extent relief would frustrate the purpose of the Sublicense Agreement.

## FOURTH AFFIRMATIVE DEFENSE
### (Champerty and Maintenance)

41. The provisions of the Sublicense Agreement under which Microsoft purports to seek relief in this action are void and unenforceable under the doctrines of Champerty and Maintenance.

## FIFTH AFFIRMATIVE DEFENSE
### (Illegality)

42. The provisions of the Sublicense Agreement under which Microsoft purports to seek relief in this action are void and unenforceable for illegality, if Microsoft's interpretation of such provisions is adopted.

## SIXTH AFFIRMATIVE DEFENSE
### (Violation of Public Policy)

43. The Sublicense Agreement is void and unenforceable as being against public policy, including, but not limited to, the strong public policy encouraging settlements. Microsoft drafted the Sublicense Agreement with the specific design and intent of preventing Immersion and Sony (Microsoft's staunch competitor), from settling the "Sony Lawsuit." Microsoft fulfilled its intended goal, as Immersion and Sony did not settle the "Sony Lawsuit," but instead litigated it all the way through final judgment.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

44. Microsoft comes to this Court with unclean hands and is not entitled to recovery under the Amended Complaint or any of the purported causes of action asserted therein.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

45. The Amended Complaint is barred in whole or in part because it seeks relief from Immersion that, if granted, would result in unjust enrichment to Microsoft.

## NINTH AFFIRMATIVE DEFENSE
### (Unconscionability)

46. The Amended Complaint is barred in whole or in part because it seeks relief from Immersion that, if granted, would render the Sublicense Agreement unconscionable.

## TENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Prejudgment Interest)

47. Any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

48. Immersion has insufficient information or knowledge upon which to form a belief as to whether Immersion may have additional, as yet unstated, affirmative defenses available, and based thereon, Immersion reserves the right to assert any such affirmative defenses in the event that discovery indicates that they are proper.

## COUNTERCLAIMS

Immersion alleges its counterclaims against Microsoft as follows:

## JURISDICTION AND VENUE

49. This is an action for breach of contract. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367 because said counterclaims form part of the same case or controversy as the claim contained in Microsoft's Amended Complaint.

50. Personal jurisdiction over Microsoft is proper in this Court as Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 8

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

51. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and (c) because, among other reasons, Microsoft resides in this judicial district, is subject to personal jurisdiction in this judicial district, and has already appeared in this action.

## PARTIES

52. Defendant-Counterclaimant Immersion is a corporation organized and existing under the laws of Delaware, having a principal place of business at 801 Fox Lane, San Jose, California 95131. Founded in 1993, Immersion is a recognized leader in developing, licensing and marketing "haptic" technology that allows people to interact with computers and other devices using their sense of touch.

53. On information and belief, Plaintiff-Counterdefendant Microsoft is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Redmond, Washington.

## FACTUAL BACKGROUND

54. Microsoft's Original Complaint in this case (the "Original Complaint") and its Amended Complaint contain allegations relating to an Agreement between Immersion, on the one hand, and Sony Computer Entertainment America, Inc., and Sony Computer Entertainment, Inc., on the other (the "Sony Agreement"). Microsoft contends that the Sony Agreement somehow constitutes a settlement of the "Sony Lawsuit," as that term is defined in the Sublicense Agreement, even though Immersion obtained a final judgment and other court-ordered relief against Sony in the "Sony Lawsuit," which Sony satisfied. Microsoft further contends that as a result of the Sony Agreement, Immersion allegedly owes certain sums to Microsoft under the Sublicense Agreement.

55. On or around March 2, 2007, Microsoft notified Immersion that it believed Immersion owed Microsoft certain sums under the Sublicense Agreement as a result of the Sony Agreement, including a portion of Immersion's judgment against Sony. To allow Microsoft an

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 9

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

opportunity to review the Sony Agreement, on May 11, 2007, Immersion and Microsoft entered into a Confidentiality Agreement (the "Confidentiality Agreement").

56. Under the Confidentiality Agreement, Microsoft agreed that the Sony Agreement "will not be provided to, shared with or otherwise disclosed to any person or entity, including any person or entity inside or outside of Microsoft Corporation" other than certain enumerated persons.

57. The Confidentiality Agreement further provides that "Microsoft and its counsel reserve their rights to use [the Sony Agreement] in connection with a future dispute or litigation relating to the [SLA], **subject to an appropriate confidentiality agreement or court order that may be negotiated or otherwise entered**." [Emphasis added.]

58. Pursuant to the Confidentiality Agreement, on May 14, 2007, Immersion provided Microsoft with an unredacted copy of the Agreement between Immersion and Sony.

59. On June 18, 2007, Microsoft publicly filed its Original Complaint in this case. In its Original Complaint, Microsoft publicly disclosed confidential terms of the Sony Agreement that had never been publicly disclosed before Microsoft filed the Original Complaint.

60. Immersion is informed and believes that Microsoft obtained the confidential terms of the Sony Agreement disclosed in its Original Complaint from the Sony Agreement that Immersion provided to Microsoft under the terms of the parties' Confidentiality Agreement and only from such Sony Agreement.

61. Microsoft did not request or negotiate any confidentiality agreement nor obtain a court order to prevent the public disclosure of the confidential terms of the Sony Agreement contained in the Original Complaint before Microsoft's public filing of the Original Complaint. Immersion provided this information to Microsoft expressly in reliance on Microsoft's entering into the Confidentiality Agreement. Yet Microsoft filed this information publicly in violation of Microsoft's obligations under the parties' Confidentiality Agreement.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

62. On or about June 22, 2007, counsel for Immersion notified Microsoft that it had breached the Confidentiality Agreement and demanded that Microsoft take steps to remove the confidential financial terms of the Sony Agreement that Microsoft had disclosed publicly. In that letter, counsel for Immersion expressly referred Microsoft to the confidential financial terms of the Sony Agreement that Microsoft disclosed in paragraph 21 of the Original Complaint.

63. On June 25, 2007, Microsoft filed in this Court a Motion to Seal Original Complaint. However, at that point, confidential terms of the Sony Agreement had already been publicly disclosed. On the same day, Microsoft filed in this Court the Amended Complaint. The Amended Complaint is identical to the Original Complaint except that it omits the confidential financial terms of the Sony Agreement contained in paragraph 21 of the Original Complaint.

64. Microsoft's public disclosure of confidential terms of the Sony Agreement in the Original Complaint has harmed Immersion by, among other things, damaging Immersion's business relationships with current and prospective licensees.

### FIRST COUNTERCLAIM
**(Breach of Contract)**

65. Immersion repeats and realleges, as if set forth in full herein, paragraphs 49 through 64 above.

66. The Confidentiality Agreement constitutes a valid and binding contract between Immersion and Microsoft.

67. Immersion has fully performed all its obligations under the Confidentiality Agreement.

68. Microsoft breached the Confidentiality Agreement by, among other things, publicly disclosing confidential terms of the Sony Agreement in its Original Complaint, which Microsoft publicly filed without first negotiating a confidentiality agreement or obtaining a court order to seal, as required by the Confidentiality Agreement between Microsoft and Immersion.

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 11

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

69. As a direct and proximate result of Microsoft's breach of contract as alleged herein, Immersion has been damaged in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Immersion prays for judgment as follows:

1. That Microsoft's Amended Complaint be dismissed with prejudice and in its entirety;

2. That Microsoft take nothing by this action and that Immersion have judgment entered in its favor;

3. That the Court enter judgment in favor of Immersion on its Counterclaims;

4. That Immersion be awarded its attorneys' fees and costs of suit to the fullest extent allowed by law; and

5. For such other and further relief as may be just and proper.

DATED this 4th day of September, 2007.

                    BYRNES & KELLER LLP

                    By /s/ Jofrey M. McWilliam
                        Bradley S. Keller, WSBA #10665
                        Jofrey M. McWilliam, WSBA #28441
                        1000 Second Avenue, Suite 3800
                        Seattle, WA 98104-4082
                        Telephone: (206) 622-2000
                        Facsimile: (206) 622-2522
                        bkeller@byrneskeller.com
                        jmcwilliam@byrneskeller.com
                    *Attorneys for Defendant Immersion Corporation*

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 12

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 4th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J. Kundtz (pkundtz@riddellwilliams.com, ebastien@microsoft.com,
    mfriedmann@riddellwilliams.com, Steve.Aeschbacher@microsoft.com)
Blake Marks-Dias (bmarksdias@riddellwilliams.com,
    dhammonds@riddellwilliams.com)
Wendy E. Lyon (wlyon@riddellwilliams.com, mfriedmann@riddellwilliams.com)
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-3600
*Attorneys for Plaintiff*

/s/Jofrey M. McWilliam, WSBA #28441
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jmcwilliam@byrneskeller.com

IMMERSION CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (CV07 936RSM) - 13

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000