```
_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

      OCT 1 1 2007        DJ
                AT SEATTLE
         CLERK U.S. DISTRICT COURT
BY    WESTERN DISTRICT OF WASHINGTON
                             DEPUTY
```

## IN THE
## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASH. AT SEATTLE

| | |
|---|---|
| **MICROSOFT CORPORATION, A WASHINGTON CORPORATION**<br><br>Plaintiff/Petitioner<br><br>vs.<br><br>**IMMERSION CORPORATION, A DELAWARE CORPORATION**<br><br>Defendant/Respondent | Hearing Date: **10/12/2007**<br><br>CAUSE NO: **C07-0936RSM**<br><br>DECLARATION OF SERVICE OF:<br>**SUBPOENA DUCES TECUM** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **13th day of September, 2007, at 1:28 PM**, at the address of **2711 CENTERVILLE Road SUITE 400, WILMINGTON, New Castle** County, **DE 19808**; this declarant served the above described documents upon **SONY COMPUTER ENTERTAINMENT AMERICA,** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Mary Drummond, REGISTERED AGENT, Black, Female, Age 40's, 5'6", 130 lbs with brown hair.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Declarant hereby states under penalty of perjury under the laws of the State of **Washington** that the statement above is true and correct.

DATED this 4th day of October, 2007.

_____
Daniel Newcomb, Reg. # None in DE, New Castle, DE

FOR: Riddell, Williams, Et Al            ORIGINAL PROOF O
REF: 20363-411

**07-CV-00936-APPR**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | No. C07-0936RSM<br><br>**SUBPOENA DUCES TECUM** |

THE STATE OF WASHINGTON TO: SONY COMPUTER ENTERTAINMENT AMERICA INC. and SONY COMPUTER ENTERTAINMENT INC.

GREETINGS:

**YOU ARE COMMANDED TO PRODUCE** on or before October 12, 2007, at 9:00 a.m. at the offices of Riddell Williams P.S. all items, documents and/or materials as described in Exhibit A attached hereto, which are material to the establishment of the plaintiff's case in the above-captioned cause. If possible, please produce electronically stored documents on CDs in TIFF format. Along with the production, you may submit an invoice for reasonable copying costs.

SUBPOENA DUCES TECUM TO SONY COMPUTER
ENTERTAINMENT AMERICA INC (NO. C07-0936 RSM) - 1
4817-6049-8689.01
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

**Federal Rule of Civil Procedure 45(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated, electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

SUBPOENA DUCES TECUM TO SONY COMPUTER
ENTERTAINMENT AMERICA INC (NO. C07-0936 RSM)- 2
4817-6049-8689.01
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Federal Rule of Civil Procedure 45(d) Duties in Responding to Subpoena.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

SUBPOENA DUCES TECUM TO SONY COMPUTER
ENTERTAINMENT AMERICA INC (NO. C07-0936 RSM)- 3
4817-6049-8689.01
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

SUBPOENA DUCES TECUM TO SONY COMPUTER
ENTERTAINMENT AMERICA INC (NO. C07-0936 RSM)- 4
4817-6049-8689.01
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

**FAILURE TO COMPLY MAY BE CONSIDERED CONTEMPT OF COURT.**

DATED this 11th day of September, 2007.

RIDDELL WILLIAMS P.S.

By _____
Paul J. Kundtz, WSBA #13548
Blake Marks-Dias, WSBA #28169
Wendy E. Lyon, WSBA #34461
Attorneys for Plaintiff MICROSOFT
CORPORATION

SUBPOENA DUCES TECUM TO SONY COMPUTER
ENTERTAINMENT AMERICA INC (NO. C07-0936 RSM)- 5
4817-6049-8689.01
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3800

# EXHIBIT A

## Definitions

1.     **"Document"** shall mean any kind of written, printed, typed, recorded, electronic or graphic matter, however produced or reproduced, of any kind or description, whether sent, received or neither, including originals, all copies, and all drafts and both sides thereof, and including but not limited to: e-mail and other electronic documents, correspondence, records, tables, charts, papers, analyses, graphs, indexes, schedules, reports, memoranda, notes, diaries, logs, letters, telegrams, messages (including but not limited to, reports of telephone conversations and conferences), studies, books, pamphlets, periodicals, magazines, booklets, circulars, bulletins, instructions, minutes, other communications (including, but not limited to inter- and intra-office communications), contracts, memoranda of agreement, purchase agreements, security agreements, SEC filings, promissory notes, bills of sale, license agreements, assignments of intellectual property rights, letters of credit, financing statements, appraisals, tax statements, options to purchase, escrow agreements, orders, bills, checks, vouchers, books of account, financial statements, accounting records, notebooks, data sheets, data processing cards, wage statements, photographs, photographic negatives, sound recordings, video recordings, brochures, electronic mail, all data stored on any computer medium (e.g., hard drive, network, diskette), whether or not such data has ever been printed on paper, and all other written matter of any kind or any and all other data or compilation from which information can be obtained and translated. Each request for a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in or subject to, directly or indirectly, your possession, custody or control. In addition, each request should be considered as including all copies, versions and drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document, but not on the original or other copies of it).

2.     **"Communication"** shall mean any manner or form of information or message transmission, including any meeting, telephone call, video conference, conversation, letter, memorandum, or document, or other form of communication, whether verbal or nonverbal.

3.     **"You," "yours,"** and **"Sony"** shall mean Sony Corporation, Sony Computer Entertainment America Inc., Sony Computer Entertainment Inc., and each of their Affiliates as defined in the Immersion/Sony Agreement ¶1.2 or anyone acting on behalf of and/or with the acquiescence of such entities, their agents, representatives, attorneys, investigators, employees, and staff.

4.     **"Immersion"** shall mean Immersion Corporation, any related company (parent, subsidiary or other ownership relationship) and anyone acting on behalf of and/or with the acquiescence of Immersion Corporation, its agents, representatives, attorneys, investigators, employees, and staff.

5.     **"Microsoft"** shall mean Microsoft Corporation or anyone acting on behalf of and/or with the acquiescence of Microsoft Corporation, its agents, employees, staff, attorneys, or representatives, including but not limited to all subsidiaries of Microsoft Corporation.

6. **"Immersion/Sony Agreement"** shall mean that agreement between Immersion and Sony signed in or about March 2007.

7. **"Sublicense Agreement"** shall mean the agreement between Microsoft Corporation and Immersion Corporation bearing that title and effective July 25, 2003.

8. **"Sony Lawsuit"** shall mean the lawsuit between Immersion, Sony, Microsoft and other entitles, captioned *Immersion Corporation v. Sony Computer Entertainment America, Inc. et al.*, Case No. C-02-0710 CW (WDB), in the United States District Court for the Northern District of California.

9. **"Or"** includes and.

10. **"And"** includes or.

11. **"Date"** shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

12. **"Relating to"** means constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with or in any way pertaining to.

13. **"Permanent Injunction"** means the permanent injunction issued against Sony in the Sony Lawsuit on or about March 24, 2005.

14. **"Amended Judgment"** means the amended judgment entered by the Court in the Sony Lawsuit on or about April 7, 2007.

## Document Request

1. Produce all communications with Immersion relating to Immersion's settlement of the Sony Lawsuit with Microsoft.

2. Produce the Immersion/Sony Agreement, including all versions and drafts.

3. Produce all communications between you and Immersion relating to the Immersion/Sony Agreement; its language, terms and conditions; or language, terms and conditions proposed or considered for inclusion in it.

4. Produce all other documents relating to the Immersion/Sony Agreement; its language, terms and conditions; or language, terms and conditions proposed or considered for inclusion in it.

5. Produce all documents relating to the satisfaction and payment of the Amended Judgment, including all communications with the Courts and Immersion regarding that subject.

6. Produce all documents relating to the dismissal of your appeals of the Sony Lawsuit, including any motion or agreement filed with the appellate court pursuant to Fed. Rule Appellate Proc. 42, and all communications with the Courts and Immersion.

7. Produce all documents relating to the stipulation and proposed order dissolving the Permanent Injunction, including all versions and drafts of it, and all

communications with the Court and Immersion.

8. Produce all communications with Immersion relating to a possibility, risk or contention by Microsoft relating to Immersion making a payment to Microsoft or providing the Immersion/Sony Agreement to Microsoft, pursuant to the Sublicense Agreement.

9. Produce all other documents relating to a possibility, risk, or contention by Microsoft relating to Immersion making a payment to Microsoft or providing the Immersion/Sony Agreement to Microsoft, pursuant to the Sublicense Agreement.

10. Produce all documents reflecting any payments made by you to Immersion as a result of the Amended Judgment, the Immersion/Sony Agreement or any other agreement.

11. Produce all communications with Immersion relating to your attempts to settle, resolve or terminate the Sony Lawsuit with Immersion, including any mediation, whether successful or not.

12. Produce all other documents relating to your attempts to settle, resolve or terminate the Sony Lawsuit with Immersion, including any mediation or settlement communications, whether successful or not.

13. Produce all communications with Immersion relating to the press release attached to the Immersion/Sony Agreement as Exhibit A.

14. Produce all other documents relating to the press release attached to the Immersion/Sony Agreement as Exhibit A, including all versions and drafts.

15. Produce all communications between you and the media regarding the conclusion or termination of the Sony Lawsuit with Immersion or any subject addressed in the Immersion/Sony Agreement.

16. Produce all documents or communications relating to any meeting with Immersion (whether in person, over the phone or otherwise), and relating to payment of the Amended Judgment, concluding the Sony Lawsuit with Immersion, or to the Immersion/Sony Agreement, including but not limited to personal calendars, conference room schedule books, and phone records.

17. Produce all documents relating to Sony's option in ¶4.2 of the Immersion/Sony Agreement, including exercise of that option, whether or not that exercise has occurred.

18. Produce all documents or communications with Microsoft regarding the conclusion of the Sony Lawsuit between Immersion and Microsoft and Immersion and Sony.