The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. CV7-936RSM<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to FRCP 26(f) and Local Rule CR 16, counsel for all parties provide this Joint Status Report and Discovery Plan to the court:

1. <u>Nature and Complexity of the Case</u>

This is a breach of contract case.<u>Microsoft's Statement</u>

On February 11, 2002, Immersion filed a lawsuit against Microsoft and Sony in the Northern District of California, alleging that the defendants violated certain patents held by Immersion pertaining to forced feedback technology used in computer games. As part of a settlement between Microsoft and Immersion in that case, Immersion and Microsoft entered into a Sublicense Agreement, which provided *inter alia* that "in the event Immersion elects in its discretion to settle the

JOINT STATUS REPORT (CV7-936RSM) 1
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Sony Lawsuit . . ., Immersion would owe Microsoft certain sums. After Immersion obtained a verdict against Sony and while the case was on appeal before the Ninth Circuit, Immersion and Sony entered into an agreement, providing Sony with licenses for the Immersion technology, paying Immersion $22.5 million, and permanently releasing an injunction entered in the Sony lawsuit. Sony paid the outstanding judgment of approximately $92 million and stipulated to the dismissal of the appeal. Microsoft alleges that Immersion breached their Sublicense Agreement by (1) failing to make payments to Microsoft following Immersion's settlement with Sony; and (2) by violating the covenant of good faith and fair dealing by actively attempting to characterize its agreement with Sony as something other than a settlement. Immersion denies these allegations and also asserts a number of affirmative defenses.

Immersion's Statement

Microsoft's statement of the case does not fairly characterize the terms of the Microsoft-Immersion Sublicense Agreement or the Immersion-Sony agreement, and as a result does not present an accurate summary of the nature of this case. The Microsoft-Immersion Sublicense Agreement provided *inter alia* that "in the event Immersion elects in its discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony a Game Platform Sublicense," then Immersion would pay Microsoft an amount determined as set forth in the Sublicense Agreement. The Sublicense Agreement defines the "Sony Lawsuit" as "the action in the United States District Court for the Northern District of California entitled *Immersion Corporation v. Sony Computer Entertainment of America, Inc., Sony Computer Entertainment Inc., and Microsoft Corporation*, Northern District of California Case No. C02-00710 CW (WDB), as such action pertains to Sony." The Sony Lawsuit proceeded to final judgment in favor of Immersion, a judgment

JOINT STATUS REPORT (CV7-936RSM) 2
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Sony satisfied in full. Microsoft alleges that, under the Sublicense Agreement, it is owed a share of the proceeds Immersion received from the satisfaction of the final judgment against Sony, along with a share of other court-ordered payments to Immersion. Immersion denies Microsoft's allegations and also asserts a number of affirmative defenses.

Immersion has filed a counterclaim against Microsoft for breaching a Nondisclosure Agreement between Immersion and Microsoft by publicly disclosing confidential information in an Agreement between Immersion and Sony. Microsoft denies the counterclaim.

2. ADR Method

The parties prefer mediation before a mediator to be selected by agreement of the parties.

3. Mediation Scheduling

The parties are considering early mediation in this case. If early mediation does not occur or is not successful, the parties suggest that mediation be scheduled at some other appropriate time during the course of pre-trial proceedings.

4. Additional Parties

Neither Plaintiff nor Defendant intends to add any additional parties.

5. Proposed Discovery Plan

(a) Rule 26(f) conference and Rule 26(a) Initial Disclosures

The parties held an initial FRCP 26(f) conference on September 10, 2007. The parties exchanged their initial disclosures on October 25, 2007, pursuant to the Court's order of September 20, 2007.

JOINT STATUS REPORT (CV7-936RSM) 3
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

(b) Discovery Subjects

Discovery will focus on the nature, meaning and circumstances surrounding the Microsoft/Immersion Sublicense Agreement, Nondisclosure Agreement and other agreements, the Immersion/Sony Agreement, Microsoft's and Immersion's alleged damages, and Immersion's defenses and Counterclaim.

(c) Discovery Limitations

Microsoft's Statement

Microsoft proposes the following change to the court rules regarding discovery: Each party may conduct one deposition that shall be limited to two days and seven hours per day. This is consistent with King County Local Rule 26(d)(2). Microsoft believes that this minor change is necessary because (1) one of Immersion's witnesses, its CEO, is a critical witness who was the leading negotiator in two sets of complex transactions at issue in this case, and he has knowledge on all issues in the case, which will require at least two days of deposition to cover, (2) the amount in controversy is substantial, more than $27.5 million, and (3) Immersion and its counsel are experienced with commercial litigation and capable of responding to one two day deposition.

Immersion's Statement

Immersion proposes no changes to the court rules regarding discovery at this time. Immersion opposes Microsoft's proposal to conduct a two day, fourteen hour deposition of Immersion's CEO as contrary to the Federal Rules of Civil Procedure, premature and harassing. Microsoft's reliance on the Local Rules of the Superior Court for King County is misplaced. Naturally, the applicable rules of procedure are the Federal Rules of Civil Procedure, including the presumptive durational limit for depositions set forth in Rule 30. Fed. R. Civ. P. 30(d)(2). Moreover, the person that Microsoft has requested to depose at double length is

JOINT STATUS REPORT (CV7-936RSM) 4
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams p.s.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1  Immersion's CEO. Microsoft has not made the requisite showing of why fourteen
2  hours of deposition time with Immersion's CEO "is needed for a fair examination
3  of the deponent." *Id.* If, after conducting a seven-hour deposition, Microsoft
4  believes in good faith that it needs additional time with the witness, Microsoft can
5  at that point meet and confer and both the parties and the Court will be in a better
6  position to determine what is appropriate under the circumstances. It is not,
7  however, necessary at this time, in advance, to require the CEO of a public
8  company to sit for up to fourteen hours of deposition time.

9        (d)    Managing discovery

10  The parties agree to manage discovery issues in order to minimize the
11  necessary expense and time needed to complete discovery, including working to
12  informally schedule depositions.

13  The parties have agreed to preserve all relevant materials, including
14  electronically stored information ("ESI"). ESI will be produced in the following
15  format: Data (beginning and ending bates number and body text) in delimited
16  format with single page group TIFF images on CD-Rom, de-duplicated and
17  without metadata intact. The parties preserve the option to later request metadata
18  for particular documents, if such metadata is relevant and not privileged.

19        (e)    Protective Orders

20  This case involves sensitive trade secret and confidential business
21  information. The parties will prepare and present for the Court's approval an
22  agreed protective order.

23      6.    <u>Completion of Discovery</u>

24  Microsoft believes that discovery can be completed by March 1. Immersion
25  believes that the completion of discovery will take at least until June 30, 2008.
26

JOINT STATUS REPORT (CV7-936RSM) 5
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet
Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

7. Referral to Magistrate Judge

The parties do not agree to referral of this matter to a magistrate judge.

8. Bifurcation

The parties do not see a need for bifurcation of the action.

9. Pretrial Order

The parties propose that the pretrial order require the listing of witnesses and exhibits that the parties expect to present at trial, but not include the requirement that all contentions of the parties be set forth in the pretrial order.

10. Other Suggestions

The parties have no other suggestions at this time for the disposition of the case.

11. Trial Date

Microsoft requests that trial be scheduled for June, 2008 because this case was filed in June of 2007 and one year is sufficient time to prepare this case for trial. Immersion believes that a trial date in January, 2009 is more realistic in light of the likely length of pre-trial proceedings and that the parties are in the early stages of exchanging documents and discovery.

12. Jury Trial

This matter will be tried to a jury.

13. Length of Trial

The parties estimate that the trial will extend about 7-10 days.

14. Trial counsel

The plaintiff's lead trial counsel is expected to be Paul J. Kundtz of Riddell Williams P.S., Seattle, Washington. Defendant's lead trial counsel is expected to

JOINT STATUS REPORT (CV7-936RSM) 6
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

be Morgan Chu of Irell & Manella LLP, Los Angeles, California and Bradley S. Keller of Byrnes and Keller LLP, Seattle, Washington.

15. Service of Process

Service of process has been completed and is not challenged.

16. Further Scheduling Conference

The parties do not request a further scheduling conference at this time.

DATED this 31 day of October, 2007.

RIDDELL WILLIAMS P.S.

By *[signature]*
Paul J. Kundtz, WSBA #13548
pkundtz@riddellwilliams.com
Blake Marks-Dias, WSBA #28169
bmarksdias@riddellwilliams.com
Wendy E. Lyon, WSBA #34461
wlyon@riddellwilliams.com
Tel.: 206-624-3600
Fax: 206-389-1708

Attorneys for Plaintiff MICROSOFT CORPORATION

JOINT STATUS REPORT (CV7-936RSM) 7
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

By: *[signature]*

BYRNES & KELLER LLP
Bradley S. Keller, WSBA #10665
Jofrey M. McWilliam, WSBA #28441
1000 Second Avenue, Suite 3800
Seattle, WA 98104-4082
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com

IRELL & MANELLA LLP
Morgan Chu (mchu@irell.com)
Richard M. Birnholz (rbirnholz@irell.com)
Alan Heinrich (aheinrich@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for IMMERSION CORPORATION

JOINT STATUS REPORT (CV7-936RSM) 8
C:\Documents and Settings\pkundtz\Local Settings\Temporary Internet Files\OLK30\Joint Status Report - USDC (5).doc
103107/1512

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 31st day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Immersion Corporation:

Bradley S. Keller
Jofrey M. McWilliam
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104-4082
Phone: (206) 622-2000; Fax: (206) 622-2522
Email: bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com                and

Richard M. Birnholz
Morgan Chu
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Phone: (310) 277-1010; Fax: (301) 203-7199
Email: rbirnholz@irell.com
mchu@irell.com

as well as others on the CM/ECF notification list for this case.

Executed at Seattle, Washington this 31st day of October, 2007.

*[signature]*

Margaret R. Friedmann
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: mfriedmann@riddellwilliams.com

JOINT STATUS REPORT AND DISCOVERY PLAN
(2:07-cv-936 RSM) 9
4812-5495-9105.02
103107/1644/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600