The Hon. Ricardo S. Martinez
Noted on Motion Calendar: 1/25/2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICROSOFT CORPORATION, a
Washington corporation,

Plaintiff,

v.

IMMERSION CORPORATION, a
Delaware corporation,

Defendant.

NO. CV7-936RSM

**MICROSOFT'S MOTION TO
DISQUALIFY IRELL & MANELLA
LLP FOR VIOLATION OF
WASHINGTON'S RULE OF
PROFESSIONAL CONDUCT 3.7**

Under the well-established rule that an attorney may not act as both an advocate and a witness, plaintiff Microsoft Corporation ("Microsoft") respectfully seeks an order disqualifying the law firm of Irell & Manella LLP ("Irell & Manella") from representing defendant Immersion Corporation ("Immersion") in this case.

The primary issue in this case is whether or not Immersion settled a patent lawsuit against Sony Computer Entertainment Inc. and Sony Computer Entertainment America, Inc. (collectively, "Sony"), which triggered certain payment obligations for Immersion to Microsoft. The Irell & Manella lawyers represented Immersion in the negotiations that led to a settlement of that case, participated in the drafting the settlement agreement between Immersion and Sony, and took

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 1
4843-4506-3938.03
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Dockets.Justia.com

several actions to attempt to disguise that agreement so that it not appear as a settlement agreement. The recent deposition testimony of the lead negotiator for Sony reveals that at least one of the Irell & Manella attorneys who have appeared in this case was the architect of Immersion's efforts to avoid its obligations to Microsoft and is therefore a necessary and material witness to this case. According to her testimony, at the time of negotiations between Immersion and Sony, the Irell & Manella attorney told Sony's representatives not to refer to the agreement as a settlement agreement (even though both parties' drafts of the document did so), that the agreement had to be structured in a way to attempt to avoid Immersion's obligations to Microsoft, and that the Irell & Manella attorney and the Sony in-house lawyer would be deposed in subsequent litigation with Microsoft.

The court should disqualify the Irell & Manella firm because its lawyers are material witnesses in this case, who will be deposed and will testify at trial. There is no prejudice to Immersion because it has other highly skilled counsel representing it in this case, and the case is still in the early stages.

## I. STATEMENT OF FACTS

A.  Immersion Agreed To Pay Microsoft Certain Amounts Following Its
    Settlement With Sony

On February 11, 2002, Immersion filed a lawsuit against Sony and Microsoft in the U.S. District Court for the Northern District of California, alleging that the defendants violated certain patents held by Immersion (the "Sony Lawsuit"). *Declaration of Blake Marks-Dias ("Marks-Dias Decl."), Ex. A.*

On July 25, 2003, Immersion settled its claims against Microsoft by executing several agreements, including a Sublicense Agreement ("SLA"). *Marks-Dias Decl, Ex. B.* The SLA provides that if Immersion settles the Sony Lawsuit

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 2
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

with Sony for an amount up to $100,000,000, Immersion shall pay Microsoft the sum of $15,000,000. *Id., Section 2(e).* If Immersion settles the Sony Lawsuit for an amount between $100,000,000 and $150,000,000, Immersion shall pay Microsoft an additional amount equal to 25% of the amount of the settlement in excess of $100,000,000. *Id.* If Immersion settles the Sony Lawsuit for an amount in excess of $150,000,000, Immersion shall pay Microsoft an additional amount equal to 17.5% of the amount of the settlement in excess of $150,000,000. *Id.*

Under the terms of the SLA, settlement amounts are defined broadly to include: "all amounts, including all royalty payments and upfront, annual or other license fees (regardless of when received), received by Immersion on account of any license, release, freedom from suit or similar consideration granted by Immersion to Sony in respect of the Licensed Patents, . . . including any agreement, license, sublicense, option, investment, or other transaction associated with such settlement . . . ." *Id.* The parties thus agreed that Microsoft would be paid even if the settlement took many different forms.

B.    The Immersion/Sony Settlement

After the Microsoft settlement, Immersion continued to litigate its patent case against Sony. On September 21, 2004, Immersion obtained a verdict against Sony in the amount of $82,000,000. *Marks-Dias Decl., Ex. C.* The trial court later awarded Immersion $8,703,608 in prejudgment interest and costs. *Id., Ex. D.*

On March 24, 2005, the trial court issued a permanent injunction, prohibiting Sony from "manufacturing, using, and/or selling in, or importing into, the United States the infringing Sony Playstation system, including its Playstation consoles. . . ." *Id., Ex. E.*

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 3
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

In response to Sony's post-trial motions, the trial court stayed enforcement of the judgments and the permanent injunction, indicating that the court believed that Sony had strong arguments on appeal. *Id., Ex. E.* However, the court ordered that Sony pay interim compulsory license fees pending the appeal, which eventually totaled approximately $31 million. *Id., Ex. F.* On February 9, 2005 and June 16, 2005, Sony filed its appeals of the verdict and the amount of the interim compulsory license fees. *Id., Exs. G and H.*

In December 2006 and January 2007, Immersion and Sony exchanged settlement proposals. *Id., Exhibits I and J.* Immersion's settlement proposal is entitled, "Confidential Settlement Communication." Every page of it states that it is a "Confidential Settlement Communication." It contains an outline of settlement terms adopted later in the written agreement between them. Likewise, every page of Sony's settlement proposal is stamped "Confidential Settlement Communication." Sony's settlement proposal accepts several of the primary settlement terms of the Immersion proposal, and contains terms similar to the final agreement between the parties. *Id.*

During February 2007, Immersion and Sony exchanged numerous drafts of their agreement. The drafts contained all of the terms of the final agreement, including terms that would resolve the Sony Lawsuit, pay the outstanding judgment, provide mutual releases, dissolve the permanent injunction and provide Sony with a license to Immersion's technology which was the subject of the litigation. *See, e.g., Id., Ex. K.* All of the pages of each of these drafts were stamped "Confidential, For Settlement Purposes Only." *Id.*

Irell & Manella was deeply involved in these intense settlement negotiations between Immersion and Sony. *Deposition of Jennifer Liu ("Liu Dep.") (attached as Exhibit L to the Marks-Dias Decl.), p. 76, lines 2-5 (76:2-5).* The settlement

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 4
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  discussions between Immersion and Sony were most intense in the two weeks

2  leading up to the execution of the parties' agreement. *Liu Dep., 74:11-25, 75:1-2.*

3  These discussions included all-day meetings and negotiations with various party

4  representatives and attorneys, including Irell & Manella attorney Richard Birnholz

5  ("Birnholz"). *Id., 75:3-14.* Several of the nights the settlement participants stayed

6  up until past 2 a.m., and on the last night of the negotiations, the participants were

7  up all night. *Id., 79:11-19.* During these settlement negotiations, Sony and

8  Immersion representatives, including Irell & Manella attorneys, discussed and

9  agreed upon material terms of the settlement, including the satisfaction of the

10  amended judgment, release of the permanent injunction, and the dismissal of the

11  appeals. *Id., 90:8-35, 91, 92:1-6, 93:17-25, 94:1-14, 96:23-25, 97, 98:1-9, 109:8-*

12  *25, 113:1-25, 114:1-3, 14-21, 116:19-25, 117, 118:1-9.*

13      On March 1, 2007, Sony and Immersion executed the final version of the

14  settlement agreement ("Immersion/Sony Agreement"). *Marks-Dias Decl., Ex. M.*

15  In every respect the Immersion/Sony Agreement is a settlement agreement and

16  certainly constitutes a "settlement" under the broad definition of that term in the

17  SLA.

18  C.  Immersion and Irell & Manella's Efforts to Recast Immersion's Settlement
        with Sony Into Something Other Than a Settlement

19      One of the more unusual characteristics of the Immersion/Sony agreement

20  is its reference to certain events as having already occurred, when in fact they had

21  not at the time the agreement was signed. For example, the Recitals section of

22  the agreement refers to Sony's appeals as having been dismissed. In fact, the

23  appeals were not dismissed until more than two weeks later, on March 19, 2007.

24  *Marks-Dias Decl., Ex. N.* The Recitals also refer to the Amended Judgment in

25  favor of Immersion as having been satisfied. It too was not satisfied until March

26

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 5
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

19, 2007. *Marks-Dias Decl., Ex. O.* Birnholz was a key drafter of the Immersion/Sony Agreement, including the section related to the covenant not to enforce the permanent injunction. *See Marks-Dias Decl., Ex. P* (February 27, 2007 email from Birnholz to Sony's outside counsel, proposing language related to covenant not to enforce permanent injunction); *Liu Dep., 76:2-5.*

This odd structure was deliberate. Instead of making key elements of consideration for the settlement (*i.e.,* dismissal of Sony's appeals, release of the permanent injunction, and release of funds to satisfy the amended judgment) more explicitly part of the written agreement, they were hidden in other parts of the agreement, including the terms regarding the Effective Date and the Recitals. There were also oral discussions and agreements between Sony and Immersion, including Irell & Manella attorneys, to satisfy all of those elements following the execution of the Immersion/Sony Agreement. *Liu Dep., 109:8-25.*

One of the oral agreements was that instructions had to be delivered to the escrow agent to release funds to Immersion before the stipulation to dissolve the permanent injunction would be entered with the court. *Id., 113:1-5.* To have some assurance that Immersion would hold up its end of the bargain, Sony asked Immersion to sign the stipulation to dissolve the permanent injunction before the funds would be released to Immersion. *Id., 113:14-24, 114:1-3; see also Marks-Dias Decl. Ex. Q* (March 15, 2007 email from Jennifer Liu to Richard Birnholz, asking Birnholz to give the "thumbs up" to file the stipulation to dissolve the permanent injunction following instructions to escrow agent to release funds to Immersion). Irell & Manella attorneys were parties to this agreement. *Id.*

In connection with the Immersion/Sony written agreement, Sony and Immersion also discussed and agreed that Sony's appeals would be dismissed following execution of the Immersion/Sony Agreement. *Id., 117:19-25, 118:1-9;*

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 6
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1 | *see also Marks-Dias Decl., Ex. R* (March 16, 2007 email from Birnholz to escrow

2 | agent, indicating that Sony's appeals have been dismissed, and requesting that

3 | wire transfer to Immersion be initiated immediately).

4 | There were three lawyers involved in these oral agreements between

5 | counsel: Jennifer Liu (in-house counsel at Sony); Laura Peter (in-house counsel

6 | at Immersion) and Birnholz. *Liu Dep.., 110:5-10.*

7 | Birnholz's efforts to hide the true nature of the Immersion/Sony Agreement

8 | were calculated to try to circumvent Immersion's obligations to Microsoft under the

9 | SLA. Birnholz represented Immersion in the Sony Lawsuit when Microsoft was a

10 | party, and the evidence will show that he was familiar with the terms of the SLA,

11 | which contained Immersion's payment obligations to Microsoft. During the

12 | settlement negotiations between Sony and Immersion, Birnholz told Sony's

13 | counsel that Immersion wanted the Immersion/Sony Agreement to be structured

14 | in the above-described manner because of obligations Immersion had to

15 | Microsoft. *Liu Dep., 137:4-25, 138, 139, 140:1-6.* This requested arrangement

16 | was communicated by Birnholz to Sony early on in the settlement negotiations.

17 | *Id.*

18 | Birnholz and Immersion took great pains to avoid the "S" word, both within

19 | the Immersion/Sony Agreement, and when discussing the agreement. *Liu Dep.,*

20 | *144:19-25.* Toward the end of the settlement negotiations, Birnholz told Sony's in-

21 | house counsel, Jennifer Liu, to avoid the word "settlement" in Sony's internal

22 | documentation of the Immersion/Sony Agreement and even warned her that she

23 | and he would be deposed on the subject in a later lawsuit between Microsoft and

24 | Immersion. *Id., 145:24-25, 146:1-16, 147:8-16.* In addition to attempting to alter

25 | material evidence, Birnholz's statement is an admission that he is a necessary

26 | witness.

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 7
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

On March 1, 2007, the same day upon which they executed the Immersion/Sony Agreement, Immersion and Sony publicly announced that they had "agreed to conclude their patent litigation," and released the basic terms of the only agreement reached that day, the Immersion/Sony Agreement. *Marks-Dias Decl., Ex. S.* After the announcement, Immersion took the position that it did not settle the Sony Lawsuit and did not owe Microsoft any money under the SLA. Microsoft filed this lawsuit on June 18, 2007 to enforce the SLA.

D.    Irell & Manella's Continued Representation in the Face of Its Violation of Well-Established Rules Prohibiting Serving as Both Counsel and Witness

On August 4, 2007, Bradley Keller and his law firm, Byrnes & Keller LLP, appeared on behalf of Immersion. On September 19, 2007, the Irell & Manella firm appeared as co-counsel.[1] At that time, Microsoft was not aware of Irell & Manella's extensive involvement in the Immersion/Sony settlement negotiation and drafting. On October 19, 2007, shortly after Sony produced documents reflecting some of that involvement, Microsoft's counsel wrote to Birnholz, noting Microsoft's objection to Irell & Manella's continued representation of Immersion in light of its conflict. *Id., Ex. T.* To date, Irell & Manella has not responded and continues to act as attorneys for Immersion in this case. The extent of Birnholz's involvement became even more apparent during the deposition of Sony in-house counsel, Jennifer Liu, on December 20, 2007.

## II. AUTHORITY AND ARGUMENT

Washington's Rules of Professional Conduct apply to the question of whether an attorney should be disqualified for acting as both an advocate and a witness in a case pending in the State of Washington. *See* Local Rule GR 2(e)(2). Both Washington's Rule of Professional Conduct 3.7 and the ABA's

---

[1] Under the court rules, local counsel shall "be prepared to handle the matter, including the trial thereof . . ." Local Rule GR 2(d).

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 8
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Model Rule of Professional Conduct 3.7 prohibit an attorney from acting as an advocate where he or she is likely to be a necessary witness. *See, e.g., State v. Nation,* 110 Wn. App. 651, 41 P.3d 1204 (2002) (an attorney must withdraw when it is likely he or she will present testimony related to substantive contested matters).

The prohibition is not limited to cases in which the attorney will give testimony on behalf of his client; it applies when any party will call the attorney as a necessary witness. Rules of Prof. Conduct, Rule 3.7; *State v. Schmitt,* 124 Wn. App. 662, 102 P.3d 856 (2004) (deputy prosecuting attorney disqualified where defendant intended to rely on attorney's testimony to establish his defense); *Weigel v. Farmers Ins. Co., Inc.,* 356 Ark. 617, 158 S.W.3d 147 (2004). The ethical restrictions on an attorney's testimony are designed to minimize confusion among jurors about the attorney's role in the courtroom, and to minimize potential conflicts of interest between attorney and client. *See* Annotated Model Rules of Professional Conduct, Rule 3.7 (ABA, 5th ed.). "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Official Comment, Wash. Rules of Prof. Conduct 3.7.

Irell & Manella attorneys, and Birnholz in particular, are necessary witnesses regarding the core issue in this case: whether or not Immersion settled its lawsuit with Sony. Irell & Manella's thumbprint is all over the Immersion/Sony settlement agreement and the efforts to cover up the true nature of that agreement. Birnholz played a major role in orchestrating Immersion's efforts to discuss the settlement, including, but not limited to:

- Drafting, negotiating and revising key provisions of the Immersion/Sony Agreement;

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 9
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

- Constructing the Immersion/Sony Agreement in a manner to attempt to hide key elements of consideration for the parties' settlement;

- Developing an oral understanding regarding the nexus between the Immersion/Sony Agreement on the one hand, and the dismissal of Sony's appeals, payment to Immersion, and dissolving the permanent injunction against Sony on the other hand;

- Ensuring that the word "settlement" did not appear in the text of the Immersion/Sony Agreement;

- Requesting that Sony not use the word "settlement" in its internal and external communications related to the Immersion/Sony Agreement;

- Advising Sony that Immersion's efforts to hide the nature of the agreement were related to Immersion's obligations to Microsoft; and,

- Warning Sony witnesses that they may be deposed in future litigation between Microsoft and Immersion.

Birnholz is a primary witness in this case. Microsoft is entitled to and will depose Birnholz and other Irell & Manella attorneys to prove its claim that Immersion and Sony settled the lawsuit, and that Immersion breached its covenant of good faith and fair dealing by attempting to avoid its obligations under the SLA. Their testimony is necessary in part because Immersion's counsel at Irell & Manella was the architect of the efforts to hide the true nature of the settlement. In addition, Immersion will need to call Birnholz to testify to attempt to respond to the testimony of Jennifer Liu discussed above. Therefore, Irell & Manella's continued role as counsel is inappropriate. *See, e.g., Korfmann v. Kemper Nat. Ins. Co.*, 258 A.D.2d 508, 685 N.Y.S.2d 282 (1999) (plaintiff's attorney, who was involved in underlying negotiations with insurance company,

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 10
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  was an essential witness in bad faith action and thus should have been

2  disqualified).

3      In determining whether or not to disqualify counsel, the Court has some

4  discretion to allow counsel to remain if disqualification would work a substantial

5  hardship on the client. Wash. Rules of Prof. Conduct 3.7(a)(3). Here, no

6  substantial hardship would result. Immersion is currently represented in this

7  action by Irell & Manella and the Seattle law firm of Byrnes & Keller. If Irell &

8  Manella is disqualified, Immersion will continue to be represented by competent

9  counsel who is already familiar with the case. Also, this case is in the early

10  stages. Only part of one deposition has been taken, and no substantive motions

11  have been filed. Finally, this motion is no surprise to Immersion. Immersion and

12  its counsel knew of Irell & Manella's involvement in the settlement discussions

13  with Sony. Indeed, even before this lawsuit was filed, Birnholz anticipated that

14  this case would be filed and he would be deposed in it.

15              III. CONCLUSION

16      This case centers on whether or not Immersion settled its patent litigation

17  with Sony. Despite the overwhelming evidence that there was a settlement,

18  Immersion disputes this, and claims that the Immersion/Sony Agreement is a "new

19  business agreement" separate and independent of the Sony Lawsuit—even

20  though it was contingent upon the dismissal of the appeals, the dissolution of the

21  permanent injunction, and fully resolved all issues regarding licensing for the

22  patents in suit. As a result, persons who negotiated and drafted that agreement,

23  including the Irell & Manella attorneys, are material witnesses. Because counsel

24  may not act as both a witness and an advocate, Irell & Manella's representation of

25  Immersion in this lawsuit is inappropriate and should be terminated.

26

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 11
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1   DATED January 10, 2008.

2                           RIDDELL WILLIAMS P.S.

3

4                           By _____
5                              Paul J. Kundtz, WSBA #13548
                               pkundtz@riddellwilliams.com
6                              Blake Marks-Dias, WSBA #28169
                               bmarksdias@riddellwilliams.com
7                              Wendy E. Lyon, WSBA #34461
                               wlyon@riddellwilliams.com
8                           Phone: (206) 624-3600; Fax: (206) 389-1708
                            Attorneys for Plaintiff Microsoft Corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 12
4843-4506-3938.03
010908/1018/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I, Donna Hammonds, declare as follows:

I am over 18 years of age and a citizen of the United States. I am employed as a legal secretary by the law firm of Riddell Williams P.S.

On the date noted below I electronically filed the foregoing document titled

**MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA LLP FOR VIOLATION OF WASHINGTON'S RULE OF PROFESSIONAL CONDUCT 3.7**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Immersion Corporation:

| | |
|---|---|
| Bradley S. Keller<br>Jofrey M. McWilliam<br>Byrnes & Keller LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104-4082<br>Phone: (206) 622-2000<br>Fax: (206) 622-2522<br>Email: bkeller@byrneskeller.com<br>jmcwilliam@byrneskeller.com | Richard M. Birnholz<br>Morgan Chu<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Phone: (310) 277-1010<br>Fax: (301) 203-7199<br>Email: rbirnholz@irell.com<br>mchu@irell.com |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington this 10th day of January, 2008.

Donna Hammonds
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: dhammonds@riddellwilliams.com

MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA
Cause No. CV7-936RSM - 13
4843-4506-3938.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600