The Hon. Ricardo S. Martinez
Noted on Motion Calendar: 1/25/2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

IMMERSION CORPORATION, a Delaware corporation,

Defendant.

No. CV7-936RSM

**REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY IRELL & MANELLA LLP FOR VIOLATION OF WASHINGTON'S RULE OF PROFESSIONAL CONDUCT 3.7**

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM)
4835-7056-6658.02
012508/1415

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Dockets.Justia.com

Immersion offers **no evidence** to rebut the key role played by Richard Birnholz in negotiating and drafting the Immersion/Sony Agreement—the event giving rise to Microsoft's claims in this case. Irell & Manella's role in negotiating and drafting the Immersion/Sony Agreement is in tension with Immersion's position in this case. Under this circumstance, Washington rules require disqualification of the entire firm. At the bare minimum, ethical rules require the disqualification of any Irell & Manella attorney, such as Mr. Birnholz, who represented Immersion in its settlement with Sony.

## I. BIRNHOLZ IS A MATERIAL WITNESS

Compelling circumstances requiring disqualification exist where (1) an attorney will give evidence material to the determination of the issues being litigated, (2) the evidence is unobtainable elsewhere, and (3) the testimony is or may be prejudicial to the testifying attorney's client. *See P.U.D. No. 1 v. Int'l Ins. Co.*, 124 Wn.2d 789, 812, 881 P.2d 1020 (1994). Birnholz's testimony meets this criteria. First, his testimony is material to determining whether or not Immersion settled with Sony, the primary issue in this case.

Second, Birnholz's testimony, and the details behind his strategy to attempt to structure the Immersion/Sony Agreement to avoid Immersion's obligations to Microsoft, is "unobtainable elsewhere." Immersion's characterization of Birnholz as simply one of many attendees completely ignores the Liu testimony and the documents which establish that Birnholz was one of the primary drafters and negotiators of the Immersion/Sony Agreement. *See also Deposition of Jennifer Liu ("Liu II Dep.) (attached as Exhibit 1 to Marks-Dias Reply Decl.)*, 77:19-25, 78:1-14. No other witnesses made the statements and actions attributable to Birnholz.

Third, Birnholz's undisputed role includes warnings about the need to avoid using the word "settlement" in documents related to the Immersion/Sony Agreement, statements to Sony about Immersion's obligations to Microsoft, and statements about the reasons for the deliberately odd structuring of the Immersion/Sony Agreement. Sony's

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 1
4835-7056-6658.02
012508/1415

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

lead negotiator, Jennifer Liu, recently provided deposition testimony which further expands upon Birnholz's significant role in the negotiations and the import of his testimony on the issue of whether or not Sony and Immersion settled.[1] For example, Ms. Liu further explained that when Mr. Birnholz was describing why he created the unusual structure for the Immersion/Sony Agreement, he stated that structuring the agreement in this manner was worth "something like $14 to $15 million to Immersion." *Id.*, 121:9-25, 122:1-5; 124:20-24. $15 million is the amount of Immersion's minimum obligation to Microsoft if Immersion settles with Sony. Birnholz's role, and any testimony surrounding it, "is or may be prejudicial to [Immersion]," because it demonstrates that the Immersion/Sony Agreement was a settlement and Immersion tried to hide that fact to avoid its obligation to Microsoft.

Birnholz's role meets the three criteria for disqualification. *P.U.D. No. 1, supra.*

## II. DISQUALIFICATION OF THE ENTIRE IRELL & MANELLA FIRM IS WARRANTED

Relying on the permissive language contained in RPC 3.7(b), Immersion argues that non-witness attorneys at Irell & Manella should be allowed to continue representing Immersion. However, where one or more attorneys in a law firm are witnesses, others in the firm may only be allowed to continue to represent the client if the attorney-witness's testimony does not create a conflict of interest. "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness <u>unless precluded from doing so by Rule 1.7 or Rule 1.9</u>." RPC 3.7(b) (emphasis added).

Birnholz's role in the underlying Sony transaction creates a conflict under Rule 1.7, which prohibits representation of a client when a conflict of interest is present. *See*

---

[1] Immersion complains that Ms. Liu's deposition was not set to continue until January 23, a day after the deadline for Immersion's response brief. This is a red herring. Ms. Liu's deposition testimony could hardly have been worse for Immersion, indeed she reiterated that the Immersion/Sony Agreement was a settlement. *Liu II Dep.* 147:9-15 If Immersion believes Ms. Liu provided any helpful testimony at her continued deposition, Microsoft invites Immersion to provide that testimony for the Court's consideration.

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 2
4835-7056-6658.02
012508/1415

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

*also* RPC 3.7 Official Comment 6 (attorney's testimony which may be prejudicial to client's interests creates a conflict); *United States v. Bin Laden*, 91 F.Supp.2d 600 (S.D.N.Y. 2000) ("As the ethical rules . . . have long recognized, the roles of an advocate and of a witness are inconsistent"). Birnholz's testimony conflicts with Immersion's interests. Birnholz's role in the underlying Sony settlement included the following undisputed acts: drafting, negotiating and revising key provisions of the Immersion/Sony Agreement; constructing the Immersion/Sony Agreement in a manner to attempt to hide key elements of consideration for the parties' settlement; developing an oral understanding regarding the nexus between the Immersion/Sony Agreement on the one hand, and the dismissal of Sony's appeals, payment to Immersion, and dissolving the permanent injunction against Sony on the other hand; ensuring that the word "settlement" did not appear in the text of the Immersion/Sony Agreement; requesting that Sony not use the word "settlement" in its internal and external communications related to the Immersion/Sony Agreement; advising Sony that Immersion's efforts to hide the nature of the agreement were related to Immersion's obligations to Microsoft; and, warning Sony witnesses that they may be deposed in future litigation between Microsoft and Immersion. *See* Microsoft's Motion, pp. 5-8.

Birnholz's testimony, if even remotely consistent with Ms. Liu's account and the documents produced so far, will be inconsistent with Immersion's argument that the Immersion/Sony Agreement is something other than a settlement. A law firm cannot represent a client while one of its attorneys will offer testimony contrary to the interests of that client. RPC 3.7(b)

If, on the other hand, Birnholz's testimony differs substantially from Ms. Liu's account, then he would be ethically required to provide that testimony in response to motions and at trial. This would put him and his colleagues at Irell & Manella in the unseemly and indelicate position of vouching for Birnholz's credibility. *Keoseian v. Von*

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 3
4835-7056-6658.02
012508/1415

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

*Kaulbach*, 707 F. Supp. 150, 154 (S.D.N.Y. 1989) (advocate-witness rule is concerned with "protecting the legal profession as a whole from the unseemly public image it engenders").

### III. BIRNHOLZ AND IRELL & MANELLA SHOULD BE DISQUALIFIED IMMEDIATELY

The conflict inherent in Irell & Manella's continued representation, discussed above, provides grounds for immediate disqualification. Immediate disqualification is further warranted for at least two additional reasons.

First, "[t]he lawyer's own interests should not be permitted to have an adverse effect on representation of a client. For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." RPC 1.7, Official Comment 10. Irell & Manella's ability to offer objective advice in this action is tainted by the fact that Irell & Manella attorneys created and therefore have an interest in Immersion's strategy to avoid its obligations to Microsoft. This poses a disadvantage to Immersion, who has a justified expectation that its counsel will provide objective advice. This also poses a disadvantage to Microsoft, who should be able to litigate against, and engage in alternative dispute resolution with, an adversary receiving realistic and untainted advice about the merits of its case.

Second, immediate disqualification is warranted by the prejudice inherent in allowing a key witness in the case to cross-examine other fact witnesses during the course of depositions. Even when counsel will not take the witness stand, his cross-examination may contain unsworn testimony about his version of a conversation or events that the opposing party may not be able to effectively impeach. *See United States v. Assoc'd Convalescent Enters.*, 766 F.2d 1342, 1345 (9th Cir. 1985). An attorney who becomes an unsworn witness by virtue of cross-examining other witnesses must be disqualified. *U.S. v. Congi*, 420 F. Supp. 2d 124, 128-29 (W.D.N.Y. 2005).

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 4
4835-7056-6658.02
012508/1415

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Birnholz's conduct during the deposition of Ms. Liu highlights the problems associated with legal counsel serving both as witness and advocate. During Microsoft's questioning of Ms. Liu, Birnholz represented Immersion and made numerous "coaching" objections, answered questions himself, and even encouraged Sony's counsel to insert improper objections to prevent Microsoft's counsel from discovering Birnholz's role in the relevant negotiations and drafting. For example, when Ms. Liu identified an oral agreement between Birnholz and counsel for Sony during the settlement negotiations, the following exchange occurred:

> Q. Is that the same agreement between counsel that we were talking about before or is it a related one?
>
> A. It's either the same or related.
>
> Mr. Birnholz: That's wrong. It's talking about the escrow instructions.

*Liu I Dep.*, 133:21-25, 134:1; *see also, e.g., Liu II Dep.*, 134:22-25; 135:1-2.

Such comments during the course of a deposition are inappropriate in general. They are particularly egregious when the lawyer making the statements is a fact witness, about whom the deposition witness is testifying.

During several occasions, Birnholz encouraged Sony to assert meritless work-product objections to prevent Ms. Liu from testifying. *Id.*, 31:13-14; *Tubar v. Clift*, 2007 WL 30872 (W.D.Wash. 2007). Birnholz even threatened to retaliate against Sony and its witness if the Sony witness answered questions which Mr. Birnholz contended were privileged communications. *Id.*, 132:2-132:11. Birnholz repeated these comments so many times that Sony's counsel had to inform Birnholz that Sony and its counsel were capable of making their own objections. *Id.*, 157:9-12.

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 5
4835-7056-6658.02
012508/1415

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## IV. IMMERSION'S ARGUMENTS REGARDING LIABILITY ARE: IRRELEVANT TO THIS MOTION, UNFOUNDED, AND HIGHLIGHT THE NEED FOR BIRNHOLZ'S TESTIMONY

Immersion suggests that Microsoft's rights under the Sublicense Agreement ("SLA") expired after 24 months. This is expressly contradicted by Section 2(e) of the SLA, which provides in the operative sentence "and regardless of whether such Immersion settlement occurs during or after the twenty-four (24) month period following the Effective Date." *Marks-Dias Decl.*, Ex. B.

Immersion itself recognized its obligation to Microsoft after the expiration of the 24 months. In all of its financial statements and SEC filings from the time of the Microsoft settlement until the Sony Settlement, including almost two years after the expiration of the 24-month period, Immersion explicitly disclosed its $15 million plus obligation to Microsoft. *See, e.g., Marks-Dias Reply Decl.*, Ex. 2. If Immersion thought that Microsoft's rights expired, it would not have made these statements under oath to the SEC and to Immersion's investors.

Immersion also argues that the Immersion/Sony Agreement did not expressly require either the satisfaction of the amended judgment or the dismissal of Sony's appeals. This merely feeds Microsoft's argument concerning the odd structure of the agreement (designed by Birnholz) and Immersion's attempts to hide key elements of consideration.[2] It also underscores the need to depose witnesses involved in the negotiation and drafting of the Immersion/Sony Agreement in order to get at its true purpose and effect. Immersion would have Microsoft and the Court believe that Sony simply paid Immersion $82 million plus and dismissed its appeals without any consideration. But, as common sense, the documents, and the Liu deposition testimony

---

[2] Recall that these events were described in the Recitals as having already occurred, when they had not yet occurred. On one of the several draft settlement agreements between Immersion and Sony, Ms. Liu noted this oddity and provided the following comment: "[L]et's discuss. I'm not clear on the timing of how this will work." *See Marks-Dias Decl.*, Ex. K, IMRMS00000212.

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 6
4835-7056-6658.02
012508/1415

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

all make clear, the dismissal of Sony's appeals and payment of the amended judgment were directly linked to the parties' agreement to settle the dispute. Birnholz structured this agreement and is a key part of this story. *See Liu testimony, supra.*

Immersion fails to mention the dissolution of the permanent injunction against Sony, which, if left in place, would have precluded Sony from manufacturing or selling "the infringing Playstation system." *Marks-Dias Decl.*, Ex. E. Dissolving the permanent injunction was a necessary prerequisite to Sony paying any money to Immersion in a settlement. *See* Microsoft's Motion at 6 (citing Liu testimony and emails to and from Birnholz). Birnholz was a central figure in this settlement-related agreement. *Id.*

The covenant of good faith and fair dealing obligates parties to cooperate with each other so that each side may obtain the full benefit of performance. *Cavell v. Hughes*, 29 Wn. App. 536, 629 P.2d 927 (1981). Microsoft claims that Immersion's attempt to disguise the Immersion/Sony Agreement as something other than a settlement violates the covenant of good faith and fair dealing. Birnholz's testimony is directly relevant to that claim as well.

For all of these reasons, Microsoft's motion should be granted.

DATED this 25th day of January, 2008.

RIDDELL WILLIAMS P.S.

By /s/ B. Marks-Dias
Paul J. Kundtz, WSBA #13548
Blake Marks-Dias, WSBA #28169
Wendy E. Lyon, WSBA #34461
Attorneys for Plaintiff MICROSOFT CORPORATION

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 7
4835-7056-6658.02
012508/1415

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley S. Keller
Jofrey M. McWilliam
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104-4082
Phone: (206) 622-2000; Fax: (206) 622-2522
Email: bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com

A copy of this document has also been served via U.S. Mail and email on the following counsel who have filed applications to appear Pro Hac Vice in this matter:

Richard M. Birnholz
Alan J. Heinrich
Morgan Chu
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Phone: (310) 277-1010; Fax: (301) 203-7199
Email: rbirnholz@irell.com
aheinrich@irell.com
mchu@irell.com

Executed at Seattle, Washington this 25th day of January, 2008.

*/s/ Donna Hammonds*
Donna Hammonds
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: dhammonds@riddellwilliams.com

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO DISQUALIFY
IRELL FIRM FOR VIOLATION OF WA'S RPC 3.7 - (No. CV7-936RSM) 8
4835-7056-6658.02
012508/1415

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600