The Hon. Ricardo S. Martinez
Noted on Motion Calendar: 2/15/2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | No. CV7-936RSM<br><br>**MICROSOFT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION NOS. 3 AND 19** |

Plaintiff Microsoft Corporation ("Microsoft") seeks an order compelling Immersion Corporation ("Immersion") to produce all documents responsive to its Requests for Production Nos. 3 and 19. These requests seek all settlement-related documents, including mediation documents, between Immersion and Sony in their previous patent litigation (the "Sony Lawsuit"). These documents should be produced for at least three reasons. First, these documents are highly relevant in this case. Microsoft's breach of contract claim requires Microsoft to prove that Immersion and Sony settled the Sony Lawsuit. Immersion's affirmative defense—based on the assertion that its agreement with Microsoft precluded it from settling the Sony Lawsuit prior to trial—also puts these documents at issue. Second, the

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 1
4838-2504-3714.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

purported settlement and mediation privileges that Immersion relies on to avoid these requests only had any force in the Sony Lawsuit. The privileges do not extend to subsequent litigation, such as this lawsuit, where the claims and defenses are different than those present in the previous litigation. Third, even if the mediation privilege applied in this instance, Immersion has waived the privilege by putting its settlement and mediation attempts with Sony at issue.

## I. FACTUAL BACKGROUND

### A. Microsoft's Complaint Alleges That Immersion And Sony Settled Their Patent Litigation[1]

This case turns on whether or not Immersion settled its patent lawsuit with Sony. If it did, then Immersion owes Microsoft certain amounts pursuant to a written contract between Microsoft and Immersion.

On February 11, 2002, Immersion filed the Sony Lawsuit against Microsoft and Sony entities ("Sony") in the Northern District of California, alleging that the defendants violated certain patents held by Immersion pertaining to vibration and motion technology used in certain video games. *Marks-Dias Decl.*, Ex. 1. As part of a settlement between Microsoft and Immersion in that case, the parties executed a Sublicense Agreement ("SLA"), which provided that "in the event Immersion elects in its discretion to settle the Sony Lawsuit" with Sony, Immersion would owe Microsoft certain sums depending on the value of the settlement with Sony. *Id.*, Ex. 2. The SLA defined "settlement amounts" broadly, including license and royalty payments. *Id.*

---

[1] For a more complete statement of the background facts, Microsoft respectfully refers the Court to Microsoft's Motion to Disqualify Irell & Manella LLP, Dkt. No. 26.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 2
4838-2504-3714.02
20363.00411

After Immersion obtained a permanent injunction and verdict against Sony and while the case was on appeal before the Federal Circuit, Immersion and Sony entered into an agreement which resulted in the release of the permanent injunction and all claims against Sony, Immersion granting a license to Sony for the disputed technology, the dismissal of Sony's appeals, the payment of $22.5 million to Immersion, the retention by Immersion of approximately $31 million in compulsory license fees that Sony had been making to Immersion pending the appeals, and the payment of the outstanding judgment (which had been stayed by the trial court pending Sony's appeals) of approximately $92 million. *Id.*, Ex. 3.

Prior to settlement, Immersion and Sony engaged in at least one mediation session. *Deposition of Jennifer Liu*, 23:10-25, 24:1-22, *Id.*, Ex. 4. In December 2006 and January 2007, Immersion and Sony exchanged settlement proposals—all marked as settlement proposals. *Id.*, Ex. 5 and 6. Immersion's settlement proposal contains an outline of settlement terms which were adopted later in the written agreement between them at issue in this case. Sony's settlement proposal accepts several of the primary settlement terms of the Immersion proposal, and contains terms similar to the final agreement between the parties.

On March 1, 2007, Sony and Immersion executed the final version of their settlement agreement ("Immersion/Sony Agreement"). *Id.*, Ex. 3. In every respect, the Immersion/Sony Agreement is a settlement agreement.

Immersion denies that the Immersion/Sony Agreement is a settlement. Its position in this case is that the Immersion/Sony Agreement is merely a new business agreement between Sony and Immersion, unrelated to the Sony Lawsuit.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 3
4838-2504-3714.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

B. <u>Facts Related To The Instant Discovery Dispute</u>

1. <u>The Requests</u>

On September 11, 2007, Microsoft issued its first set of Interrogatories and Requests for Production to Immersion. *Marks-Dias Decl.*, ¶ 8. Request for Production Nos. 3 and 19 are as follows:

**REQUEST FOR PRODUCTION NO. 3:**

"Produce all documents and communications relating to the mediation of the Sony Lawsuit with Microsoft[2], including documents prepared in anticipation of the mediation, submitted to the mediator or sent to Sony."

**REQUEST FOR PRODUCTION NO. 19:**

"Produce all communications with Sony relating to attempts to settle, resolve or terminate the Sony Lawsuit with Sony, including any mediation, whether successful or not."

*Id.*, Ex 7. Immersion provided a long list of objections, and refused to produce responsive documents. *Id.*

2. <u>The Parties' Discovery Conference</u>

On January 22, 2008, the parties conducted a telephonic conference pursuant to Fed. R. Civ. P. 37. *Marks-Dias Decl.*, ¶10. Following the conference, and after conferring in good faith, Immersion agreed to supplement several of its discovery responses. *Id.* However, Immersion stood by its refusal to produce documents in response to Requests Nos. 3 and 19. *Id.*, Ex. 8. Specifically,

---

[2] The phrase "mediation of the Sony Lawsuit with <u>Microsoft</u>" was an inadvertent mistake. Microsoft later clarified that it sought documents and communications relating to the "mediation of the Sony Lawsuit with <u>Immersion</u>."

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 4
4838-2504-3714.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Immersion stated that it "is standing on its objections and will not be producing documents responsive to Microsoft's request that encompass such non-discoverable mediation-related documents and communications." *Id.*

II. **IMMERSION SHOULD BE COMPELLED TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 3 AND 19**

A. <u>Microsoft Seeks Highly Relevant Documents</u>

Requests for Production Nos. 3 and 19 seek discoverable information. Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.*

Microsoft's requests for documents related to settlement and mediation between Immersion and Sony more than satisfy the minimum threshold set by Rule 26. Microsoft's claims hinge on whether or not Immersion and Sony settled the Sony Lawsuit. Despite overwhelming evidence to the contrary, Immersion contends that the Immersion/Sony Agreement is merely a new business agreement between the parties, apparently only coincidentally entered into at the same time as the dismissal of the appeal, the dissolution of the permanent injunction, and the entry of the satisfaction of judgment in the Sony Lawsuit (despite Sony's testimony to the contrary and the plain effect of the timing of the filings).

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 5
4838-2504-3714.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

At least two settlement-related documents—the December 2006 and January 2007 settlement proposals discussed above—demonstrate that the Immersion/Sony Agreement is, in reality, an outgrowth of the parties' settlement discussions. Terms of these earlier proposals were adopted and incorporated in the Immersion/Sony Agreement. Additional prior settlement communications, including mediation-related material, will provide additional evidence regarding the true nature of this agreement. As other produced documents have shown, prior settlement and mediation documents may further reveal Immersion's efforts to disguise the settlement nature of its proposals to Sony to avoid Immersion's obligations to Microsoft.

Immersion's affirmative defenses also make relevant the issue of whether or not Immersion and Sony were able to settle. In particular, Immersion's sixth affirmative defense (violation of public policy) provides:

> The Sublicense Agreement is void and unenforceable as being against public policy, including, but not limited to, the strong public policy encouraging settlements. Microsoft drafted the Sublicense Agreement with the specific design and intent of preventing Immersion and Sony (Microsoft's staunch competitor), from settling the "Sony Lawsuit." Microsoft fulfilled its intended goal, as Immersion and Sony did not settle the "Sony Lawsuit," but instead litigated it all the way through final judgment.

See *Immersion's Answer, Affirmative Defenses, and Counterclaims*, p.7. Therefore, all of the settlement and mediation-related documents between Immersion and Sony are relevant and necessary to prove or disprove Immersion's assertion that the SLA prevented Immersion and Sony from settling earlier. Microsoft contends that the SLA had no bearing whatsoever on whether or not

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 6
4838-2504-3714.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Immersion and Sony settled earlier. There were other major issues precluding settlement, and the parties' settlement offers prior to trial were likely very far apart. The <u>primary</u> way to prove that is by looking at the settlement and mediation documents.

B.  Settlement Documents, Including Mediation Documents From A Prior Case, Are Discoverable

Under certain circumstances, FRE 408 protects from disclosure evidence of settlement negotiations. The primary rationale behind Rule 408 "is the obvious public policy interest in encouraging settlement of private disputes." *Lo Bosco v. Kure Eng. Ltd.*, 891 F.Supp. 1035, 1037-38 (D.N.J. 1995).

FRE 408 does nothing to restrict the discovery at issue in this motion. First, the rule only applies when a party offers settlement communications as "evidence of the 'validity,' 'invalidity,' or 'amount' of the disputed claim." FRE 408, Advisory Committee Notes (2006). FRE 408 has no applicability to Microsoft's requests for documents relating to the mediation and settlement between Immersion and Sony in the Sony Lawsuit. Microsoft is not seeking materials in order to prove that Immersion did or did not have a valid claim against Sony. Rather, Microsoft seeks this information to help establish its claim that Immersion and Sony did, in fact, settle, and to show that Section 2(e) of the SLA did not prevent Sony and Immersion from settling before trial. For purposes of this case, it is immaterial whether Immersion or Sony should have prevailed in the Sony Lawsuit, and the amount of the settlement has already been disclosed through the Immersion/Sony Agreement. Under these circumstances, settlement communications are

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 7
4838-2504-3714.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

discoverable. *See, e.g., Cates v. Morgan Portable Bldg. Corp.*, 708 F.2d 683 (7th Cir. 1985) (holding that FRE 408 does not bar evidence of a settlement when offered to prove a breach of the settlement agreement, as the purpose of the evidence is to prove the fact of settlement as opposed to the validity or amount of the underlying claim); *Stacey Brothers v. Public School Employees of Washington*, 88 Wn. App. 398, 945 P.2d 208 (1997) (evidence of settlement negotiations admissible because the evidence was offered to demonstrate whether defendant repudiated the contract); *Matteson v. Ziebarth*, 40 Wn.2d 286, 242 P.2d 1025 (1952) (settlement discussions admissible to prove lack of good faith).

Second, FRE 408 "does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997). FRE 408 "only bars admission of evidence relating to settlement discussions if that evidence is offered to prove liability for or invalidity of the claim [that is the subject of the settlement negotiations] or its amount." *Id*; *see also Vulcan Hart Co. v. NLRB*, 718 F.2d 269, 276-77 (8th Cir. 1983) (evidence of compromise is admissible if the discharged claim is not at issue in the proceeding in which the party seeks to admit it). Immersion's claims against Sony in the Sony Lawsuit are not at issue in this case.

Immersion's reliance on the mediation privilege, the rationale of which mirrors that of FRE 408, is also misplaced. Although Ninth Circuit authority regarding the mediation privilege is scant, the only case finding a federal common law mediation privilege—*Folb v. Motion Picture Industry Pension & Health Plans,*

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 8
4838-2504-3714.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

16 F.Supp.2d 1164 (C.D.Cal. 1998)—states, "Any interpretation of Rule 501 [the rule providing for a federal common law privilege] must be consistent with Rule 408." *Id.* at 1180. For all of the same reasons stated above, the mediation privilege should not apply to documents from the Sony Lawsuit. The mediation at issue was conducted in the Sony Lawsuit, and concerned only claims relevant to the Sony Lawsuit. Microsoft is not seeking information related to the mediation in this case, or to a prior mediation where one of the parties' claims and defenses were the same as the claims and defenses in this case. Immersion's reliance on California's mediation privilege, Calif. Evid. Code § 1115, and cases interpreting that Code, are therefore inapposite.

Even if the mediation privilege applied (it does not), at a minimum Immersion must still produce all settlement communications that were exchanged between Immersion and Sony following the formal mediation session(s) between the parties.

> The mediation underlying the instant dispute was a formal mediation with a neutral mediator, not a private settlement discussion between the parties. Accordingly, the mediation privilege adopted today applies only to information disclosed in conjunction with mediation proceedings with a neutral. Any interpretation of Rule 501 must be consistent with Rule 408. To protect settlement communications not related to mediation would invade Rule 408's domain; only Congress is authorized to amend the scope of protection afforded by Rule 408. Consequently, any post-mediation communications are protected only by Rule 408's limitations on admissibility.
> 
> . . .
> 
> A contrary rule would permit a party to claim the privilege with respect to any settlement negotiations so long as the communications took place following an attempt to mediate the dispute.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 9
4838-2504-3714.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

*Folb v. Motion Picture Industry Pension & Health Plans, supra,* at 1180 (denying motion to compel formal mediation materials where parties' defenses in the matter being mediated were related to defenses in action where discovery was sought, but allowing production of all settlement communications not made during formal mediation session).

C. <u>Immersion Has Waived Its Right To Rely On The Mediation Privilege</u>

Any privilege may be waived.[3] In the Ninth Circuit, a party impliedly waives a privilege by submitting a pleading that puts the privileged information at issue. The test for finding an implied waiver requires that:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D.Wash. 1975); *see also Home Indem. Co. v. Lane Powell Moss and Miller,* 43 F.3d 1322, 1326 (9th Cir. 1995) (adopting the *Hearn* test for the Ninth Circuit); *United States v. Amlani,* 169 F.3d 1189, 1195 (9th Cir. 1999) (same). For example, alleging a basis for avoiding a statute of limitations constitutes an affirmative act under the *Hearn* test. *In re Imperial Corp. of Am.,* 179 F.R.D. 286, 289-90 (S.D.Cal. 1998).

---

[3] The *Folb* court specifically noted that it was leaving for another day the full scope of the federal common law mediation privilege, and the circumstances under which it may be waived. *Folb, supra,* 1180 n.10.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 10
4838-2504-3714.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Here, all three elements are met. First, Immersion has asserted an affirmative defense that the contract between it and Microsoft should be declared void because it allegedly prevented Immersion and Sony from settling prior to trial. Second, Immersion's affirmative defense necessarily puts at issue all settlement and mediation discussions between it and Sony. Third, if denied access to this information, Microsoft will be deprived of information vital to refuting Immersion's affirmative defense. Thus, even if the mediation privilege existed and otherwise applied, it has been waived in this case.

### III. CONCLUSION

Evidence of Immersion and Sony's settlement and mediation discussions is directly probative of Microsoft's claims. It is also directly relevant to Immersion's affirmative defenses, which assert that the SLA precluded Immersion and Sony from settling prior to trial. Because the settlement and mediation privileges do not shield such documents from production in subsequent cases such as this, and because Immersion has waived any mediation privilege that could apply, the Court should compel Immersion to produce all documents responsive to Microsoft's requests.

DATED this 31st day of January, 2008.

RIDDELL WILLIAMS P.S.

By *(signature)*
Paul J. Kundtz, WSBA #13548
Blake Marks-Dias, WSBA #28169
Wendy E. Lyon, WSBA #34461
Attorneys for Plaintiff MICROSOFT CORPORATION

MICROSOFT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 11
4838-2504-3714.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

CERTIFICATE OF SERVICE

The undersigned certifies that on the 31st day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley S. Keller
Jofrey M. McWilliam
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104-4082
Phone: (206) 622-2000; Fax: (206) 622-2522
Email: bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com

A copy of this document has also been served via U.S. Mail and email on the following counsel who have filed applications to appear Pro Hac Vice in this matter:

Richard M. Birnholz
Alan J. Heinrich
Morgan Chu
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Phone: (310) 277-1010; Fax: (301) 203-7199
Email: rbirnholz@irell.com
aheinrich@irell.com
mchu@irell.com

Executed at Seattle, Washington this 31st day of January, 2008.

*/s/ Donna Hammonds*
Donna Hammonds
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: dhammonds@riddellwilliams.com

MICROSOFT'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PROD. 3 AND 19 (No. CV7-936RSM) - 12
4838-2504-3714.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600