The Hon. Ricardo S. Martinez
Noted on Motion Calendar: 2/15/2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

IMMERSION CORPORATION, a Delaware corporation,

Defendant.

No. CV7-936RSM

**REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION NOS. 3 AND 19**

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM)
4846-4516-3010.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

This is a breach of contract case where the primary issue is whether or not Immersion and Sony settled their patent litigation ("Sony Lawsuit"). Settlement communications between Immersion and Sony are directly relevant to that issue.

The settlement and mediation privileges do not apply because the Sony Lawsuit is a different lawsuit than this one. The rationale for these privileges is to promote free and open settlement communications, without concern that any offers of settlement or other statements will be taken as an admission in the same or in a similar proceeding. That rationale, and therefore those privileges, are inapplicable here, where Immersion chose to put the fact of whether it later entered into a settlement with Sony at issue in its contract with Microsoft.

Not only does the mediation privilege not apply here, in any event Immersion has waived any right to rely upon it. It has claimed, through its affirmative defenses, that the Sublicense Agreement ("SLA") with Microsoft prevented it from settling the Sony Lawsuit with Sony throughout the Sony Litigation, including during mediations. Microsoft disagrees, and contends that there were other issues, unrelated to the SLA, which prevented Immersion and Sony from settling earlier. Investigating and resolving this issue requires an examination of the earlier settlement and mediation communications between Immersion and Sony.

I. Settlement Discussions Between Immersion and Sony, Including Documents from the Parties' Mediations, Are Highly Relevant

Both parties agree that this case is about whether or not Immersion and Sony settled the Sony Lawsuit. Immersion emphasizes throughout its response that it produced documents regarding the negotiating history from November 2006 through March 2007. This is an acknowledgment that settlement negotiating history is relevant.[1] However, relevance does not end at the date selected by Immersion. Settlements of major disputes do not happen overnight, and they often evolve over the entire course of a

---

[1] Immersion did not produce these documents in its initial production, but only after Sony produced its copies of the documents.

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 1
4846-4516-3010.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

case. All settlement discussions, including those from before November 2006, are germane to Microsoft's claim that Immersion and Sony settled the Sony Lawsuit.

Immersion and Sony's settlement was ultimately memorialized in the Immersion/Sony Agreement. Documents produced to date show that Immersion took steps to hide the true nature of that agreement. *See Microsoft's Motion to Disqualify (Dkt. No.26) and Supporting Declaration (Dkt. No.27).* Immersion and Sony have also produced documents exchanged between Immersion and Sony which show that the agreement was a settlement agreement. *See Microsoft's Motion,* pp.5-6. These documents indicate that prior settlement and mediation documents will further show that the terms in the Immersion/Sony Agreement were discussed in settlement negotiations and mediations and therefore are a settlement agreement, and that Immersion sought to hide the settlement from Microsoft. Microsoft is entitled to look back at other earlier settlement communications between Immersion and Sony, to further prove that the Immersion/Sony Agreement was merely an outgrowth of the parties' earlier settlement discussions.

Settlement and mediation materials are also directly relevant to Immersion's affirmative defenses (discussed in more detail below ), including its claim that "the Sublicense Agreement's intended purpose and effect is to lock-up Sony in litigation with Immersion for as long as possible by imposing a stiff financial penalty on Immersion." *Immersion's Response* at 8.

Immersion suggests that prior settlement discussions are not relevant because the Immersion/Sony Agreement is an integrated agreement. However, prior writings and discussions are relevant to contract interpretation. *Berg v. Hudesman,* 115 Wn.2d 657, 801 P.2d 222 (1990) (context rule of contract interpretation considers, among other things: circumstances surrounding contract's formation and statements made by the parties in preliminary negotiations); *Lopez v. Reynoso,* 129 Wn. App. 165, 170, 118 P.3d 398 (2005) (prior statements admissible "to ascertain the intent of the parties, to properly construe the writing, ....") This is true even for an "integrated" contract. *Id.* All settlement

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 2
4846-4516-3010.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

discussions between Immersion and Sony are therefore clearly discoverable and reasonably calculated to lead to relevant evidence related to the parties' intent and to determine the true nature of the Immersion/Sony Agreement.

II. **Microsoft Is Entitled To All Discovery That *May* Lead To Admissible Evidence**

The test for permitting discovery is far lower than the test for admission at trial. Under Rule 26, discovery is proper if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Rule 408 provides that '[e]vidence of conduct or statements made in compromise negotiations is [ ] not admissible.' Viewed in combination with Fed. R. Civ. P. 26(b), Rule 408 only protects disputants from disclosure of information to the trier of fact, not from discovery by a third party." *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164, 1171 (C.D.Cal. 1998).

Immersion's response reads like a motion in limine. But this is discovery, not trial. The requested settlement and mediation documents easily meet the liberal test for discoverable information.

III. **FRE 408 and the Mediation Privilege Do Not Apply Because the Issues Litigated in the Sony Lawsuit Are Separate from Those Litigated Here**

Under both federal and Washington law, the settlement privilege does not restrict discovery of settlement and mediation documents in subsequent cases, where the basis of the claims asserted are different from those asserted in the earlier case. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997); *Matteson v. Ziebarth*, 40 Wn.2d 286, 242 P.2d 1025 (1952). The Sony lawsuit was a patent infringement case. The instant case is a breach of contract case. It is immaterial to Microsoft whether Immersion's patent claims were valid or not. The contract at issue here was not at issue in the Sony Lawsuit. Admissions Immersion may have made during mediation regarding the weaknesses in its patent claims are irrelevant in this lawsuit. Microsoft does not seek such admissions for this purpose.[2] The policy reasons in favor of the privilege do not

---

[2] Immersion relies on inapposite cases where the courts precluded discovery of settlement materials in the same or a substantially similar action. *See, e.g., Rojas v. Superior Court* (in toxic mold case, mediation materials from prior toxic mold case against same defendant not

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 3
4846-4516-3010.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

apply here, and settlement-related documents must be produced. *Id.; see also Sharbono v. Universal Underwriters Ins. Co.*, 139 Wn. App. 383, 161 P.3d 406 (2007).

Immersion relies heavily on inapplicable California statutory and common law. The Sony Lawsuit was a federal question case, litigated in federal court. The Immersion/Sony mediations were ordered and conducted pursuant to federal law. Under these circumstances federal law, not California law, applies to privileges arising out of the Sony Lawsuit. *Folb* at 1169. Immersion's strained attempt to apply California law is further misplaced because the SLA provides that all disputes arising out of it "shall be construed and controlled by the laws of the State of Washington." Marks-Dias Decl., Ex. 2 (SLA § 8(c)). Regardless of which jurisdiction's law applies, the rationale behind the privilege is not present here.

IV. <u>Immersion Waived Its Right To Rely On Any Settlement or Mediation Privilege</u>

A privilege is waived where a party asserts a claim which puts an otherwise privileged matter at issue, and application of the privilege would deny the opposing party access to information necessary to refute the claim. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash. 1975).

Immersion asserts that privileges must be expressly waived. However, courts have routinely found waiver sufficiently expressed where, as here, a party has put forth a pleading making the topic an issue.[3] *Hearn; Home Indem. Co. v. Lane Powell Moss and*

---

discoverable); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.* (product liability plaintiff sought settlement materials in case where product defect allegations were the same as in the mediated case); *Cook v. Yellow Freight Sys., Inc.* (former employees of company sought materials from mediation between same employer and prior employee); *Allen County, Ohio v. Reilly Indus., Inc.* (in environmental cleanup action, defendant not entitled to discovery of settlement materials between plaintiff and codefendant in the same action). These cases do no support Immersion's position. The Sony Lawsuit was a patent infringement case, with completely separate issues from the instant case.

[3] The <u>sole</u> case cited by Immersion on the waiver issue—*In re Marriage of Kieturakis*—is entirely inapposite. First, the case is based on California's mediation statute, which does not apply here and which has a unique provision requiring the express waiver of all parties to the mediation prior to disclosure. Second, the cited portion of the case is merely summarizing *dicta* from another California case where "the wife had in any event indicated her willingness to waive the privilege if the husband also did so." *In re Marriage of Kieturakis*, 138 Cal.App. 4th 56, 81 (2006). The *Kieturakis* court did not reach the waiver issue because it concluded that even if the mediation

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 4
4846-4516-3010.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

*Miller*, *United States v. Amlani*. An <u>affirmative</u> defense certainly constitutes an "assertion" of a claim. *See* Fed. R. Civ. P. 8(c). If the requirement were, as implied by Immersion, that the waiving party must state "I hereby waive the privilege," it would never happen and the waiver doctrine would be meaningless.

Immersion's defenses in this case place the issue of its settlement and mediation efforts squarely before the court.[4] Its public policy affirmative defense and its unclean hands affirmative defenses both assert that the SLA prevented it from settling earlier with Sony. Microsoft disagrees, and contends that no earlier settlement was possible because Immersion and Sony were so far apart in their earlier discussions, and that neither side discussed the SLA, except to make sure that their ultimate agreement did not outwardly appear to be a settlement. The time relevant to this dispute is from the inception of the Sony Lawsuit through its resolution in the Immersion/Sony Agreement. Investigating and resolving this dispute requires examining the settlement and mediation documents exchanged between Immersion and Sony during that time.

Immersion's responses to interrogatories further reveal that it has waived the privilege by expressly claiming that the SLA prevented Immersion from settling earlier with Sony, and therefore Immersion should be released from its obligations to Microsoft. *See Marks-Dias Decl.*, Ex. 7 (Immersion's Discovery Response to Interrogatory No. 8)

Immersion also waived its right to rely on the mediation privilege by virtue of its entering into the SLA with Microsoft. Under the SLA, Immersion agreed to pay Microsoft certain sums if it settled with Sony. Immersion received valuable consideration for this agreement. Immersion cannot contract to pay a party following a settlement, and then claim that the other party is not entitled to know whether or not Immersion actually settled.

---

evidence was wrongly admitted, the "error was harmless under the circumstances" before the court. *Id.* at 90. In short, Immersion offers <u>no</u> applicable authority to refute Immersion's waiver argument.
[4] Immersion argues that Microsoft "admits" the SLA was designed to prevent Immersion and Sony from settling. This is patently untrue. On the contrary, Microsoft wanted Immersion and Sony to settle (which they did), because that settlement is what triggered the payment obligation.

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 5
4846-4516-3010.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## V. The Mediation Privilege Does Not Apply. But Even If It Did, Immersion Must Produce All Settlement Communications Made Before And After Any Formal Mediation Session

Even if the mediation privilege applies here (it does not), Immersion must still produce all settlement-related documents made outside—both before and after—any formal mediation session. *See Microsoft's Motion*, pp.9-10. "A contrary rule would permit a party to claim the privilege with respect to any settlement negotiations so long as the communications took place following an attempt to mediate the dispute." *Folb v. Motion Picture Industry Pension & Health Plans* at 1180. Immersion did not address this point in its response.

Immersion reveals that there were at least three mediation sessions between it and Sony, dating back to February 2003. Yet, it has arbitrarily limited its production of settlement materials to those after November 2006. Even if this Court applies the mediation privilege, Microsoft is entitled to all settlement discussions between Immersion and Sony which were not made during a formal mediation session. At a minimum, Immersion should be required to produce these documents.

## VI. Conclusion

The settlement negotiations and mediations between Immersion and Sony are reasonably calculated to lead to relevant evidence on the primary issue in this case (did Immersion settle with Sony), and on Immersion's affirmative defenses seeking to void the SLA because it allegedly prevented Immersion and Sony from settling earlier. No settlement and mediation privileges apply because the Sony Lawsuit and this case are different and separate, Immersion contracted to put the fact of its settlement at issue, and it has waived any privilege it had by explicitly making these subjects relevant to its defenses. For all of these reasons, Microsoft's motion should be granted.

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 6
4846-4516-3010.02
20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

| | |
|---|---|
| 1 | DATED this 15th day of February, 2008. |
| 2 | |
| 3 | RIDDELL WILLIAMS P.S. |
| 4 | By _____ |
| 5 | Paul J. Kundtz, WSBA #13548 |
| 5 | Blake Marks-Dias, WSBA #28169 |
| 6 | Wendy E. Lyon, WSBA #34461 |
|   | Attorneys for Plaintiff MICROSOFT CORPORATION |

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 7
4846-4516-3010.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

The undersigned certifies that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley S. Keller
Jofrey M. McWilliam
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104-4082
Phone: (206) 622-2000; Fax: (206) 622-2522
Email: bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com

A copy of this document has also been served via U.S. Mail and email on the following counsel who have filed applications to appear Pro Hac Vice in this matter:

Richard M. Birnholz
Alan J. Heinrich
Morgan Chu
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Phone: (310) 277-1010; Fax: (301) 203-7199
Email: rbirnholz@irell.com
aheinrich@irell.com
mchu@irell.com

Executed at Seattle, Washington this 15th day of February, 2008.

*/s/ Donna Hammonds*
Donna Hammonds
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: dhammonds@riddellwilliams.com

REPLY IN SUPPORT OF MICROSOFT'S MOTION TO COMPEL
RESP. TO REQ. FOR PROD. 3 AND 19 (No. CV7-936RSM) - 8
4846-4516-3010.02
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600