

# RIDDELL WILLIAMS P.S.

1001 FOURTH AVENUE, SUITE 4500 I SEATTLE, WASHINGTON 98154-1192
206.624.3600 TELEPHONE I 206.389.1708 FACSIMILE
WWW.RIDDELLWILLIAMS.COM

PAUL J. KUNDTZ
206.389.1784
PKUNDTZ@RIDDELLWILLIAMS.COM

February 15, 2008

The Hon. Ricardo S. Martinez
Judge's Chambers, 15th Floor
U.S. District Court, Western District of Washington
700 Stewart Street
Seattle, Washington 98101

Re:   **Microsoft Corp. v. Immersion Corp.**
      **USDC No. 2:07-cv-936 RSM**

Your Honor:

## Request

Microsoft Corporation ("Microsoft"), requests that this Court issue the Letters Rogatory to the Appropriate Judicial Authority of Japan, enclosed with this letter. At the direction of your law clerk, we submit this request in letter form.

Microsoft desires to take the deposition of Mr. Shinji Ina, believed to be employed by Sony Corporation, a Japanese corporation located in Tokyo. Mr. Ina has information that is necessary to the prosecution of this matter. Microsoft has attempted to obtain the cooperation of Sony and Mr. Ina in scheduling his deposition, but has been unsuccessful. See Email attached to the declaration of Wendy E. Lyon ("Lyon Decl.") as Exhibit A.

Microsoft requests that the Court invoke its powers under the Federal Rules of Civil Procedure 28(b)(1)(B) and 28 USC 1781 to request that the authorities of Japan facilitate the taking of testimony from Mr. Ina pursuant to the Reciprocal Judicial Assistance Act. Fed. R. Civ. P. 28(b) specifically allows evidence to be taken in a foreign country "pursuant to a letter of request (whether or not captioned as letter rogatory)." It further provides that "a letter of request shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impracticable or inconvenient; and both a commission and a letter of request may be issued in proper cases. A letter of request may be addressed "To the Appropriate

Authority in [here name the country]." The accompanying Letters Rogatory satisfies these requirements.

## Case Background

On February 11, 2002, the defendant in this case, Immersion, filed a lawsuit against Microsoft, Sony Computer Entertainment, Inc. and Sony Computer Entertainment America, Inc. ("Sony"), in the Northern District of California ("Sony Lawsuit"), alleging that the defendants violated certain patents held by Immersion pertaining to forced feedback technology used in computer games. Among other things, this technology provides vibration and other motion in hand held controllers for video games. Microsoft and Immersion settled on July 25, 2003. As part of that settlement, the parties executed a Sublicense Agreement ("SLA"), which provided that "in the event Immersion elects in its discretion to settle the Sony Lawsuit," Immersion would owe Microsoft certain sums depending upon the value of the settlement with Sony. Because the parties expected and anticipated that a settlement between Sony and Immersion could take various forms, and would result in a license of Immersion's technology to Sony, the SLA defined "settlement amounts" broadly to include:

> "all amounts, including all royalty payments and upfront, annual or other license fees (regardless of when received), received by Immersion on account of any license, release, freedom from suit, or similar consideration granted by Immersion to Sony in respect of the Licensed Patents, ... and ... any agreement, license, sublicense, option, investment, or other transaction associated with such settlement ..., and with respect to any other agreement, license . . . or other transaction entered into . . . eighteen (18) months after entry of the settlement of the Sony Lawsuit."

After Immersion obtained a verdict against Sony and while the case was on appeal before the Ninth Circuit, Immersion and Sony settled by entering into an agreement ("Sony/Immersion Agreement") which resulted in the release of all claims against Sony, the dissolution of the permanent injunction against Sony, licensing rights to Sony, the dismissal of the Sony's appeals, the payment of $22.5 million, the retention by Immersion of approximately $32.6 million in compulsory license fees and interest that Sony had been making to Immersion pending the appeals, and the payment of outstanding judgment with interest of approximately $97.2 million.

Immersion has attempted to disguise the agreement by calling it a "business deal," specifically requested that Sony not use the word "settlement" in describing the Sony/Immersion Agreement, and removed the word "Settlement" from the drafts of the agreement which were marked, "Confidential For Settlement Purposes Only." However, thus far the evidence including: the terms of the agreement, the documents reflecting

the negotiations of the agreement, and the testimony of Sony representatives, reveals that Immersion and Sony settled the Sony Lawsuit. This settlement triggered Immersion's obligations to Microsoft under the SLA. Immersion has breached the SLA by failing to make the required payments. Immersion now owes Microsoft over $30 million.

### The Testimony of Mr. Ina in Tokyo, Japan is Necessary for the Resolution of this Case

This case turns on whether Sony and Immersion settled the Sony Lawsuit. Some of the most convincing evidence demonstrating the Sony and Immersion settled comes from the negotiations between the parties that lead to the execution of the Sony/Immersion Agreement. For example, the parties exchanged settlement proposals that were labeled "Confidential Settlement Communication." See Exhibit B to the Lyon Decl. In addition, the drafts of the Sony/Immersion Agreement were labeled "Confidential For Settlement Purposes Only." See Exhibit C to the Lyon Decl.

Microsoft has reason to believe that Mr. Ina was the first person on behalf of Sony to engage in the settlement negotiations with Immersion, while the case was on appeal, that lead to the Sony/Immersion Agreement. Microsoft has taken the deposition of Jennifer Liu, in-house counsel for Sony Computer Entertainment America, Inc. Ms. Liu stated that she became involved in settlement negotiations with Immersion during the two weeks before Sony and Immersion settled. See Deposition of Jennifer Liu ("Liu Dep."), at 79:14-19, attached as Exhibit D to the Lyon Decl. However, she stated that Mr. Ina had been involved with settlement negotiations with Immersion before that. Liu Dep., at 51:22-52:11. In discussing a settlement proposal prepared by Immersion, dated December 2006 and marked "Confidential Settlement Communication" by Immersion, Ms. Liu stated that she had received a copy of the proposal from Mr. Ina. Liu Dep., at 30:21 – 31:23.

Furthermore, in response to a subpoena, Sony produced numerous email communications between Mr. Shoichi Endo, a business executive at Immersion and Mr. Ina of Sony. These communications, which begin in March 2006 and continue through the execution of the Sony/Immersion Agreement, discuss the settlement negotiations and confirm that Mr. Ina was the contact person on Sony's side before others became involved during the last two weeks of negotiations. See emails attached as Exhibit E to the Lyon Decl.

For example, in December 2006 Mr. Endo (Immersion) sent a settlement proposal labeled "Confidential Settlement Communication" to Mr. Ina (Sony). See Exhibit B to the Lyon Decl.

In a January 30, 2007 email, Mr. Ina (Sony) states to Mr. Endo (Immersion) that Sony "has put me in charge of the negotiations with your company." See email attached as

Exhibit F to the Lyon Decl. In a February 7, 2007 email, Mr. Ina (Sony) writes to Mr. Endo (Immersion) the following:

> Thank you for your telephone call. I believe that, in order to get the ball rolling, it would probably be best if your company presented us with a proposed draft of the agreement without delay. Currently, discussions concerning the terms of the <u>settlement</u> are being held through a <u>Mr. Viegas, Mr. Endo and I</u>, acting as contact persons; I fear that mutual confusion/miscommunications may arise if the number of contact persons increases before a proposed draft agreement or other [documents], based on which further discussions can be held, are prepared.
>
> For confirmation purposes, I am setting forth below a summary of the issues which I stated that I wanted to confirm during the phone call a few minutes ago:
>
> a) the $ amount IMMR currently proposing for <u>a settlement</u> with SCE is $97Mil + $31Mil . . .

See email attached as Exhibit G to the Lyon Decl. (emphasis added).

On February 13, 2007, Mr. Ina (Sony) writes to Mr. Endo (Immersion):

> Let me state the conclusion first: Today, the approval of SEC's management concerning the currently proposed framework, based on which steps would have been taken toward <u>settlement</u>, could not be obtained. "Pros and cons" of continuing with the lawsuit, the proposed amount of money (based on the assumption that there can be some flexibility) as compared to the benefits to be obtained, the current business conditions concerning PS3, etc., were taken into consideration in connection with this conclusion. We are sorry [about this conclusion which was reached] in spite of your diligent efforts.
>
> [We] don't believe that this makes <u>settlement</u> impossible.

See email attached as Exhibit H to the Lyon Decl. (emphasis added).

The documents also indicate that Mr. Ina had conversations with representatives of Immersion, in which Immersion told him that the settlement agreement had to be described in a way not appear as a settlement agreement. For example, in a February

23, 2007 email, just days before the execution of the Sony/Immersion agreement, Mr. Ina (Sony) writes to Mr. Endo (Immersion):

> "We understand the need to give consideration to what reaction MSFT will have when the agreement is "publicized," so we intend to be careful about that. "

See email attached as Exhibit I to the Lyon Decl.

Mr. Ina is the only person who can provide unbiased testimony regarding the communications that he had with Mr. Endo and the describe the initial negotiations that lead to the Sony/Immersion Agreement.

## Conclusion

Mr. Ina's testimony will establish that Sony and Immersion engaged in settlement negotiations and that they settled the Sony Lawsuit. Therefore, his testimony is invaluable to the prosecution of Microsoft's claims for breach of contact. Because Mr. Ina is a Japanese citizen and because Sony will not produce him for a deposition voluntarily, Microsoft requires the Court's assistance to obtain this testimony. If the Court requires additional information, please contact or notify us. If the form of the Letters Rogatory meets with the Court's approval, please execute them and return them to me in the enclosed self-addressed, stamped envelope for submission to the Japanese judicial system through diplomatic channels. Thank you for your consideration.

Sincerely,

Paul J. Kundtz
of
RIDDELL WILLIAMS P.S.

WEL:mrf
Enclosures

Bradley Keller
Richard Birnholz
client
Our File: 20363-00411