# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7052
rbirnholz@irell.com

March 5, 2008

The Honorable Ricardo S. Martinez
Judge's Chambers, 15th Floor
U.S. District Court, Western District of Washington
700 Stewart Street
Seattle, WA 98101

> Re:   Microsoft Corporation v. Immersion Corporation, U.S. District Court for the
>       Western District of Washington, Case No. 2:07-cv-00936-RSM

Your Honor:

We respectfully write in response to Microsoft's letter to Your Honor dated February 15, 2008, which was e-filed and served as document 46 on February 19, 2008. In its letter, Microsoft asks the Court to issue "Letters Rogatory to the Appropriate Judicial Authority of Japan" such that written questions may be posed to Shinji Ina, an employee of Sony Corporation in Japan.

By way of background, Japan does not permit involuntary depositions of its citizens. Japan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and there is not in force between the United States and Japan any other treaty or international agreement on judicial assistance. As a result, compulsion of evidence in Japan from an unwilling witness can only be achieved on the basis of comity, pursuant to a letter rogatory which may be executed by Japanese district courts in accordance with the laws of Japan.

In general, Immersion does not object to the Court issuing Letters Rogatory if the Court believes that it is appropriate to set in motion the judicial machinery in Japan. However, Immersion does have objections to the form of Microsoft's request to the Court, the form of the proposed Letters Rogatory, and particular questions that Microsoft wishes to pose which are on their face objectionable. In a nutshell, Microsoft improperly asks this Court to adopt its theory of the case via a request for Letters Rogatory.

First, Immersion objects to Microsoft having used its informal letter to the Court seeking the issuance of Letters Rogatory as an opportunity to submit to the court an advocacy piece that repeats Microsoft's position on the merits and its loose and incomplete characterizations of the hotly disputed contract issues in this case and the underlying record. A main issue in this case is whether Immersion owes Microsoft anything under a Sublicense

## IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Hon. Ricardo S. Martinez
March 5, 2008
Page 2

Agreement entered into in 2003 which provides for certain payment obligations in the event that Immersion "elects in its discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony the Game Platform Sublicense" as that phrase is properly construed. Immersion has strong defenses that it did not do so – Sony satisfied a final District Court judgment and paid Immersion compulsory license fees from 2005 through 2007 per Court order.  Further information regarding the nature of Immersion's defenses are outlined in Immersion's opposition briefing regarding the now pending Microsoft motion seeking the disqualification of Immersion's counsel (Docket No. 30).  In any event, whether the events in 2007 have any bearing on the 2003 Sublicense Agreement are at the heart of the case, and Microsoft should not have used a request for Letters Rogatory as a forum for an argumentative submission addressing its contentions.

Second, the proposed Letters Rogatory themselves overreach by asking this Court to enter an Order that pre-judges the issues in the case.  The descriptions in paragraphs 7, 11-13, and 15 are decidedly skewed toward Microsoft's view of the underlying events and issues.  For example, in paragraph 7, Microsoft asks this Court to state that "The Court has found that justice cannot completely be done between the parties without the testimony of Mr. Ina located in your jurisdiction."  There is no basis for this finding.  Sony (and Mr. Ina) had no involvement in the 2003 Sublicense between Immersion and Microsoft, and the 2007 Sony/Immersion agreement is an integrated document that can be examined to determine if it impacts the obligations under the 2003 Sublicense Agreement.  Because it does not, Microsoft now seeks to go outside that document to support its allegations.  While Mr. Ina did have discussions with Immersion over a period of time and may have information that is relevant, the assertion that he is an essential witness such that "justice cannot be completely done" without him remains unsupported.  Immersion also is concerned about how Microsoft may use this statement in the future, such as in the event that the judicial authority in Japan does not honor the request as Microsoft desires.  If the Court is to issue Letters Rogatory, the proposed sentence should be stricken.

Microsoft also includes a description of the "Case Background" in paragraphs 9-13.  But Microsoft's background is not neutral and inappropriately asks the Court to accept Microsoft's view of the case and even Microsoft's characterizations of Immersion's contentions.   Microsoft has gone so far as to sneak in lines that would have the Court make (Microsoft scripted) statements on disputed issues in the case.  In the event the Court were inclined to issue the letters, a neutral characterization of events (also reflected on the attached Exhibit A for convenience) would be as follows:

> "11.  This case arises out of an agreement between Immersion and Microsoft entered into in 2003 which provided for certain payment obligations in the event that Immersion 'elects in its discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony the Game Platform Sublicense . . . .'  The parties dispute the meaning of the provision at issue.

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Hon. Ricardo S. Martinez
March 5, 2008
Page 3

12. Microsoft alleges Immersion owes Microsoft under the provision at issue in the case. In particular, Microsoft alleges that Immersion and Sony entered into an agreement in 2007 that triggered obligations under Immersion's agreement with Microsoft. Microsoft alleges that Immersion owes it a large amount of money.

13. Immersion denies Microsoft's allegations and contends that it does not owe Microsoft."

Microsoft also overstates the importance of the information it seeks from Mr. Ina. For example, Microsoft states in paragraph 15 that Mr. Ina "may be the only person from Sony to have participated in the early negotiations with Immersion and therefore that he may have evidence to offer that cannot be obtained from other sources." Microsoft has already deposed another Sony representative who participated in the negotiations that led to the 2007 agreement, Jennifer Liu. Microsoft also can depose the Immersion representatives involved. It also is not clear what Microsoft means by "the early negotiations" and it is questionable what significance testimony on those matters will have. Microsoft already has the 2007 agreement between Sony and Immersion and the court filings reflecting Sony's satisfaction of the final judgment.

In short, the Letters Rogatory are heavily biased in favor of Microsoft, and if they are issued, they should be modified to present a neutral rendition of facts and circumstances.

Finally, the written questions Microsoft seeks the Court's assistance in asking are objectionable in many respects. Rather than asking for facts, the questions are often leading questions replete with assumptions and characterizations that build in Microsoft's arguments. In other words, there are many "loaded" questions. The questions also are often compound, misleading, without foundation, or calling for a legal conclusion or analysis. Many other questions are not even particular to Mr. Ina. By way of example:

- Section II contains a number of questions relating to the unsuccessful court-ordered mediations between Immersion and Sony. Because this is not a proper subject for discovery in general, this issue is the subject of briefing in a pending motion to compel. Microsoft is trying to sidestep that issue in the Letters Rogatory request. The questions are not appropriately aimed at Mr. Ina in any event – Mr. Ina did not participate in any mediation session.

- The remainder of Section II contains vague questions relating to any discussions regarding the topic of settlement. Microsoft, however, remains focused on what may have been discussed at any time, not what actually happened as reflected in the 2007 agreement. Moreover, in Section II and III, Microsoft asks several questions asking Mr. Ina to describe all discussions relating to the "settlement of the Sony Lawsuit." This is a key disputed issue in the case, yet Microsoft asks the question entirely out of context in a manner that assumes the ultimate issue and the validity of its position.

Hon. Ricardo S. Martinez
March 5, 2008
Page 4

- Section III contains loose questions relating to discussions between
  Immersion and Sony the November 2006 through February 2007 time period.
  Again, these discussions are not focused on the negotiations in February that
  resulted in the 2007 Sony Agreement that was actually entered into.

- Section VII contains many questions that call for legal conclusions regarding
  the 2007 Sony agreement. These questions are not appropriate. Microsoft
  even asks "How did Immersion and Sony settle…". This is the classic
  misleading, loaded question (*e.g.*, "When did you stop beating your
  spouse?").

    In the event that the Court is inclined to issue letters at all, Immersion has
annotated the questions to line out questions that the Court should not be approved,
particularly given that Microsoft has requested questions in Japan outside the context
of this Court or these proceedings. Immersion respectfully reserves the right to
object to the use of any testimony or information that might be obtained.

Respectfully submitted,

IRELL & MANELLA LLP

ATTORNEYS FOR IMMERSION

# EXHIBIT A

1
2
3
4
5
6                                                    The Honorable Ricardo S. Martinez

7

8                    IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10   MICROSOFT CORPORATION,              No. 2:07-cv-936 RSM

11              Plaintiff,               **LETTERS ROGATORY**

12        v.

     IMMERSION CORPORATION,
13
                Defendant.
14

15   TO:      THE APPROPRIATE JUDICIAL AUTHORITY OF JAPAN

16   FROM:    THE UNITED STATES DISTRICT COURT FOR THE WESTERN

17            DISTRICT OF WASHINGTON AT SEATTLE

18        The United States District Court for the Western District of Washington presents its

19   complements to the Appropriate Judicial Authority of Japan, and requests international

20   assistance to obtain the testimony of a Japanese subject to be used in a Civil proceeding

21   before this court in the above-captioned matter.

22   **I.    REQUEST**

23        1.    This Court requests the assistance described herein as necessary in the

24   interests of justice.  This Court requests assistance from the Appropriate Judicial Authority

25   of Japan to obtain the testimony Mr. Shinji Ina, as this evidence cannot be secured except

26   by the intervention of the Japanese courts.

1    2.    Mr. Ina is a subject and resident of Tokyo, Japan. We believe he is

2    employed by Sony Corporation, at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075 Japan.

3    3.    This request is made by an American court of law pursuant to the applicable

4    Federal Rule of Civil Procedure 28(b), which provides that "Depositions may be taken in a

5    foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a

6    letter of request (whether or not captioned a letter rogatory). . . ." We seek your assistance

7    pursuant to the Law Relating to the Reciprocal Judicial Aid to be Given at the Request of

8    Foreign Courts for the taking of evidence.

9    4.    The Appropriate Judicial Authority of Japan is requested to issue an order

10    by your proper and usual process summoning Mr. Shinji Ina to appear before the

11    appropriate Japanese court and provide testimony.

12    5.    It is further requested that American counsel for the parties in the above-

13    captioned matter and an interpreter be permitted to participate in the proceedings before the

14    Japanese court; if this is not possible, we request that Japanese counsel representing the

15    American parties be permitted to participate in the proceedings; if this alternative is not

16    possible, we request that the court ask the witness the attached list of questions. Also

17    attached are documents referenced in the questions to be provided to the witness to assist

18    him with his testimony.

19    6.    It is further requested that a verbatim transcript and videotape of the

20    proceedings be made.

21    7.    ~~This Court has found that justice cannot completely be done between the~~

22    ~~parties without the testimony of Mr. Ina located within your jurisdiction.~~ The Court is ~~We have been~~

23    satisfied that this request is ~~required~~ intended to produce evidence necessary for trial. However, in

24    the interests of justice and judicial economy, we request that the Appropriate Judicial

25    Authority of Japan allow such testimony and documents to be used for pre-trial discovery

26    purposes in the above-captioned matter.

LETTERS ROGATORY (No. 2:07-CV-936RSM) - 2
4829-5223-5266.01
021308/1717/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

## II.   CASE BACKGROUND

9.   The plaintiff in this action is Microsoft Corporation.  Microsoft is a corporation organized under the laws of Washington with its principal place of business in Redmond, Washington.

10.   Defendant Immersion Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business in San Jose, California.

11.   This case arises out of an agreement between Microsoft and Immersion entered into in 2003 which provided for certain payment obligations in the event that Immersion "elects in its ~~whereby Immersion agreed to provide certain sums of money to Microsoft if Immersion~~ discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony the Game Platform Sublicense..."  The ~~settled a lawsuit with Sony Computer Entertainment, Inc. and Sony Computer~~ parties dispute the meaning of the provision at issue. ~~Entertainment America, Inc. ("Sony"), which was pending in the Northern District of California ("Sony Lawsuit").~~

12.   Microsoft alleges that ~~Sony and~~ Immersion ~~did settle the Sony Lawsuit in an~~ owes Microsoft under the provision at issue in the case.  In particular, Microsoft alleges that Immersion and Sony entered into an agreement ~~agreement between Sony and Immersion~~ executed on February 28, 2007 in the United States and March 1, 2007 in Japan ("Sony/Immersion Agreement").  ~~Microsoft alleges that~~ that ~~this settlement~~ triggered ~~Immersion's payment~~ obligations ~~to~~ under Immersion's Agreement with Microsoft.  Microsoft alleges that Immersion owes Microsoft a large amount of money ~~as result of that settlement.~~

13.   Immersion denies Microsoft's allegations and ~~insists that the~~ contends that it does not owe Miscrosoft. ~~Sony/Immersion Agreement is a business deal and not a settlement agreement.~~

## III.   FACTS SUPPORTING REQUEST

14.   Microsoft has presented sufficient evidence to establish that Mr. Shinji Ina of Sony Corporation possesses information relevant to the this litigation because he participated in the negotiations that resulted in the execution of the Sony/Immersion Agreement.

15.   ~~It also appears that Mr. Ina may be the only person from Sony to have participated in the early negotiations with Immersion and therefore that he may have evidence to offer that cannot be obtained from other sources.~~

LETTERS ROGATORY (No. 2:07-CV-936RSM) - 3

4829-5223-5266.01
021308/1717/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

IV.    **STATEMENT OF RECIPROCITY**

16.    When you request it, this Court stands ready and willing to do the same for you in a similar case.

V.    **REIMBURSEMENT FOR COSTS**

17.    Microsoft will reimburse the judicial authorities of Japan for costs incurred in the execution of the letters rogatory.

18.    We request that when this request has been executed, that you provide notice to the Clerk of the Court, United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington, 98101. We further request that you send notice to plaintiff's counsel, Paul J. Kundtz, c/o Riddell Williams, P.S., 1001 Fourth Avenue, Suite 4500, Seattle, WA 98104, U.S.A. and defendant's counsel, Bradley S. Keller, Byrnes & Keller LLP, 1000 Second Avenue, Suite 3800, Seattle, WA 98104-4082, U.S.A.

This Letter Rogatory is signed and sealed for the United States District Court for the Western District of Washington by the Honorable Ricardo S. Martinez, United States District Judge.

DONE this _____th day of February, 2008.

_____
Hon. Ricardo S. Martinez, U.S. District Court Judge

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1

2  Presented By:

3  RIDDELL WILLIAMS P.S.

4  By _____
      Paul J. Kundtz, WSBA #13548
5     Blake Marks-Dias, WSBA #28169
      Wendy E. Lyon, WSBA #34461
6     1001 Fourth Avenue, Suite 4500
      Seattle, WA 98154-1192
7     Phone: (206) 624-3600
      Fax: (206) 389-1708
8     pkundtz@riddellwilliams.com
      bmarksdias@riddellwilliams.com
9     wlyon@riddellwilliams.com

10  Attorneys for Plaintiff Microsoft Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

# EXHIBIT B

<u>QUESTIONS FOR SHINJI INA</u>

I.    **INTRODUCTION**

What is your name?

What is your occupation?

By what company are you employed?

How long have you been employed by that company?

What is your position and title?

Have you worked for other Sony-related companies? Which ones? When? What were your positions and titles?

What was your position at Sony during January 1, 2006 through March 20, 2007? What were your responsibilities during that time?

II.    **DISCUSSIONS WITH REPRESENTATIVES OF IMMERSION**

~~Please provide the dates of all formal mediations between Sony and Immersion Corporation related to the lawsuit Immersion filed against Sony in the United States District Court for the Northern District of California (which will be referred to as the "Sony Lawsuit").~~

~~Who attended each mediation?~~

~~Did Sony make any settlement offers at any of those mediations? If so, what~~

~~were they?~~

~~Did Immersion make any settlement offers at any of these mediations?  If so,~~
~~what were they?~~

At any time, did anyone from Immersion communicate to you that Immersion could not settle its litigation with Sony because of an agreement it had with Microsoft?

~~Outside of formal mediations, identify any Immersion representatives with whom~~
~~you had discussions, when those discussions occurred, where meetings with~~
~~them occurred, the length of those discussions or meetings, and the subjects~~
~~discussed during them.~~

~~In particular, describe your discussions and written communication with~~
~~representatives of Immersion regarding , proposed licenses for Immersion's~~
~~technology, other business agreements pertaining to Immersion's technology,~~
~~and settlement of the Sony lawsuit.~~

When did you first become involved in those discussions?

~~Describe settlement, business, or other terms offered by either Sony or~~
~~Immersion during these communications.~~

Do you speak English fluently? For how long have you been an English speaker?
Do you speak or write English on a weekly basis?

Identify, ~~describe and translate~~ the following attached documents:

1.    **Exhibit 1**, a March 21, 2006 email between you and Mr. Endo

2.    **Exhibit 2**, a March 31, 2006 email between you and Mr. Endo

3.    **Exhibit 3**, a September 6, 2006 email between you and Mr. Endo

Describe what was discussed at each of the meetings and phone conversations referenced in these emails.

Identify who participated in the meetings and telephone conversations referenced in **Exhibits 1-3**.

At any time, did representatives of Immersion communicate to you that Immersion's obligations to Microsoft under a sublicense or other agreement executed in connection with Microsoft's settlement of the Sony lawsuit with Immersion had to be considered or addressed as part of Immersion's settlement or business discussions with Sony. If so, who made these statements, when were they made, and what did they say or write to you?

III.    **COMMUNICATIONS AND NEGOTIATIONS LEADING TO THE IMMERSION/SONY AGREEMENT**

What was your role in the communications and negotiations between representatives of Immersion and Sony from November 2006 through March 2007 that related to the Sony lawsuit, the litigated patents in the Sony Lawsuit, and the Sony/Immersion Agreement, which is attached as **Exhibit 4**.

Who was involved in those discussions between November 1, 2006, and
February 10, 2007?

~~In particular, describe your discussions and other communications with~~
~~representative of Immersion from November 2006 through March 2007,~~
~~regarding the Sony Lawsuit, proposed licenses for Immersion's technology, other~~
~~business agreements pertaining to Immersion's technology, and settlement of~~
~~the Sony lawsuit.~~

~~Describe settlement, business, or other terms offered by either Sony or~~
~~Immersion during these communications.~~

Identify, ~~describe and translate~~ the following attached documents:

1.    **Exhibit 5**, a December 7, 2006 email between you and Mr. Endo.
What telephone conference was Mr. Endo referring to?  What was discussed
during that conference?  Who participated in that conference? How long was the
conference?

2.    **Exhibit 6**, a December 27, 2007 email between you and Mr. Endo

3.    **Exhibit 7**, a January 4, 2007 email between you and Mr. Endo.
Did you meet in Las Vegas?  What was discussed?  Who participated in the
meeting?

4.    **Exhibit 8**, a January 23, 2007 email between you and Mr. Endo.
Did you meet in Japan on January 25 or 26, 2007?  Did you discuss a counter

proposal? What was Sony's proposal at this time and what was Immersion's proposal?

    5.    **Exhibit 9**, a February 2, 2007 email between you and Mr. Endo. Did you visit Mr. Endo on February 5, 2007? What did you discuss? Did you speak with anyone else? What was Sony's counter-proposal? Did it relate to settling the Sony Lawsuit?

    6.    **Exhibit 10**, a February 7, 2006 email between you and Mr. Endo. Did Immersion provide a proposed draft of the agreement that you refer to in the email? Was this the first draft of the Sony/Immersion Agreement (**Exhibit 4**)? ~~As part of its proposal to settle the Sony Lawsuit did Immersion ask that Sony pay the amended judgment and that Immersion be allowed to keep the $31 million that the District Court had ordered Sony to pay as compulsory license fees?~~

    7.    **Exhibit 11**, a February 13, 2007 email between you and Mr. Endo. Did you have a conversation with Mr. Endo the next day? What did you discuss?

    8.    **Exhibit 12**, a February 15, 2007 email between you and Mr. Endo. ~~Does this email indicate that Sony was willing to pay a total of $150 million to Immersion to settle the Sony Lawsuit, obtain a license and achieve the dissolution of the permanent injunction that had been ordered by the District Court in the Sony Lawsuit? As part of that settlement payment did Sony agree to pay the amended judgment? Is the option referred to in paragraph 2 the option that appears in the Sony/Immersion Agreement?~~

## IV.    POWER POINTS

Did you receive the 12/14/06 email from Shoichi Endo, which is attached as **Exhibit 13**?

Identify and describe the 12/13/00 Power Point which is attached as **Exhibit 13.**

Who prepared this document?

Who sent it to you?

What did you do with it?

Who at Sony did you provide it to or discuss it with?

What is **Exhibit 13**? ~~Is it a settlement offer from Immersion to Sony to resolve the Sony lawsuit?~~

What discussions did you have with representatives of Immersion about the subjects and terms that appear in this Power Point either before you received it?

What discussions did you have with Immersion representatives regarding the subjects and terms in this Power Point after you received it?

What was Sony's response to the terms proposed in this Power Point?

~~Identify and describe~~ Describe meetings or phone conversations between you and representatives of Immersion referenced in the following attached documents: **Exhibit 14**, a Power Point dated January 2007.

What is **Exhibit 14**?

Which company prepared **Exhibit 14**?

Who prepared, reviewed or approved **Exhibit 14**?  For each such person, describe his or her role in that process.

Did you receive a copy?  From whom did you receive it?

To whom did you provide copies?

Did you send it to Immersion?

Who reviewed it before it was sent to Immersion?

~~Was this a settlement offer by Sony to Immersion?~~

~~Was it a response to Immersion's settlement proposal to Sony conveyed in~~ **~~Exhibit 14~~**~~?~~

The headings on pages 2 and 3 of **Exhibit 14** state "framework for settlement." What does the term "settlement" refer to?

~~Does this refer to settling the Sony lawsuit?~~

What discussions did you have with representatives of Immersion between the dates that the parties exchanged **Exhibit 8 and 14**?

With whom did you have discussions?

What was said regarding each of the terms and subjects in these two

documents?

## V.    EMAIL AND OTHER COMMUNICATIONS BETWEEN SHOICHI ENDO AND SHINJI INA in Late February 2007.

Identify, ~~describe and translate~~ the following attached documents:

1.    **Exhibit 15**, a February 23, 2007 email between you and Mr. Endo. Describe your discussions with representatives of Immersion about Microsoft's potential reaction to an agreement between Sony and Immersion? For each discussion, please identify who participated in the discussion and what was said by each person on that subject.

At the time of this email, did you know that Immersion had settled the Sony Lawsuit with Microsoft?

Did you know that Immersion may have an obligation to pay money to Microsoft ~~if Sony settled the Sony lawsuit with Immersion?~~

How did you learn this information? Identify any Immersion representative that told you about Immersion's obligations to Microsoft.

Did representatives of Immersion ever tell you that Sony and Immersion had to be careful as to how they described this agreement? If they did, who told you this and what did they say and when did they say it?

Did Immersion communicate to you that Immersion did not want Sony or Immersion to refer to or label the final draft of the agreement being

negotiated between them as a settlement agreement?

Describe what you meant by your statement, "We understand the need to give consideration to what reaction MSFT will have when the agreement is "publicized," so we intend to be careful about that."

What did you do to be careful about how the agreement was publicized or how to address Microsoft's reaction to it?

2.     **Exhibit 16**, a February 28, 2007 email between you and Mr. Endo. In this email or in other communications you had with Immersion around the time of this email, did you state that the objective of the negotiations and the proposed agreement between Sony and Immersion was to resolve or settle all past problems between Sony and Immersion?

What past problems did Sony and Immersion have? Did those past problems include the Sony Lawsuit? Were you referring to any other past problems?

How did the proposed agreement under discussion resolve those problems?

VI.     **DRAFTS OF THE IMMERSION/SONY AGREEMENT**

What was your role in reviewing, revising, or discussing drafts of the Sony/Immersion agreement, examples attaches as **Exhibits 17**?

What discussions did you have with representatives of Immersion regarding

these documents?

Did you understand that these draft documents were for settlement purposes only, as stated on each document? What did you understand that to mean?

What was your role in review or approval of the final version of Immersion/Sony agreement, which is **Exhibit 4**?

## VII.    TOPICS OF DISCUSSION BETWEEN IMMERSION AND SONY

During 2006 and 2007, did you have discussions with representatives of Immersion on the following subjects:

1. Sony paying the amended judgment issued in the Sony Lawsuit?

2. Immersion keeping approximately $32 million in compulsory license fees ordered by the Court in the Sony lawsuit?

3. Sony dismissing its appeals?

4. Immersion granting Sony a license for the litigated patents?

5. Immersion agreeing to dismiss or dissolve the permanent injunction issued by the District Court against Sony in the Sony lawsuit?

What did you discuss with representatives of Immersion on each of those subjects?

Who did you have these discussions with?

What agreements were reached on each of those subjects?

When were those agreements reached?

Were those discussions part of the same discussions that resulted in the
Sony/Immersion Agreement, attached as **Exhibit 4**?

Was Sony's payment of the amended judgment conditioned on the execution of
the Sony/Immersion Agreement?

Was Sony's agreement to allow Immersion to keep the compulsory license fees
conditioned on the execution of the Sony/Immersion Agreement?

Was Sony's dismissal of its appeals conditioned on the execution of the
Sony/Immersion Agreement?

How did Immersion and Sony settle the litigation that began in the United States District
Court for the Northern District of California and continued in the Federal Circuit Court of
Appeals?

Was the Sony Lawsuit resolved by the parties signing the Sony/Immersion
agreement, **Exhibit 4**?

Did Immersion and Sony settle the litigation between them regarding the litigated
patents?

Did Sony dismiss its appeal, pay the amended judgment, and allow
Immersion to keep the compulsory license fees as a result of the
Sony/Immersion Agreement?

Did Sony and Immersion settle the litigation between them regarding

Immersion's patents and the use of forced feedback or rumble technology

in PlayStation games?