UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

Plaintiff,

v.

IMMERSION CORPORATION,

Defendant.

CASE NO. C07-936RSM

ORDER DENYING MICROSOFT'S
MOTION TO DISQUALIFY

## I.  INTRODUCTION

This matter comes before the Court on "Microsoft's Motion to Disqualify Irell &
Manella LLP for Violation of Washington's Rule of Professional Conduct 3.7."  (Dkt. #26).
Plaintiff Microsoft Corporation ("Microsoft") argues that the law firm of Irell & Manella LLP
("Irell & Manella") should be disqualified from representing Defendant Immersion
Corporation ("Immersion") on the grounds that an attorney may not act as both an advocate
and a witness pursuant to Washington Rule of Professional Conduct ("RPC") 3.7.  Immersion
responds that Microsoft misconstrues Washington RPC 3.7, and further argues that Microsoft
has not met its burden in justifying disqualification.

For the reasons set forth below, the Court DENIES"Microsoft's Motion to Disqualify
Irell & Manella LLP for Violation of Washington's Rule of Professional Conduct 3.7."

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

The instant lawsuit stems from an underlying case filed by Immersion in the Northern District of California on February 11, 2002, styled *Immersion Corp. v. Sony Computer Entertainment of American, Inc., et. al.*, No. C02-00710 CW (the "Sony Lawsuit"). (Dkt. #1, Pl.'s Compl., ¶ 7). In that case, Immersion alleged that two Sony entities ("Sony") and Microsoft, through certain gaming consoles, violated patents held by Immersion. (*Id.*). On July 25, 2003, Immersion settled its claims against Microsoft. (*Id.* at ¶ 8). As part of the settlement, the parties entered into a Sublicense Agreement ("SLA") wherein Immersion agreed to pay Microsoft certain amounts in the event that Immersion settled its remaining claims with Sony. (*Id.* at ¶ 9). Following it's settlement with Microsoft, Immersion proceeded with its case against Sony, and ultimately obtained a jury verdict in the amount of $82 million on September 21, 2004. (*Id.* at ¶ 12). The trial court also awarded Immersion approximately $8.7 million in prejudgment interest and costs, bringing the total amount of the judgment to $90,703,608. (Dkt. #27, Decl. of Marks-Dias, Ex. D). The trial court also issued a permanent injunction prohibiting Sony from "manufacturing, using, and/or selling in, or importing into, the United States the infringing Sony Playstation system, including its Playstation consoles." (*Id.*, Ex. E).

Sony appealed the jury verdict on February 9, 2006. (Pl.'s Compl., ¶ 15). However, prior to having its case heard on appeal, Sony and Immersion entered into an agreement on March 1, 2007, whereby Sony dropped its appeal, and Immersion agreed not to enforce the permanent injunction it had against Sony. (*Id.* at ¶¶ 23, 28). Sony also paid approximately $97.3 million to Immersion. (*Id.* at ¶ 25); (Dkt. #30 at 6).

Based on these facts, Microsoft characterizes the agreement between Immersion and Sony as a settlement, thereby triggering Immersion's obligation to pay Microsoft pursuant to the SLA. Immersion argues that its agreement with Sony after the jury verdict and prior to Sony's appeal was not a settlement for purposes of the SLA. Rather, Immersion maintains that it won the Sony Lawsuit. As a result, Microsoft brought the instant breach of contract

claim in this Court.

Microsoft now moves to disqualify the law firm of Irell & Manella from representing Immersion on the grounds that Irell & Manella participated in the drafting of the agreement between Immersion and Sony. (Dkt. #26 at 1). Microsoft further alleges that the attorneys "attempted to disguise that agreement so that it not appear as a settlement agreement." (*Id*. at 2). In addition, Microsoft specifically points out that Richard Birnholz ("Mr. Birnholz") of Irell & Manella played a key role in negotiating and drafting the underlying agreement between Immersion and Sony. (*Id.* at 6-7). Consequently, Microsoft argues that disqualification is justified pursuant to Washington RPC 3.7 because the attorneys at Irell & Manella are material witnesses to the instant case. (*Id.*). In addition, Microsoft notes that Immersion will not suffer prejudice because Immersion is also represented by the law firm of Byrnes & Keller LLP, a firm Microsoft characterizes as "highly skilled counsel." (*Id.*).

**B. Disqualification of an Attorney**

Washington RPC 3.7 provides:

(a)    A lawyer shall not act as an advocate *at a trial* in which the lawyer is likely to be a *necessary witness* unless:

(1)    the testimony relates to an uncontested issue;
(2)    the testimony relates to the nature and value of legal services rendered in the case;
(3)    disqualification of the lawyer would work substantial hardship on the client; or
(4)    the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

(b)    A lawyer may act as advocate *in a trial* in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

*Id.* (emphasis added).

Disqualification is considered "a drastic measure which courts should hesitate to impose except when absolutely necessary." *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)); *see also Venable v. Keever*, 960 F. Supp. 110, 113 (N.D. Tex. 1997) ("Depriving a party of the right to be represented by the

attorney of his or her choice is a penalty that must not be imposed without careful consideration"). Disqualification motions are therefore subject to "particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985). When interpreting Washington RPC 3.7, "[Washington] courts have been reluctant to disqualify an attorney absent compelling circumstances." *Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co.*, 124 Wn.2d 789, 812, 881 P.2d 1020 (1994) (citations omitted). Despite this heightened judicial scrutiny, compelling circumstances do exist where (1) an attorney will give evidence material to the determination of the issues being litigated, (2) the evidence is unobtainable elsewhere, and (3) the testimony is or may be prejudicial to the testifying attorney's client. *See id.* (citations omitted). A Washington court has also justified disqualification of an attorney where the attorney will act as a witness trying to persuade the jury as to a particular set of factual events, and also as an advocate for the same set of factual events. *See State v. Schmitt*, 124 Wn. App. 662, 667, 102 P.3d 856 (2004).

In the instant case, the Court finds no merit in Microsoft's argument to disqualify the entire firm of Irell & Manella. Microsoft has failed to present sufficient evidence to show that each and every attorney at Irell & Manella are necessary witnesses to the instant litigation. Specifically, Microsoft makes no showing that *every* attorney at Irell & Manella will give evidence material to the determination of the issues being litigated. Microsoft merely states that all the attorneys should be disqualified by virtue of their representation of Immersion in the underlying lawsuit against Sony. Such bald assertions are insufficient in the context of a motion to disqualify. *See Weeks v. Samsung Heavy Industries Co., Ltd.*, 909 F.Supp. 582, 583 (N.D.Ill. 1996). Additionally, Microsoft's argument to disqualify Mr. Birnholz in particular is also without merit at this time. While the Court certainly agrees with Microsoft that Mr. Birnholz played a role in the underlying agreements, the mere fact that an attorney participates in an agreement's negotiation is not by itself sufficient to justify disqualification. *See Standard Quimica de Venezuela, C.A. v. Central Hispano Int'l, Inc.*, 179 F.R.D. 64, 66 (D.P.R. 1998); *see also American Special Risk Ins. Co. v. Delta Am. Re Ins. Co.*, 634 F. Supp. 112, 122 (S.D.N.Y. 1986) (finding that attorneys who observe negotiations and review

draft agreements need not be disqualified).

In any event, the plain language of Washington RPC 3.7(a) is unequivocally clear in only prohibiting attorneys from acting as an advocate *at trial*.  Here, discovery has recently begun and is not scheduled to conclude until June 16, 2008.  Trial is not set until October 14, 2008.  Thus, disqualification of any attorney at Irell & Manella is premature.  But if it becomes likely that the attorneys at Irell & Manella are necessary witnesses after the conclusion of discovery, or on the eve of trial, Microsoft is free to move the Court for disqualification at that time.  *See Host Marriot Corp. v. Fast Food Operators, Inc.*, 891 F. Supp. 1002, 1010 (D.N.J. 1995) (denying a motion to disqualify without prejudice where it was premature to determine whether an attorney would be a necessary witness); *see also Chapman Engineers, Inc. v. Natural Gas Sales Co. Inc.*, 766 F. Supp. 949, 958 (D. Kan. 1991) (holding that a court may "suspend its ruling [on a motion to disqualify] until a determination is made if another witness could testify to those same matters").

### III.  CONCLUSION

Having reviewed Plaintiff's motion, Defendant's response, Plaintiff's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1)  "Microsoft's Motion to Disqualify Irell & Manella LLP for Violation of Washington's Rule of Professional Conduct 3.7 " (Dkt. #26) is DENIED without prejudice. Microsoft is free to renew their motion to disqualify in the event this case goes to trial with respect to any or all of the attorneys at Irell & Manella LLP.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this 7th day of March, 2008.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT

ORDER
PAGE - 5