

# RIDDELL WILLIAMS P.S.

1001 FOURTH AVENUE, SUITE 4500 I SEATTLE, WASHINGTON 98154-1192
206.624.3600 TELEPHONE I 206.389.1708 FACSIMILE
WWW.RIDDELLWILLIAMS.COM

PAUL J. KUNDTZ
206.389.1784
PKUNDTZ@RIDDELLWILLIAMS.COM

March 10, 2008

The Honorable Ricardo S. Martinez
United States District Court
700 Stewart Street
Seattle, WA 98101

Re:   Microsoft Corporation v. Immersion Corporation
      Case No. CV07-936 RSM

Dear Judge Martinez:

We write in further support of our request that you issue Letters Rogatory to the appropriate judicial authority of Japan seeking assistance in obtaining testimony from Mr. Shinji Ina. As Immersion points out in its March 5, 2008 letter, the issuance of Letters Rogatory is the only way for Microsoft to obtain Mr. Ina's testimony.

Immersion requests that the Court not state in the Letters Rogatory that "justice cannot be completely done" without the testimony of Mr. Ina. This is a standard phrase found in Letters Rogatory to countries throughout the world. Moreover, Immersion's attempts to limit the significance of Mr. Ina's testimony are not compelling. Immersion states that Microsoft has already deposed another Sony witness, Ms. Jennifer Liu, and that it can depose Immersion witnesses. However, as Ms. Liu testified, she was not a party to the settlement discussions that occurred between Mr. Ina of Sony and Mr. Endo of Immersion during late 2006 and early 2007. In addition, Microsoft should not have to rely solely on an interested party's testimony (Mr. Endo's) regarding those negotiations. Mr. Ina is the only person who can provide objective testimony about several of the discussions that led up to the Sony/Immersion Agreement. Testimony regarding these discussions is relevant to the interpretation of the Sony/Immersion Agreement under Berg v. Hudesman, 115 Wn.2d 657, 801 P.2d 222 (1990).[1]

---

[1] In diversity cases, such as this, a federal court must conform to state law to the extent mandated by the principles set forth in the seminal case of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Pursuant to Erie and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law. Erie, 304 U.S. at 78, 58 S.Ct. 817; Wray v. Gregory, 61 F.3d 1414, 1417 (9th Cir.1995). Therefore, Washington State contract law governs Microsoft's claims.

4813-9346-4066.02
031008/1512/20363.00411

Immersion complains about several of the questions that Microsoft proposed. It objects to any questions about a mediation between Immersion and Sony. This objection is improper because the mediation privilege does not apply. See Folb v. Motion Picture Industry Pension & Health Plans, 16 F.Supp.2d 1164, 1180 (C.D.Cal. 1998) ("Any interpretation of Rule 501 [the rule providing for a federal common law privilege] must be consistent with Rule 408."). FRE 408 only applies when a party offers settlement communications as "evidence of the 'validity,' 'invalidity,' or 'amount' of the disputed claim." FRE 408, Advisory Committee Notes (2006). FRE 408 and the mediation privilege have no applicability to Microsoft's requests for documents relating to the mediation and settlement between Immersion and Sony in the Sony Lawsuit. Microsoft is not seeking materials in order to prove that Immersion did or did not have a valid claim against Sony. In addition, FRE 408, and the mediation privilege by analogy, "does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated." See Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 770 (10th Cir. 1997). The mediation at issue was conducted in the Sony Lawsuit, and concerned only claims relevant to the Sony Lawsuit. Microsoft is not seeking information related to the mediation in this case, or to a prior mediation where one of the parties' claims and defenses were the same as the claims and defenses in this case. Even if the mediation privilege applied, Immersion waived it by claiming in its affirmative defenses that Microsoft, through the Sublicense Agreement, prevented Immersion from settling the Sony Lawsuit.

Immersion also proposes that all questions containing the word "settle" or "settlement" be stricken, as well as all questions asking what might be a part of any settlement between Sony and Immersion. These questions address the precise issue at question here: Did Immersion and Sony settle the Sony Lawsuit? If Mr. Ina does not believe that such a settlement occurred, he can answer the questions accordingly. Immersion's objections to the form of the questions can be considered by the Court when and if Microsoft seeks to admit Mr. Ina's testimony into evidence, and are not a basis for striking the questions.

Microsoft renews its request that the Court issue the Letters Rogatory with attached questions as filed by Microsoft on February 19, 2008, as soon as possible due to the significant time involved in having the Letters Rogatory processed through diplomatic channels to the proper Japanese court.

Sincerely,

Paul J. Kundtz
of
RIDDELL WILLIAMS P.S.

PJK/mrf

4813-9346-4066.02
031008/1512/20363.00411