The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                          Plaintiff,<br><br>         v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>                          Defendant. | No. CV07 936RSM<br><br>**IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71 AND REFERENCED IN RESPONSE TO INTERROGATORY NO. 7**<br><br>NOTE FOR MOTION CALENDAR:<br>March 28, 2008 |

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (CV07 936RSM)

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## I. INTRODUCTION

After a long battle in Immersion's previous patent infringement lawsuit against Sony in the United States District Court for the Northern District of California, Immersion prevailed. Immersion obtained a verdict and a final judgment against Sony for $97.3 million in damages, interest and costs. Sony satisfied this judgment in full and also complied with previous Court orders requiring the payment of compulsory license fees of approximately $30.6 million. Microsoft now seeks to grab a share of Immersion's recovery from Sony, claiming in this case that Immersion had obligations to Microsoft under a 2003 Sublicense Agreement (the "SLA"), which provided for certain payments in the event that Immersion "elect[ed] in its discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony the Game Platform Sublicense." SLA § 2(e). But Immersion prevailed in the Sony Lawsuit, and Sony satisfied the District Court's final judgment and complied with Court orders. Because of this, Immersion did not elect to settle the Sony Lawsuit within the meaning of the SLA, and Microsoft's allegations are misguided.

By this motion, Immersion moves to compel Microsoft to provide important information Microsoft has refused to produce in discovery. Given Microsoft's contention that Sony's satisfaction of the final judgment meant that Immersion elected to "settle the Sony Lawsuit" under the terms and definitions of the SLA, Immersion asked Microsoft to produce its own purported settlement agreements entered in patent lawsuits after a judgment was entered for or against Microsoft. The requested documents would reveal Microsoft's own conduct in such cases and its practice and understanding of what constitutes a "settlement" of a district court proceeding. Immersion also asked Microsoft in Interrogatory No. 7 to identify all lawsuits that Microsoft "ha[s] settled in which Microsoft or the opposing party satisfied a final judgment." Microsoft identified several lawsuits in its partial response, and in meet-and-confer discussions conceded it located some documentation of those settlements in an initial investigation.

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Microsoft, however, refuses to produce this discrete documentation – documentation that Microsoft itself relied upon – on which it based its own Interrogatory response.

Microsoft's refusal to produce the requested documents and information, including documents upon which Microsoft itself relied to support its Interrogatory response, does not withstand scrutiny. Microsoft alleges that Sony's satisfaction of the final judgment constitutes an Immersion election to settle the Sony Lawsuit, as defined in the SLA. However, as Immersion will demonstrate at the appropriate time, the plain language of the Microsoft-Immersion SLA demonstrates, and the negotiating history of the SLA confirms, that the satisfaction of a final judgment and payment of other court-ordered amounts does not constitute a "settlement of the Sony Lawsuit" as contemplated under the SLA. As pertinent here, Immersion is entitled to explore in discovery whether Microsoft's own practice in similar cases further confirms that the satisfaction of a final judgment entered in a district court proceeding does not, even in Microsoft's own understanding, constitute a "settlement" of such proceeding. Microsoft may not withhold this information. The discovery requests in question are narrowly tailored, seek potentially highly-relevant information, and do not present any meaningful burden. Microsoft can readily identify the legal proceedings in which it has been involved, the cases that resulted in a judgment, and the agreements and related documentation executed after judgment was entered. Indeed, Microsoft has already begun to do so, albeit partially and selectively. An Order compelling compliance with the discovery requests should be entered forthwith.

## II. FACTUAL BACKGROUND

### A. Nature of the Case.

This case has its roots in a patent infringement lawsuit that Immersion filed against Microsoft and Sony in February 2002 in the Northern District of California. Immersion alleged that certain Sony PlayStation and Microsoft Xbox video game consoles, controllers, and games infringed two of Immersion's patents. Immersion and Microsoft settled in July 2003. Immersion and Sony did not settle. Immersion's patent lawsuit against Sony was long and hard fought at

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

substantial cost to Immersion. In September 2004, Immersion prevailed after a five-week jury trial when the jury found all of Immersion's asserted claims valid and infringed and awarded Immersion $82 million in damages. The district court subsequently entered an $82 million judgment on the jury's verdict in favor of Immersion, and awarded pre-judgment interest and costs, which Sony satisfied in full. (Dkt. Nos. 42-2 (Jury Verdict); 42-3 (Judgment); 42-4 (Notice of Satisfaction of Judgment).)

This is a breach of contract case that Microsoft brought in June 2007. The main agreement in question here is a "Sublicense Agreement" between Immersion and Microsoft entered into as part of their settlement in July 2003. (Dkt. No. 31, Ex. 1 (filed under seal).) Under the SLA, Microsoft was granted, for 24 months, the right to sublicense Immersion's patents to Sony under certain conditions. *Id.*, ¶ 2 (a), (c), (j). If Microsoft granted Sony such a sublicense, Microsoft would owe Immersion at least $100 million. *Id.*, ¶ 2 (c). Microsoft did not grant Sony a sublicense and hence did not owe Immersion the payments contemplated. The SLA also provided that if Immersion elected in its discretion to settle its district court action against Sony prior to Microsoft's granting Sony a sublicense, and hence deprived Microsoft of the ability to sublicense Sony, Immersion would owe Microsoft certain specified amounts. *Id.*, ¶ 2 (e). The amount to be owed in that event would depend on how much Immersion received for the rights Immersion granted to Sony in the settlement. *Id.*

Specifically, Section 2(c) of the SLA provided that "[i]n the event Microsoft grants Sony [] a Game Platform Sublicense," Microsoft would owe Immersion certain sums, depending on the timing of the sublicense grant. Section 2(e), in turn, provided:

> **Payments to Microsoft in the Event Immersion Settles the Sony Lawsuit Prior to Microsoft Granting Sony a Game Platform Sublicense.** In the event Immersion elects in its discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony the Game Platform Sublicense (and regardless of whether such Immersion settlement occurs during or after the twenty-four (24) month period following the Effective Date), then Immersion shall pay Microsoft an amount determined as follows . . ..

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

*Id.* The SLA defines the "Sony Lawsuit" as "the action in the United States District Court for the Northern District of California entitled <u>Immersion Corporation v. Sony Computer Entertainment of America, Inc., Sony Computer Entertainment, Inc., and Microsoft Corporation</u>, Northern District of California Case No. C02-00710 CW (WDB), as such action pertains to Sony." *Id.*, ¶ 1(k). The SLA does not define what it means for Immersion to elect in its discretion to settle the Sony Lawsuit. However, the negotiating history shows that the term "settle" does *not* encompass the payment a final judgment and the satisfaction of court orders. (Dkt. No. 30, at p. 7; 31, Ex. 8, at p.12 (filed under seal).)

Microsoft now distorts and misreads the SLA in an opportunistic attempt to seize a share of the judgment and other Court-ordered sums that Immersion was awarded and that Sony paid. But Immersion owes Microsoft nothing. Immersion did not do anything that deprived Microsoft of its right to grant Sony a sublicense. Similarly, Immersion did not settle its district court action against Sony. Immersion defeated Sony, obtaining a jury verdict and ultimately a final judgment against Sony.

Microsoft's claims in this case rely upon a 2007 agreement between Immersion and Sony, which by its express terms became effective after Sony satisfied the final judgment. (Dkt. No. 30, Ex. 1, at ¶ 1.9.) The Sony-Immersion Agreement (the "Sony Agreement") is the antithesis of a settlement agreement. It expressly *excluded* any releases for Sony's past acts of infringement regarding the "Litigated PlayStation Products" – *i.e.*, the PlayStation products found by the jury to infringe Immersion's Litigated Patents. *Id.*, ¶ 2.1(a). Instead, the Sony Agreement granted releases for Sony's past conduct with respect to certain products that were *not* at issue in the Sony Lawsuit. *Id.* The Sony Agreement also granted Sony a license for certain going-forward use of Immersion's patents. *Id.*, ¶ 2.1(c), (d). Finally, the Sony Agreement contained an option to license Immersion's patented technology for certain defined future gaming products that were not licensed. *Id.*, ¶ 4.2. Sony has not exercised that option nor

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

given any indication that it will do so. Significantly, no provision of the Sony Agreement obligated Sony to satisfy the judgment or to take any action that would require its satisfaction.

### B. The Relevant Discovery That Microsoft Is Wrongfully Withholding.

Immersion served its First Set of Requests for Production of Documents to Microsoft Corporation ("Requests") on September 11, 2007. Declaration of Alan J. Heinrich, dated March 13, 2008 ("Heinrich Decl."), Ex. 1. In its response, Microsoft refused to produce documents responsive to, among others, Request Nos. 53, 54 and 71. *Id.*, Ex. 2. The parties conferred regarding Microsoft's improper objections in letters dated November 5, 2007, December 21, 2007, January 2, 2008, and January 18, 2008, and in a telephonic discovery conference on January 22, 2007. *Id.*, ¶ 10, Exs. 3, 4, 5, and 6. Microsoft continues to refuse to produce documents responsive to Request Nos. 53, 54 and 71.

The text of Request Nos. 53, 54 and 71 is as follows:

REQUEST FOR PRODUCTION NO. 53:
All purported "settlement agreements," and agreements entered into in connection therewith, between Microsoft and any other entity that were entered into after a judgment was entered against Microsoft and in favor of such other entity in any legal proceeding involving a claim of patent infringement.

REQUEST FOR PRODUCTION NO. 54:
All purported "settlement agreements," and agreements entered into in connection therewith, between Microsoft and any other entity that were entered into after a judgment was entered against such other entity and in favor of Microsoft in any legal proceeding involving a claim of patent infringement.

REQUEST FOR PRODUCTION NO. 71:
All documents identified in your responses to Immersion's First Set of Interrogatories.

Immersion served its First Set of Interrogatories on January 14, 2008. *Id.*, Ex. 7. Interrogatory No. 7 asked Microsoft to "[i]dentify all lawsuits you have settled in which Microsoft or the opposing party satisfied a final judgment." *Id.* In its answer, Microsoft identified six "[e]xamples" of cases "in which Microsoft has paid or an opposing party has paid

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

to Microsoft, part or all of a judgment amount." *Id.*, Ex. 8. Microsoft has refused to produce documentation of such purported settlements.

### III. ARGUMENT

The rules governing the scope of discovery are well established. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Further, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Discoverable information need not be admissible at trial, but merely be "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

### A. Microsoft's Purported Settlement Agreements in Other Patent Cases After a Judgment Has Been Entered Bear Directly on Microsoft's Contentions Regarding the Sony Lawsuit.

Microsoft's core allegation in this case is that the 2007 Sony Agreement is "well within the kind of settlement contemplated by the SLA" and that Immersion owes Microsoft at least $15 million. (*See* Dkt. No. 2 (First Am. Compl., ¶¶ 28, 32, 35.) Immersion repeats that it fought for years at great expense to prevail and obtain a verdict and a final judgment in the Sony Lawsuit, that it did prevail, and that Sony paid every penny the Court ordered it to pay in order to satisfy the final judgment of a United States District Court and comply with other orders. Immersion hotly disputes that Microsoft is entitled to share in this hard-fought recovery, and that it has any obligation to Microsoft under the SLA.

To refute Microsoft's contention that the Sony Agreement and Sony's satisfaction of the district court's final judgment have an "inherent settlement nature" and "are a kind of settlement contemplated by the SLA" (*see id.*, ¶¶ 24, 28), Immersion asked straightforward discovery. The document requests, including Request Nos. 53 and 54, seek Microsoft's purported "settlement agreements," and agreements entered into in connection therewith, in other patent infringement lawsuits that Microsoft contends were settled after judgment was entered for or against

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Microsoft. These agreements will allow Immersion to determine Microsoft's practice with regard to settlements of litigation and whether Microsoft understands or uses the term "settlement" to refer to the satisfaction of a final judgment. The agreements also will reflect those terms that Microsoft includes in its own settlement agreements. *See, e.g., Diamond B Constructors, Inc. v. Granite Falls Sch. Dist.*, 117 Wn. App. 157, 161-62, 70 P.3d 966 (2003) (mutual intent may be established directly or by inference, and may be discerned from the parties' "later acts and conduct"). Because many of the terms that are commonly understood to reflect a settlement (*e.g.*, requiring the dismissal of litigation and release of claims against the litigated products) are not in the agreement between Immersion and Sony on which Microsoft relies here, Microsoft is actively working to withhold its own settlement agreements. The Court should not allow Microsoft to block this discovery.

**B. Microsoft's Response to Interrogatory No. 7 Identifies Specific Lawsuits That Microsoft Contends It Settled in Which Microsoft or the Opposing Party Allegedly Satisfied a Final Judgment, but Microsoft Refuses to Produce the Underlying Documentation.**

Microsoft's refusal to produce the requested documents becomes even more unjustifiable when the Court considers that Microsoft specifically identified in an Interrogatory response the names of lawsuits that it contends were settled and in which a final judgment was satisfied. Microsoft's response to Interrogatory No. 7 states that "Microsoft has settled cases in which Microsoft has paid or an opposing party has paid to Microsoft, part or all of a judgment amount. Examples include" six cases Microsoft identified by name and case number. Heinrich Decl., Ex. 8 at 11-12. However, Microsoft sidesteps the actual question Immersion posed in its Interrogatory, which is directed to cases in which "Microsoft or the opposing party satisfied a final judgment" by artfully qualifying its answer to refer to cases in which it contends that "part or all of a judgment amount" was paid – which actually *broadens* the scope of Immersion's Interrogatory. But putting aside the evasion in Microsoft's answer, to prepare its Interrogatory response Microsoft undoubtedly had to and did review the agreements in the cases it mentioned, as well as the court documents reflecting a satisfaction of judgment (if any). Nevertheless,

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Microsoft refuses to turn over those very documents, which Immersion has requested pursuant to Request Nos. 53, 54 and 71. Microsoft's attempt to hide documents on which Microsoft itself based its Interrogatory response is without any possible justification.

Microsoft may not selectively disclose information to create the impression that its past practice supports its allegations in this case as to what constitutes a settlement of a district court proceeding, while at the same time depriving Immersion the opportunity to test whether the impression Microsoft is attempting to create in its Interrogatory response is true. Without the documents on which Microsoft's Interrogatory response is based, Immersion has no way to explore, let alone test, the veracity or accuracy of Microsoft's response. What happened to the judgment in those cases? What happened to the litigation? What are the terms of the settlement? Did Microsoft or the opposing party pay every penny the Court ordered and file a Notice of Satisfaction of Judgment, as Sony did? Was the judgment in those cases preserved, or was it instead vacated (in contrast to the Sony Lawsuit)? Immersion suspects that the situations in the cases Microsoft identified in its response to Interrogatory No. 7 are not even comparable to what happened in the Sony Lawsuit. Regrettably, Immersion requires the Court to order Microsoft to produce the documentation (such as the settlement agreements and other documents relating to any satisfaction of judgment) in order to answer the questions raised by Microsoft's Interrogatory response. In short, Microsoft's selective disclosure in its response to Interrogatory No. 7 amounts to an improper attempt to use discovery as both a sword and a shield. Microsoft cannot identify facts in an interrogatory response and then refuse to produce the backup.

C.  **Microsoft's Burden and Confidentiality Objections Are Without Merit.**

Immersion expects that in response to this motion, Microsoft will not focus on the relevance of the requested material, given that this can hardly be disputed. Rather, Microsoft likely will reiterate comments made during discovery conferences that Immersion's discovery requests are objectionable because they are allegedly burdensome and seek confidential information. Neither objection has merit.

OF DOCUMENTS (CV07 936RSM) - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

First, the requests are not unduly burdensome. In fact, the requests seek the narrow subset of settlement agreements in patent infringement cases in which a judgment has been entered. Microsoft is in a far better position than Immersion to determine which cases Microsoft has been a party to in which a judgment has been entered and then retrieve any settlement agreement that it contends was entered into with regard to such a proceeding. Microsoft already may have done so. Heinrich Decl., Exs. 7 (Interrogatory Answer No. 7), 5 (Microsoft's January 2, 2008, letter stating that it "has performed an initial investigation" in response to Request Nos. 53 and 54 "and has located several settlement agreements executed post-verdict"). Moreover, Microsoft already identified in its interrogatory responses six cases in which Microsoft alleges "part or all of a judgment amount" was paid. It cannot possibly be a burden for Microsoft to produce agreements that it has already identified and located. Microsoft's next objection, that the agreements contain terms relating to confidentiality, further confirms that Microsoft has already identified responsive documents – and thus further belies Microsoft's position that it is too burdensome to look for them. Finally, Microsoft's unsupported complaints of burden also have a decidedly hollow ring in a case in which it is seeking to recover tens of millions of dollars.

Second, Microsoft's confidentiality objection is not a ground to resist providing this important discovery. If Microsoft were correct, "all individuals and corporations could use confidentiality agreements to avoid discovery." *See, e.g., In re Subpoena Duces Tecum Served on Bell Comm'ns Research, Inc.*, No. MA-85, 1997 WL 10919, at *3 (S.D.N.Y. Jan. 13, 1997) (collecting published and unpublished federal cases collectively holding that such third-party confidentiality agreements provide no protection against discovery requests); *Covia P'ship v. River Parish Travel Ctr., Inc.*, Civ. A. No. 90-3023, 1991 WL 264549, at *1 (E.D.La. Dec. 4, 1991) (same) ("Parties may not foreclose discovery by contracting privately for the confidentiality of documents."). But confidential agreements are produced all the time in discovery. Moreover, what is at issue are agreements that followed what presumably were very

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 9

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

public judicial proceedings that resulted in public judgments. In any event, Microsoft's purported confidentiality concerns are removed as a result of the Stipulated Protective Order Regarding Treatment by the Parties of Confidential Documents lodged with the Court (Dkt. No. 43). This form of Order allows Microsoft to restrict access to these materials to Immersion's outside attorneys.

## IV. CONCLUSION

It is surprising that Microsoft has forced this issue to motion practice. Immersion posed a focused question, asking Microsoft to identify cases it contends it settled in which a final judgment was satisfied. Immersion also asked Microsoft to produce the settlement agreements in cases in which a judgment was entered. But Microsoft refuses to turn over the documents. Microsoft may not withhold documents that bear directly on Microsoft's allegations that Immersion owes Microsoft on account of Sony's satisfaction of a final judgment and compliance with orders of a United States District Court. Immersion respectfully requests that the Court compel Microsoft to produce documents responsive to Request Nos. 53, 54 and 71. Immersion also requests that the Court direct Microsoft to produce the agreements and other documents on which Microsoft's response to Interrogatory No. 7 is based. Microsoft may not use discovery as a sword and a shield by withholding from Immersion the very documents on which Microsoft relied in its Interrogatory response, thereby depriving Immersion the ability to test the accuracy and veracity of that response.

DATED this 13th day of March, 2008.

BYRNES & KELLER LLP

By /s/ Jofrey M. McWilliam
    Bradley S. Keller, WSBA #10665
    Jofrey M. McWilliam, WSBA #28441
    1000 Second Avenue, Suite 3800
    Seattle, WA 98104-4082
    Telephone: (206) 622-2000
    Facsimile: (206) 622-2522
    bkeller@byrneskeller.com
    jmcwilliam@byrneskeller.com
*Attorneys for Defendant Immersion Corporation*

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 13th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J. Kundtz (pkundtz@riddellwilliams.com)
Blake Marks-Dias (bmarksdias@riddellwilliams.com)
Wendy E. Lyon (wlyon@riddellwilliams.com)
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-3600
*Attorneys for Plaintiff*

/s/Jofrey M. McWilliam
/s/Jofrey M. McWilliam, WSBA #28441
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jmcwilliam@byrneskeller.com

IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS (CV07 936RSM) - 11

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000