The Hon. Ricardo S. Martinez
Noted on Motion Calendar: March 28, 2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. CV7-936RSM<br><br>**MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71** |

## I. RELIEF REQUESTED

Through its motion to compel, Immersion seeks to force Microsoft to produce numerous confidential settlement agreements that Microsoft has entered into with other parties in cases that are wholly unrelated to this case or Immersion's prior lawsuit against Microsoft. This request does not seek information that is relevant to the issue involved in this case, namely – Did Immersion settle its lawsuit with Sony through the March 1, 2007 Sony/Immersion Agreement? Revealing the terms of Microsoft's settlements with others in completely unrelated cases will not help resolve this issue.

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 1
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1    In addition, Immersion's requests are unduly burdensome because to
2    comply, Microsoft would have to gather and review thousands of documents that
3    span the course of potentially more than 30 years.
4    Finally, many, if not all, of the settlement agreements are subject to
5    confidentiality provisions. Settlement agreements are protected from discovery
6    because the policy in favor of encouraging settlements is stronger than the
7    inquiring party's need to know the terms of a settlement.
8    Microsoft requests that the Court deny Immersion's motion to compel
9    production of documents responsive to request numbers 53, 54 and 71.

## II. STATEMENT OF FACTS

11   In 2002 Immersion sued Microsoft and Sony for patent infringement ("Sony
12   Lawsuit"). As part of a settlement agreement between Microsoft and Immersion in
13   2003, Immersion agreed to make certain payments to Microsoft in the event it
14   settled with Sony. The payback provisions became part of the Sublicense
15   Agreement ("SLA"). The SLA broadly defines "settlement amount" to encompass
16   numerous scenarios including Immersion providing a license to Sony. The
17   payback provisions of the SLA apply regardless of what form the settlement took.
18   See SLA, sec. 2(e) attached as Ex. A to the Declaration of Wendy E. Lyon ("Lyon
19   Decl.").
20   In March 2007, after the court had entered a judgment against Sony and
21   the case was up on appeal, Immersion resolved the litigation with Sony through
22   the Sony/Immersion Agreement. During the negotiations of that agreement,
23   Immersion and Sony exchanged settlement proposals, marked "Confidential
24   Settlement Communication." See December 2006 and January 2007 Proposals,
25   attached as Ex. B to the Lyon Decl. During February 2007, Immersion and Sony
26   also exchanged numerous drafts of their agreement. See Drafts, attached as Ex.

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 2
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

C to the Lyon Decl. The drafts contained all of the terms of the final agreement, including terms that would resolve the Sony Lawsuit, pay the outstanding judgment, provide mutual releases, dissolve the permanent injunction and provide Sony with a license to Immersion's technology which was the subject of the litigation. Each page was stamped "Confidential, For Settlement Purposes Only." Id.

Through operation of the Sony/Immersion Agreement all aspects of the Sony Lawsuit were resolved. Sony dismissed its appeals, released funds from escrow to satisfy the amended judgment, allowed Immersion to keep the compulsory license fees. Immersion, in turn, gave a license to Sony, agreed not to enforce the permanent injunction and signed a stipulation to dissolve the permanent injunction. See Sony/Immersion Agreement, Recitals C, D, sec. 1.9, 2.1(c) and (d), 4.1, and 5.3, attached as Ex. D to the Lyon Decl.

Immersion denies that it settled its lawsuit with Sony. In its Motion to Compel, Immersion advances several arguments about why it did not settle with Sony. However, the discovery sought here – namely, Microsoft's settlement agreements with third parties – has no bearing on any of these arguments, making the requested discovery irrelevant to this dispute. Immersion's primary argument is that these other settlement agreements are relevant to the interpretation of the SLA between Immersion and Microsoft. However, the terms of Microsoft's other settlement agreements were not known to Immersion when the parties negotiated, drafted, and executed the SLA, and therefore cannot serve as evidence of mutual intent.

In addition, the requests are overly broad and burdensome. Microsoft has been in business for over 30 years. Declaration of Steve Aeschbacher ("Aeschbacher Decl."). During that time it has been involved in hundreds of

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 3
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

lawsuits and entered into hundreds of settlement agreements in a wide range of cases, including many patent lawsuits. Id. Responding to Immersion's requests would be an arduous task, requiring Microsoft to locate and review thousands of pages of documents. Id.

Further, most of Microsoft's settlement agreements are subject to confidentiality provisions, which preclude Microsoft from disclosing them to Immersion. Aeschbacher Decl.

### III. ARGUMENT

A.  The Requests Seek Irrelevant and Inadmissible Information

The discovery that Immersion seeks through this motion to compel is not relevant to the interpretation of the SLA. Microsoft's unrelated confidential settlement agreements with other parties cannot prove or disprove anything about the SLA or Sony/Immersion Agreement and therefore are not likely to lead to admissible evidence.

Immersion argues that Sony's payment of the amended judgment cannot be part of any settlement with Sony. However, payment of the judgment was an expressly negotiated part of the Sony/Immersion Agreement. In fact, the agreement could not become effective until the judgment was paid. Lyon Decl., Ex. D, sec. 1.9. Nothing precludes a party from paying all, part, or more than a judgment in order to settle a case. The fact that the Sony/Immersion Agreement includes payment of the judgment in full, along with other consideration, does not make the agreement any less of a settlement.

Nevertheless, Immersion seeks discovery of Microsoft's unrelated agreements with others in hopes of finding that Microsoft has never settled a case in which a judgment was paid in full. It will then argue that Microsoft knew that "settlement" in the SLA does not include payment of a judgment. It will then urge

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 4
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

the Court to adopt Immersion's interpretation of "settle" and find that the Sony/Immersion Agreement is not a settlement agreement because Sony paid a judgment.

However, under the Washington rules of contract interpretation, Microsoft's unilateral understanding of the term "settlement" and subjective understanding of what constitutes a settlement agreement based on its other settlement agreements is inadmissible for purposes of contract interpretation. Hearst Communications, Inc. v. Seattle Times, 154 Wn.2d 493, 503, 115 P.2d 262 (2005) (Extrinsic evidence may not be introduced which solely constitutes one party's unilateral, unexpressed understanding); Go2Net, Inc. v. C I Host, Inc., 115 Wn.App. 73, 60 P.3d 1245 (2003) (admissible extrinsic evidence does not include evidence of a party's unilateral or subjective intent as to contract's meaning). Only evidence of mutual intent is admissible as context evidence to help determine the meaning of a contract. Berg v. Hudesman, 115 Wn.2d 657, 801 P.2d 222 (1990) (The primary goal of the interpretation of a contract is to determine the mutual intent of the parties.)[1] In determining the mutual intent, courts look to the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. Max L. Wells Trust v. Grand Cent. Sauna & Hot Tub Co. of Seattle, 62 Wn.App. 593, 602, 815 P.2d 284 (1991).

Therefore, evidence demonstrating whether Microsoft knew or did not know, based upon its prior experience, that a settlement agreement could involve payment of some, all or more than the amount of judgment, is not admissible because the understanding was not mutual. Immersion certainly did not know of

---

[1] Immersion will not be able to present any evidence that there was any understanding between it and Microsoft that an agreement such as the Sony/Immersion Agreement would not be considered a settlement and would not trigger Immersion's payment obligations under the SLA. Any attempt to submit a statement of alleged subjective understanding that limits the scope of "settle" "settlement" or "settlement amount" under the SLA should be rejected as inadmissible extrinsic evidence.

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 5
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

the terms of confidential settlements between Microsoft and third parties in unrelated lawsuits when it negotiated, drafted and executed the SLA. The terms of those agreements and any understanding that Microsoft had based on those agreements was not communicated to Immersion and is therefore inadmissible. See West American Ins. Co. v. State Farm Mut. Auto. Ins. Co., 4 Wn.App. 221, 480 P.2d 537 (1971) (reversed on other grounds).

Even if Microsoft's unilateral understanding of its prior settlements was relevant, Immersion's argument based upon that understanding is a non-sequitr. What Microsoft has done to resolve other disputes does not and cannot change the nature of the Sony/Immersion Agreement, to which Microsoft is not even a party. If Microsoft had entered into a thousand settlement agreements just like the Sony/Immersion Agreement, it would not prove that the Sony/Immersion Agreement is a settlement agreement. Likewise, if Microsoft had never entered into such an agreement, it would not change the fact that Sony and Immersion chose to settle the Sony Lawsuit through such an agreement, which called for the payment of a judgment.

Moreover, Immersion's requests for "all" settlement agreements would include those settlement agreements which Microsoft entered into after it executed the SLA with Immersion. These agreements could not even shed light on Microsoft's unilateral understanding of settlement agreements at the time of the SLA.

In sum, Microsoft's other settlement agreements would not provide evidence of the circumstances surrounding the formation of the SLA or Sony/Immersion Agreement, Immersion and Microsoft's course of dealing, or Immersion and Sony's course of dealing. Microsoft's other settlement agreements

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 6
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

simply were not part of or considered during the negotiations, drafting and performance of the SLA or Sony/Immersion Agreement.

Immersion also argues that the Sony/Immersion Agreement was not a settlement agreement because it does not contain an explicit release of the claims over the two litigated patents. However, the Sony/Immersion Agreement provided a license to Sony for use of the litigated patents and a clause precluding Immersion from enforcing the permanent injunction, which in effect released all future claims; and Sony paid the judgment issued by the court, which released all past claims. As Ms. Liu, Sony's in house counsel stated, between satisfying the amended judgment for the two litigated patents and obtaining a license to the litigated patents, "Sony, in effect, got a full release of any claims Immersion might have on the litigated patents." Deposition of Jennifer Liu., v.2, 327:9-12, 14, attached as Ex. E to the Lyon Decl. According to Ms. Liu, there was no need for an express release of the Litigated Patents. Liu Dep., v.2, 280:9-21, Ex. E to the Lyon Decl. Reviewing Microsoft's settlement agreements with others will not help resolve the issue of whether the Sony/Immersion Agreement had to have a direct, rather than indirect, release of the litigated patents in order to be a settlement agreement.

Immersion also asserts, without support, that its payback obligations to Microsoft expired after 24 months when Microsoft's right to sublicense the technology to Sony expired. While Microsoft only had the right to sublicense Sony for 24 months, Microsoft's right to payment had no time limit. Immersion's interpretation directly contradicts the express language of the SLA, which reads:

> In the event Immersion elects in its discretion to settle the Sony Lawsuit prior to Microsoft's granting Sony the Game Platform Sublicense (and regardless of whether such Immersion settlement occurs during or after the twenty-four (24) month period following the Effective

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 7
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Date), then Immersion shall pay Microsoft an amount determined as follows. . .

Ex. A, sec. 2(e) to the Lyon Decl. (emphasis added). Moreover, in sworn statements, made after the 24 months in which Microsoft had sublicensing rights (i.e. after July 25, 2005), Immersion repeatedly and publicly announced that even though Microsoft's sublicensing rights had expired, it would still owe Microsoft under the SLA if it settled with Sony. See, e.g., Immersion's September 30, 2005 10-Q, attached as Ex. F to the Lyon Decl. Microsoft's settlement agreements with third parties will not help resolve whether Immersion's payback provisions expired after 24 months.

Immersion argues that Microsoft has opened the door to this discovery because it identified a few examples of settlement of patent cases post verdict. However, Immersion fails to mention that Microsoft expressly made the same objections that it is making here, and provided a limited response without waiving those objections. In particular, Microsoft objected that the information sought was irrelevant. See January 2, 2008 letter from Wendy Lyon to Brad Keller, and Microsoft's response to Immersion's First Set of Interrogatories, No. 7, attached as Exs. 5 and 8 to the Alan Heinrich Declaration. Microsoft's providing a limited answer in the hope of convincing Immersion that this line of discovery would not be fruitful does not make irrelevant information relevant to an argument that Microsoft itself is not advancing. Microsoft has not asserted that its settlement agreements with third parties prove that settlements can be reached post-verdict and can include the payment of a judgment. Immersion is not entitled to review Microsoft's settlement agreements with third parties.

/ / /

/ / /

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 8
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

### B. The Requests Are Overly Burdensome

Immersion's requests seek (1) all Microsoft settlement agreements in patent disputes that occurred post-verdict, and (2) all Microsoft settlement agreements where a judgment was paid as part of the settlement. Microsoft is a very large company that has been in business for over 30 years. Aeschbacher Decl. Throughout this time it has been involved in hundreds of lawsuits and has entered into hundreds of settlement agreements in antitrust, patent, trade secret, copyright, consumer class actions, contract disputes, employment, anti-piracy, trademark, digital enforcement, anti-phishing and personal injury cases. Id.

Therefore, to comply with these requests, Microsoft would have to locate and review all of these agreements which span more than 30 years; determine which ones involved patent disputes, which ones were entered post-verdict (an inquiry which would likely require research and review of other case documents because many settlement agreements do not reveal which stage of litigation the parties are in when they settle); and determine which ones involved the payment of a judgment. Id.

### C. Confidential Settlement Agreements are Not Discoverable

Immersion mistakenly dismisses Microsoft's objection to producing settlement agreements that are subject to confidentiality provisions, by relying on inapplicable cases that did not involve requests for confidential settlement agreements. The discovery rules do not require disclosure or production of settlement agreements between one party and third parties, absent unusual circumstances. See Long v. American Red Cross, 145 F.R.D. 658, 667 (S.D.Ohio, 1993).

One of the benefits of entering into a settlement agreement is the ability to keep private the terms of the settlement. Therefore:

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 9
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

> Parties who have agreed not to disclose the terms of a settlement may legitimately withhold that information from discovery, even if it might be relevant to some other litigated matter, based upon the Court's view that the policy in favor of encouraging settlements is stronger than the inquiring party's need to know the terms of a settlement.

Long, 145 F.R.D. at 667 (citing Gaull v. Wyeth Laboratories, 687 F.Supp. 77 (S.D.N.Y.1988) ("Considering the small evidentiary value of the terms of the settlement agreement, and the chilling effect an order of disclosure of agreements entered into with the understanding of confidentiality would have on future settlement negotiations in other litigation, the Court declines as a matter of policy to order its disclosure."); see also Abbott Diabetes Care Inc. v. Roche Diagnostics Corp., 2007 WL 2255236 (N.D.Cal., 2007) ("When I weigh the confidentiality expectation of Abbott [plaintiff] and LifeScan [third party] and the policy of encouraging settlement against the questionable relevance of the documents, the scale tips decidedly against disclosure."); Cai v. Fishi Cafe, Inc., 2007 WL 2781242 (N.D.Cal., 2007) (sustaining objection to offer of settlement agreement as evidence based on confidentiality provision in agreement barring disclosure).

As discussed above, Microsoft's settlement agreements with third parties in unrelated cases are not relevant to the issues in this case. Even if there was some relevance, it would be minimal and remote, and not sufficient to overcome the presumption that confidential settlement agreements should be protected from discovery.

## IV. CONCLUSION

Immersion seeks documents which are not relevant to determining the mutual intent of Microsoft and Immersion regarding the terms of the SLA, or determining the nature of the Sony/Immersion Agreement. Immersion's request is also unduly burdensome and ignores the fact that the requested documents are

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 10
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

protected by confidentiality provisions that the Court should honor. Microsoft, therefore, requests that the Court deny Immersion's Motion to Compel. A proposed order is attached.

DATED March 24, 2008.

RIDDELL WILLIAMS P.S.

By /s/ Wendy E. Lyon
Paul J. Kundtz, WSBA #13548
pkundtz@riddellwilliams.com
Blake Marks-Dias, WSBA #28169
bmarksdias@riddellwilliams.com
Wendy E. Lyon, WSBA #34461
wlyon@riddellwilliams.com
Phone: (206) 624-3600; Fax: (206) 389-1708
Attorneys for Plaintiff Microsoft Corporation

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO
COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 11
4811-6848-5890.01
032408/1547/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I, Margaret Friedmann, declare as follows:

I am over 18 years of age and a citizen of the United States. I am employed as a legal secretary by the law firm of Riddell Williams P.S.

On the date noted below I electronically filed the foregoing document titled **MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71** and **[PROPOSED] ORDER DENYING IMMERSION CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Immersion Corporation:

| | |
|---|---|
| Bradley S. Keller<br>Jofrey M. McWilliam<br>Byrnes & Keller LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104-4082<br>Phone: (206) 622-2000<br>Fax: (206) 622-2522<br>Email: bkeller@byrneskeller.com<br>jmcwilliam@byrneskeller.com | Richard M. Birnholz<br>Morgan Chu<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Phone: (310) 277-1010<br>Fax: (301) 203-7199<br>Email: rbirnholz@irell.com<br>mchu@irell.com |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington this 24th day of March, 2008.

*Margaret Friedmann*
Margaret Friedmann
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: mfriedmann@riddellwilliams.com

MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO COMPEL DOCS. RESP. TO 53, 54 & 71 (No. CV7-936RSM) - 12
4811-6848-5890.01
032408/1546/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600