The Honorable Ricardo S. Martinez
Noted on Motion Calendar: March 28, 2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION,<br><br>Defendant. | No. 2:07-CV-936-RSM<br><br>**DECLARATION OF WENDY E. LYON IN SUPPORT OF MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71** |

I, Wendy E. Lyon, declare as follows:

1. I am one of the attorneys representing plaintiff Microsoft Corporation and have personal knowledge of the following. I am a citizen of the United States, over the age of 18 years, and competent to make this Declaration.

2. Attached as Exhibit A is a true and correct copy of the Sublicense Agreement between Microsoft Corporation ["Microsoft"] and Immersion Corporation ["Immersion"], entered into on July 25, 2003, which is being filed under seal.

3. Attached as Exhibit B are true and correct copies of settlement proposals exchanged between Immersion and Sony Computer Entertainment

DECLARATION OF WENDY E. LYON IN SUPPORT OF
OPPOSITION TO MOTION TO COMPEL- (No. 2:07-936-RSM) ) - 1
4846-5211-6738.01
032108/1621/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

America ["Sony"] in December 2006 and January 2007, which are being filed under seal.

4. Attached as Exhibit C are copies of numerous confidential drafts of the agreement between Sony and Immersion exchanged between them during February 2007. These drafts were previously filed under seal as Exhibits K-1 and K-2 (Doc. #28) to the Declaration of Blake Marks-Dias in Support of Microsoft's Motion to Disqualify Irell & Manella LLP (Doc. #27), and are being filed under seal.

5. Attached as Exhibit D is a true and correct copy of the Sony/Immersion Agreement. This document was previously filed under seal as Exhibit M (Doc. #28) to the Declaration of Blake Marks-Dias in Support of Microsoft's Motion to Disqualify Irell & Manella LLP (Doc. #27), and is being filed under seal.

6. Attached as Exhibit E are excerpts from Jennifer Liu's deposition, taken on January 23, 2008, v. 2, pp. 280, 327, and 344, and are being filed under seal.

7. Attached as Exhibit F is a true and correct copy of excerpts from Immersion Corporation's Form 10-Q filed with the SEC for the period ended September 30, 2005.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and complete to the best of my knowledge.

SIGNED this 21st day of March, 2008, at Seattle, Washington.

_____
Wendy E. Lyon

DECLARATION OF WENDY E. LYON IN SUPPORT OF
OPPOSITION TO MOTION TO COMPEL- (No. 2:07-936-RSM) )- 2
4846-5211-6738.01
032108/1621/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I, Margaret Friedmann, declare as follows:

I am over 18 years of age and a citizen of the United States. I am employed as a legal secretary by the law firm of Riddell Williams P.S.

On the date noted below, I electronically filed the foregoing document titled **DECLARATION OF WENDY E. LYON IN SUPPORT OF MICROSOFT'S OPPOSITION TO IMMERSION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Immersion Corporation:

| | |
|---|---|
| Bradley S. Keller<br>Jofrey M. McWilliam<br>Byrnes & Keller LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104-4082<br>Phone: (206) 622-2000; Fax: (206) 622-2522<br>Email: bkeller@byrneskeller.com<br>jmcwilliam@byrneskeller.com | Richard M. Birnholz<br>Morgan Chu<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Phone: (310) 277-1010; Fax: (301) 203-7199<br>Email: rbirnholz@irell.com<br>mchu@irell.com |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington this 24Th day of March, 2008.

Margaret Friedmann
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: mfriedmann@riddellwilliams.com

DECLARATION OF WENDY E. LYON IN SUPPORT OF
OPPOSITION TO MOTION TO COMPEL- (No. 2:07-936-RSM) )- 3
4846-5211-6738.01
032108/1621/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Table of Contents

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-Q

(MARK ONE)

☑ **QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the quarterly period ended September 30, 2005

OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from _____ to _____

Commission file number 000-27969

# IMMERSION CORPORATION
(Exact name of registrant as specified in its charter)

| Delaware | 94-3180138 |
|---|---|
| *(State or other jurisdiction of incorporation or organization)* | *(I.R.S. Employer Identification No.)* |

801 Fox Lane, San Jose, California 95131
*(Address of principal executive offices)(Zip Code)*

(408) 467-1900
*(Registrant's telephone number, including area code)*

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☑ No ☐

Indicate by check mark whether the registrant is an accelerated filer (as defined in Rule 12b-2 of the Exchange Act).

Yes ☐     No ☑

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).

Yes ☐     No ☑

Number of shares of common stock outstanding at November 1, 2005: 24,160,271

EXHIBIT F

Table of Contents

unenforceability, as well as non-infringement. The District Court also awarded Immersion court costs of approximately $515,000 as part of the final judgment. Court costs do not include attorneys' fees. Sony Computer Entertainment filed a motion requesting that the Court review the cost award and award a lower amount. Sony Computer Entertainment's motion was referred to a Special Master. The parties currently are awaiting the decision of the Special Master.

Sony Computer Entertainment also filed further motions seeking "judgment as a matter of a law" (JMOL) or for a new trial, and a motion for a stay of an accounting and execution of the judgment. On May 17, 2005, Judge Wilken denied these motions. On April 27, 2005, the Court granted Sony Computer Entertainment's request to approve a supersedeas bond, secured by a cash deposit with the Court in the amount of $102.5 million, to obtain a stay of enforcement of the Court's Amended Judgment pending appeal. On May 17, 2005, the Court issued a minute Order stating that in lieu of the supersedeas bond the Court would allow Sony Computer Entertainment to place the funds on deposit with the Court in an escrow account subject to acceptable escrow instructions.

On May 17, 2005, Sony Computer Entertainment filed a Request for Inter Partes Reexamination of the '333 Patent with the United States Patent and Trademark Office. On May 19, 2005, Sony Computer Entertainment filed a similar request for reexamination of the '213 Patent. On July 6, 2005, Immersion filed a Petition to dismiss, stay, or alternatively to suspend both of the requests for reexamination, based at least on the grounds that a final judgment has already been entered by a United States District Court, and that the PTO's current inter partes reexamination procedures deny due process of law. The PTO denied this petition. After the PTO ordered the reexaminations on August 17, 2005, Immersion filed a subsequent petition with the PTO on September 12, 2005 requesting that the PTO suspend the reexaminations pending the outcome of Sony Computer Entertainment's appeal to the Federal Circuit. Sony Computer Entertainment opposed Immersion's petition on September 26, 2005. The PTO has not yet issued a decision on this second petition.

On July 21, 2005, Sony Computer Entertainment filed a motion in the District Court before Judge Wilken seeking relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure on the grounds of alleged fraud and "newly discovered evidence" of purported prior art that Sony Computer Entertainment contends Immersion concealed and withheld attributable to Mr. Craig Thorner, a named inventor on three patents that Sony Computer Entertainment urged as a basis for patent invalidity during the trial. On August 9, 2005, the Court reopened discovery until October 1, 2005, limited to the issues raised in Sony Computer Entertainment's motion. The Court's August 9, 2005 Order also states that the Court will notify the parties if it decides to hear oral argument on the motion; otherwise the matter will be taken under submission on the papers. During the months of September and October 2005, the parties engaged in discovery, including depositions of Mr. Thorner and other witnesses. On October 12, 2005, Immersion filed its opposition to Sony Computer Entertainment's motion, along with supporting evidence, to rebut Sony Computer Entertainment's allegations and articulate Immersion's position regarding why Sony Computer Entertainment is not entitled to relief under Rule 60(b). Sony Computer Entertainment filed its reply papers on October 26, 2005. Immersion disputes and intends to vigorously defend itself against these allegations.

On June 16, 2005, Sony Computer Entertainment filed a Notice of Appeal from the District Court judgment to the Federal Circuit. Sony Computer Entertainment filed its Opening Brief on October 21, 2005 appealing the District Court's judgment concerning validity of the '333 patent, Sony Computer Entertainment's infringement of the '213 patent, the March 24, 2005 Order in Immersion's favor regarding Sony Computer Entertainment's allegations of inequitable conduct, and the District Court's permanent injunction. Immersion's Opposition Brief is currently due December 7, 2005. On September 26, 2005, Sony Computer Entertainment filed a motion to stay its appeal pending the outcome of its motion seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On October 13, 2005, Immersion filed its opposition, and on October 24, 2005 Sony Computer Entertainment filed its reply in support of its motion to stay the appeal. The Federal Circuit has denied Sony Computer Entertainment's motion to stay the appeal.

Due to the inherent uncertainties of litigation, we cannot accurately predict how the Court of Appeals will decide the appeal. We anticipate that the litigation will continue to be costly, and there can be no assurance that we will be able to recover the costs incurred in connection with the litigation. We expense litigation costs as incurred and only accrue for costs that have been incurred but not paid to the vendor as of the financial statement date. The litigation has diverted, and is likely to continue to divert, the efforts and attention of some of our key management and personnel. As a result, until such time as it is resolved, the litigation could adversely affect our business. Further, any unfavorable outcome could adversely affect our business.

As part of Immersion's settlement with Microsoft on July 25, 2003, Immersion provided Microsoft with sublicense rights to pursue certain license arrangements directly with game platform vendors including Sony Computer Entertainment which, if consummated, would result in payments to Immersion. Microsoft's sublicense rights under that agreement expired on July 25, 2005, without any grant being given by Microsoft to any game platform vendors, including Sony Computer Entertainment. However, in the event we settle our lawsuit with Sony Computer Entertainment, we still will be obligated to pay certain sums to

35

Table of Contents

Microsoft as described in Note 8. If Sony Computer Entertainment ultimately was successful on appeal or in the reexamination process, the judgment may be put at risk, assets relating to the patents in the lawsuit may be impaired, and Sony Computer Entertainment may seek additional relief, such as attorneys' fees.

On October 20, 2004, Internet Services LLC, an Immersion licensee and cross-claim defendant against whom Sony Computer Entertainment had filed a claim seeking declaratory relief, filed claims against Immersion alleging that Immersion breached a contract with ISLLC by suing Sony Computer Entertainment for patent infringement relating to haptically-enabled software whose topics or images are allegedly age restricted, for judicial apportionment of damages awarded by the jury between ISLLC and Immersion, and for a judicial declaration with respect to ISLLC's rights and duties under agreements with Immersion. On December 29, 2004, the Court issued an Order dismissing ISLLC's claims against Sony Computer Entertainment with prejudice and dismissing ISLLC's claims against Immersion without prejudice to ISLLC filing a new complaint "if it can do so in good faith without contradicting, or repeating the deficiency of, its complaint." On January 12, 2005, ISLLC filed Amended Cross-Claims and Counterclaims against Immersion that contained similar claims. ISLLC also realleged counterclaims against Sony Computer Entertainment. On January 28, 2005, Immersion filed a motion to dismiss ISLLC's Amended Cross-Claims and a motion to strike ISLLC's Counterclaims against Sony Computer Entertainment. On March 24, 2005 the Court issued an Order dismissing ISLLC's claims with prejudice as to ISLLC's claim seeking a declaratory judgment that it is an exclusive licensee under the '213 and '333 patents and as to ISLLC's claim seeking "judicial apportionment" of the damages verdict in the Sony Computer Entertainment case. The Court's Order further dismissed ISLLC's claims without prejudice as to ISLLC's breach of contract and unjust enrichment claims. ISLLC filed a notice of appeal of those orders with the Federal Circuit on April 18, 2005. ISLLC's appeal has been consolidated with Sony Computer Entertainment's appeal.

*Immersion Corporation vs. Electro Source LLC*

On September 24, 2004, we filed in the United States District Court for the Northern District of California a complaint for patent infringement against Electro Source LLC (Case No. 04-CV-4040 CW). Electro Source is a leading seller of video game peripherals under the Pelican name. Immersion's Complaint alleges that Electro Source has willfully infringed, and continues to willfully infringe, the same two patents asserted in our litigation against Sony Computer Entertainment. The Complaint seeks injunctive relief, as well as damages in an amount to be proven at trial, trebled due to Electro Source's willful infringement, and attorneys' fees and costs. Electro Source filed an answer to the Complaint denying the material allegations and asserting against Immersion counterclaims seeking a judicial declaration that the asserted patents are invalid, unenforceable, and not infringed.

On February 3, 2005, the Court entered a Case Management Order that set pretrial dates relating to discovery and other matters and scheduled the trial date. On April 7, 2005, the parties engaged in mediation but did not reach a settlement. On June 15, 2005, the Court rescheduled the trial date to October 10, 2006. The parties are in the process of conducting discovery. We intend to vigorously pursue our claims against Electro Source.

LITIGATION REGARDING INTELLECTUAL PROPERTY RIGHTS COULD BE EXPENSIVE, DISRUPTIVE, AND TIME CONSUMING; COULD RESULT IN THE IMPAIRMENT OR LOSS OF PORTIONS OF OUR INTELLECTUAL PROPERTY; AND COULD ADVERSELY AFFECT OUR BUSINESS.

Intellectual property litigation, whether brought by us or by others against us, could result in the expenditure of significant financial resources and the diversion of management's time and efforts. From time to time, we initiate claims against third parties that we believe infringe our intellectual property rights. We intend to enforce our intellectual property rights vigorously and may initiate litigation against parties that we believe are infringing our intellectual property rights if we are unable to resolve matters satisfactorily through negotiation. Litigation brought to protect and enforce our intellectual property rights could be costly, time-consuming, and distracting to management and could result in the impairment or loss of portions of our intellectual property. In addition, any litigation in which we are accused of infringement may cause product shipment delays, require us to develop non-infringing technologies, or require us to enter into royalty or license agreements even before the issue of infringement has been decided on the merits. If any litigation were not resolved in our favor, we could become subject to substantial damage claims from third parties and indemnification claims from our licensees. We and our licensees could be enjoined from the continued use of the technologies at issue without a royalty or license agreement. Royalty or license agreements, if required, might not be available on acceptable terms, or at all. If a third party claiming infringement against us prevailed, and we could not develop non-infringing technologies or license the infringed or similar technologies on a timely and cost-effective basis, our expenses would increase and our revenues could decrease.