The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV07 936RSM<br><br>**IMMERSION'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST NOS. 53, 54 AND 71 AND REFERENCED IN RESPONSE TO INTERROGATORY NO. 7**<br><br>NOTED FOR MOTION CALENDAR:<br>March 28, 2008 |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

IMMERSION'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL
(CV07 936RSM)

## I. INTRODUCTION

In resisting Immersion's request for important documents reflecting Microsoft's own conduct and practice with regard to settlement in cases in which a judgment has been entered, Microsoft is trying to set up a situation in discovery where it only "receives" but does not "give." Microsoft has pressed for a wide range of discovery on the topic of "settlement," including deposing witnesses about their general practices and experiences relating to settlement agreements and moving to compel Immersion to produce a broad range of "settlement" related documents. But Microsoft now seeks to block Immersion's limited document requests to investigate how Microsoft itself uses the term "settle" and whether its own "settlement agreements" have any resemblance to the 2007 Sony/Immersion agreement. Immersion suspects that Microsoft is resisting this discovery because Microsoft has never "settled" a case in which a judgment remained in place and was satisfied.

None of Microsoft's arguments in its opposition brief with regard to relevance, burden, and confidentiality has merit. Evidence of Microsoft's own conduct in cases where a judgment was entered bears directly on Microsoft's allegations in this case that Immersion "elected in its discretion to settle the Sony Lawsuit" (defined as the district court action). Indeed, Microsoft's agreements, which likely contain provisions vacating judgments and setting out releases of the litigated claims (terms not present in the 2007 Sony/Immersion agreement), could be some of the most powerful evidence against Microsoft. Microsoft also conceded the relevance of this information when it questioned witnesses at deposition about their experiences with settlement agreements in other cases and terms typically included. Microsoft also has identified in response to Immersion's Interrogatory No. 7 at least six lawsuits in which it contends that some or all of a judgment amount was paid. Microsoft cannot now withhold the documents on which its own Interrogatory response is based, which would deprive Immersion of the ability to test whether Microsoft's Interrogatory answers are inaccurate or misleading.

Microsoft's objections on grounds of burden and confidentiality also miss the mark. In terms of burden, the requests at issue are narrow and focused on agreements in patent lawsuits in which a judgment has been entered. Microsoft surely has access to information regarding the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

lawsuits in which it has been involved.  Microsoft can, and should, survey its legal department for responsive material.  Any claim of undue burden is also belied by the fact that Microsoft already has done an initial investigation in providing an answer to Interrogatory No. 7.  Nor may Microsoft rely on allegations of confidentiality to bar the requested discovery.  Putting aside that Microsoft had no problem asking the Court to direct the production of Immersion's confidential mediation communications subject to an express JAMS agreement of confidentiality (among other protections), confidential materials in this case will be subject to a protective order.  If there is any particularly sensitive information that needs to be addressed, the parties can do so via redactions. Microsoft may not, however, erect a wholesale roadblock to this important area of discovery.

## II. MICROSOFT'S UNDERSTANDING OF A "SETTLEMENT" OF A DISTRICT COURT ACTION IS MANIFESTED IN ITS OWN AGREEMENTS

At the heart of this case is the 2003 "Sublicense Agreement" language providing for certain payments to Microsoft in the event that Immersion "elects in its discretion to settle the Sony Lawsuit."  SLA §§ 1(k), 2(e).  While there is no express definition of what it means for Immersion to elect in its discretion to "settle" the district court action, the negotiating history reveals that Immersion *rejected* a proposal that would have required it to share with Microsoft a portion of any proceeds Immersion received as a result of Sony's payment on a "verdict," separate and apart from a "settlement."  *See* Dkt. #30, at p. 7; #31, Ex. 8, at p.12 (filed under seal).  The parties also discussed how any payment obligation to Microsoft related only to Immersion's dropping its case against Sony, not if Immersion took its case against Sony all the way to judgment.  Heinrich Reply Decl., Ex. 1 (Reutens Depo., 3/24/08 (unofficial transcript) at 158-164).  Microsoft now advocates a much broader meaning of the word "settle" to argue the SLA is an unconditional "payback" obligation triggered even by Sony's satisfaction of a final district court judgment on a jury verdict.

To help refute Microsoft's sweeping expansion of the Sublicense Agreement, Immersion seeks Microsoft's settlement agreements in other patent cases that were entered into after judgment, including six agreements that Microsoft itself identified in one of its Interrogatory responses.  The requested discovery is likely to lead to the discovery of extremely important evidence, including that Microsoft's present interpretation of the term "settlement" in this case is

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

fundamentally inconsistent with its actual use of that term. Microsoft's actual practice will likely show that Microsoft itself understands that a "settlement" does not encompass the satisfaction of a final judgment. Immersion believes that Microsoft's consistent practice has been to have the district court case dismissed with prejudice and to obtain a release of the claims that were litigated. Immersion also expects that the judgments are not satisfied, but rather are vacated. Such evidence would be directly at odds with Microsoft's position that a judgment that remains in place, with full res judicata effects, somehow constitutes a "settlement" of the Sony Lawsuit under the SLA.

Microsoft incorrectly challenges relevance by arguing that the requested agreements allegedly concern its "unilateral" and "subjective understanding of what constitutes a settlement." Opposition (Dkt. #61) at 5-6. These agreements, however, individually and taken together, are <u>objective</u> manifestations of Microsoft's understanding of a "settlement" of a district court action, terms actually used in the Sublicense Agreement and discussed by the parties during the negotiations leading up to and surrounding its execution. *See, e.g.*, *Stephens v. Gillispie*, 126 Wash. App. 375, 108 P.3d 1230 (2005) (remanding to admit extrinsic evidence regarding disputed meaning of words "actually used" in a settlement agreement). This evidence will likely contradict Microsoft's position and further bolster the evidence from the parties' negotiations that Immersion and Microsoft *shared* the understanding that a "settlement" of the district court action between Immersion and Sony would not encompass Sony's satisfaction of a final judgment.

Microsoft's efforts to apply rules of contract interpretation to shield from discovery evidence that its own consistent practice contradicts its position in this lawsuit finds no support in any of the cases on which Microsoft relies and flies in the face of common sense. While these rules are not a bar to *discovery* in the first instance, under Washington's "context" rule of contract interpretation, the fact-finder may and should consider this evidence. *See, e.g.*, *Diamond B Constructors, Inc. v. Granite Falls School Dist.*, 117 Wn. App. 157, 161, 70 P.3d 966 (2003) (in determining the parties' intent the court may examine the entire agreement and the setting in which the contract was formed, including the subject matter, the objective of the contract, the facts surrounding its creation, subsequent acts of the parties, trade usage, and the reasonableness of the parties respective interpretation); *Harting v. Barton*, 101 Wash. App. 954, 6 P.3d 91 (2000) (trial

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

1  court properly examined extrinsic evidence of local custom to ascertain meaning of undefined
2  contract term). Microsoft cannot claim that Immersion's interpretation of the SLA is unreasonable
3  or not what the parties intended, but at the same time actively block discovery showing that
4  Microsoft *shared* Immersion's interpretation.

5  Microsoft also opened the door to the requested discovery. First, Microsoft identified in
6  its response to Interrogatory No. 7 six specific cases in which it contends some or all of a
7  judgment amount was paid. Immersion should not be required to accept Microsoft's Interrogatory
8  response at face value. Second, Microsoft own discovery confirms that it agrees the requested
9  information is relevant. Microsoft questioned witnesses in deposition, including Sony's in-house
10 counsel Jennifer Liu, about their general practices and experiences with respect to settlement
11 agreements. Heinrich Reply Decl., Ex. 2 (Liu Depo., 12/20/07, at 17, 21, 149-50). Having taken
12 such discovery, Microsoft cannot plausibly claim its own practices and experiences with respect to
13 settlement agreements are immune from discovery.

14 Microsoft thus is trying to have things both ways. It wants to get discovery that it believes
15 may support its theories, but block Immersion from exploring fertile territory for evidence that
16 may undermine Microsoft's own case. Microsoft may not do so. Whether the discovery that is
17 requested here "is subsequently admissible is a separate question that the Court will determine
18 when the time arises." Order Granting Microsoft's Motion To Compel ("Order") (Dkt. #59) at 4.
19 *Id.* at 4 (citing *In re Potash Anitrust Litig.*, 161 F.R.D. 405, 409 (D. Minn. 1995) ("[O]ur analysis
20 at [the discovery stage] is not driven by issues of admissibility, but by fairly minimalistic precepts
21 of relevancy."). Just as the Court ruled in granting Microsoft's motion to compel, the Court here
22 should "not preclude [Immersion] from having access to information that is potentially germane to
23 its case on relevancy grounds." *Id.* at 4.

24 **III.    THE REQUESTED DISCOVERY IS FOCUSED, NOT UNDULY BURDENSOME**

25 By this motion, Immersion does not seek every settlement agreement Microsoft has ever
26 entered. Rather, Immersion seeks a narrow subset of Microsoft's purported "settlement
27 agreements" in patent cases, including documents related to specific cases identified by Microsoft
28 in its response to Interrogatory No. 7. Microsoft's "burden" arguments are devoid of substance.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

Microsoft first argues that it has no organized way of knowing which of its prior cases were patent cases. But it cannot be a burden for Microsoft to produce documentation that it has already located and on which it has based its response to Interrogatory 7. Microsoft's claim is not credible in any event. How does Microsoft manage its intellectual property without tracking IP litigation? Surely Microsoft has some way of tracking its settlement agreements in patent cases, which is the only type of case Requests Nos. 53 and 54 target. Microsoft should be readily able to identify its cases involving judgments entered in patent cases, and then determine if any of those cases "settled." If Microsoft truly does not keep files of its patent litigation, at least it can survey its in-house IP lawyers to see what cases they know of that settled after a judgment, identify the cases revealed from that simple exercise, and produce responsive agreements from those cases.

In short, the declaration Microsoft submits in support of its burden argument falls woefully short of demonstrating "with specificity and factual detail the exact nature and extent of the burden." *See*, *e.g.*, *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *6 (E.D.Pa. September 27, 2007); *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 222 F.R.D. 450 (D.Kan. 2004) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). Rather, it only confirms that Microsoft does not want to look for the requested material. Microsoft brought this case, and may not now complain that it has to provide discovery.

### IV. MICROSOFT'S CONFIDENTIALITY OBJECTION FLIES IN THE FACE OF MICROSOFT'S OWN PREVIOUS ARGUMENTS TO THIS COURT

Microsoft has had a change of heart about whether settlement-related documents are discoverable. In its motion to compel *Immersion's* settlement and mediation-related documents, Microsoft argued that FRE 408 "does nothing to restrict discovery" of settlement documents from a prior case where they are sought for a purpose other than to prove the "'validity, invalidity, or amount' of the disputed claim." *See* Microsoft's Motion To Compel (Dkt. # 38) at 7-8 (quoting FRE 408). The Court agreed with Microsoft, ordering the production of various confidential settlement and mediation documents, including Immersion's confidential communications with the mediator in the Sony Lawsuit that were never even shared with Sony. Order at 4. The Court

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

reasoned that such materials were relevant under the "liberal rules regarding discovery," and that settlement-related documents are not entitled to any special protection on policy grounds if "potentially germane to the case." *See id.* at 4. Here, Immersion is not even seeking documents relating to a settlement dialogue, but the settlement agreements themselves.[1]

Furthermore, Microsoft has not met any burden of establishing confidentiality, offering only a speculative and insufficient declaration from an in-house attorney at Microsoft. If Microsoft does not even know what agreements are at issue, how does it know what the confidentiality terms are?[2] In any event, Microsoft also may not invoke confidentiality to preclude the discovery outright. *See, e.g.*, *Tribune Co. v. Purcigliotti*, 1996 WL 337277, at *3 (S.D.N.Y. June 19, 1996) ("The mere fact that ... parties agreed to maintain the confidentiality of their agreement cannot serve to shield it from discovery."). There are numerous ways such concerns can be removed. Immersion will agree to keep responsive agreements "Confidential" and/or "Attorneys and Consultants Eyes Only" if so designated by Microsoft pursuant to current form of the [Proposed] Stipulated Protective Order, just as the parties have done with their respective production of other confidential documents in this case. Moreover, if there are particularly sensitive business terms that are not necessary to understand the documents produced, or to determine the fate of the judgment or the amount paid, Microsoft could propose redacting them.

## V. CONCLUSION

This motion seeks important discovery. Immersion thus requests that the Court compel Microsoft to produce documents responsive to Immersion's Request Nos. 53, 54 and 71 and the agreements and other documents on which Microsoft's response to Interrogatory 7 is based.

---

[1] The policies underlying Rule 408 are diminished with respect to finalized settlement agreements (as opposed to communications made in furtherance of settlement), because settlement agreements terminate the parties' litigation. *See Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 71507, at *6 (S.D.N.Y. Feb. 20, 1996) (compelling discovery of terms of settlement agreement only).

[2] In his declaration (Dkt. #63), Mr. Aeschbacher does not identify a single confidentiality provision, but instead merely assumes that responsive agreements "are subject to confidentiality provisions which preclude Microsoft from disclosing them or their terms to others" because "more often than not" Microsoft's settlement agreements contain such terms.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 6 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: March 28, 2008 | IRELL & MANELLA LLP |
| | | Morgan Chu |
| 4 | | Richard M. Birnholz |
| | | Alan J. Heinrich |
| 5 | | David R. Kaplan |
| 6 | | |
| | | By /s/ Alan J. Heinrich |
| 7 | | Alan J. Heinrich |
| | | (Admitted *pro hac vice*) |
| 8 | | Irell & Manella LLP |
| | | 1800 Avenue of the Starts, Suite 900 |
| 9 | | Los Angeles, CA 90067-4276 |
| | | Telephone: (310) 277-1010 |
| 10 | | Facsimile: (310) 203-7199 |
| 11 | | |
| | | Byrnes & Keller LLP |
| 12 | | 1000 Second Avenue, 38th Floor |
| | | Seattle, WA 98104 |
| 13 | | Telephone: (206) 622-2000 |
| | | Facsimile: (206) 622-2522 |
| 14 | | |
| 15 | | *Attorneys for Defendant Immersion Corporation* |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 7 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 28th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J. Kundtz (pkundtz@riddellwilliams.com)
Blake Marks-Dias (bmarksdias@riddellwilliams.com)
Wendy E. Lyon (wlyon@riddellwilliams.com)
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-3600
*Attorneys for Plaintiff*

/s/ David R. Kaplan
David R. Kaplan
Irell & Manella LLP
1800 Avenue of the Starts, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
(dkaplan@irell.com)

Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522

*Attorneys for Defendant Immersion Corporation*

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 8 -

IMMERSION'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
(CV07 936RSM)