The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

IMMERSION CORPORATION, a Delaware corporation,

Defendant.

NO. CV7-0936RSM

**MOTION TO LIMIT SPEAKING OBJECTIONS**

Note on Motion Calendar:
May 2, 2008

**Without Oral Argument**

## I. Relief Requested

Immersion's counsel, primarily, Richard Birnholz, has unnecessarily obstructed depositions by making inappropriate and disruptive objections that coach Immersion witnesses on how to answer the questions or discourage them from answering questions. Microsoft requests that the Court issue an order precluding counsel from making speaking and coaching objections in future depositions.

## II. Statement of Facts

On February 11, 2002, Immersion filed a lawsuit against Microsoft and Sony Computer Entertainment in the Northern District of California ("Sony

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 1
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Lawsuit"), alleging that the defendants violated certain patents held by Immersion pertaining to forced feedback technology used in computer games. Among other things, this technology provides vibration and other motion in hand-held controllers for video games. Microsoft and Immersion settled on July 25, 2004. As part of that settlement, the parties executed a Sublicense Agreement ("SLA"), which provided that "<u>in the event Immersion elects in its discretion to settle the Sony Lawsuit</u>," Immersion would owe Microsoft certain sums depending upon the value of the settlement with Sony.

After Immersion obtained a verdict against Sony and while the case was on appeal, Immersion and Sony entered into an agreement ("Sony/Immersion Agreement"), which resulted in the release of all claims against Sony, the dissolution of the permanent injunction against Sony, licensing rights to Sony, the dismissal of the Sony's appeals, the retention by Immersion of approximately $32.6 million in compulsory license fees that Sony had been making to Immersion pending the appeals, the payment of another $22.5 million, and the payment of the outstanding judgment of approximately $97 million.

Microsoft contends that Immersion and Sony settled the Sony Lawsuit, and that Immersion has breached the SLA by failing to make the required payments. .

In this case, Microsoft has conducted the depositions of four witnesses to date: Jenifer Liu (In-house counsel for Sony), Laura Peter (in-house counsel for Immersion), Patrick Reutens (former in-house counsel for Immersion) and Shoichi Endo (Immersion executive who participated in the settlement negotiations with Sony). Microsoft plans to conduct the depositions of several other witnesses, including Immersion's CEO, Victor Viegas, on May 8, 2008.

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 2
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Through these depositions, Immersion's counsel has objected to a very large percentage of the substantive questions. They have also made speaking and coaching objections discussed below.

### III. Evidence Relied Upon

The declaration of Wendy E. Lyon with attachments.

### IV. Argument

"It is common to refer to objections that are argumentative or which suggest an answer to the witness, as 'speaking objections.'" In re Stratosphere Corp. Securities Litigation, 182 F.R.D. 614 (D.Nev.,1998). The Federal Rules of Civil Procedure have long recognized that speaking, argumentative and leading objections made during depositions are disruptive to the discovery process. As the Advisory Committee Note to the 1993 Amendments to Federal Rule of Civil Procedure 30 states:

> "Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. . . . they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, *i.e.*, objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition."

Therefore, Fed. R. Civ. P. 30(d)(1) requires: "Any objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(d)3 provides: "If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the person responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof."

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 3
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Trial courts have ruled that inappropriate and disruptive objections are prohibited. See Universal Trading & Investment Co. v. Kiritchenko, 2007 WL 2300740 (N.D.Cal.,2007) (where court cautioned the witness and his counsel, ordering them to: "comply with the rules for deposition and not make speaking objections or unduly delay responses."); Synbiotics Corp. v. Heska Corp., 2000 WL 35632582 (S.D.Cal.,2000) (ordering plaintiff "not to assert any speaking objections during the deposition, or to assert any objections except on the grounds of improper form of the question and privilege.").

For many years in the Western District of Washington, Judge Dwyer issued a standard order in most, if not all of his civil cases, limiting depositions objections to those based upon privilege and form, requiring that objections be concise and not suggest answers, and prohibiting argumentative interruptions. See Order Regarding Discovery and Depositions issued by Judge Dwyer in Branin v. Asarco, Inc., No. C93-5132(T)WD on May 27, 1993, attached to the Declaration of Wendy E. Lyon as Exhibit A. Judge Dwyer's order prohibited direction to the deponent not to answer question, except on the ground of privilege or for purpose of bringing a motion.. Id.

Throughout the depositions in this case, counsel for Immersion, Richard Birnholz, has repeatedly made speaking objections that interfere with the witnesses' testimony, suggest the answer to the question and generally disrupt the deposition process. For example, during the deposition of Laura Peter, Mr. Birnholz repeatedly instructed her to only to answer with **certain words**, pg. 63, line 6 ("If I say you can answer yes, no, or I don't recall, those literally are the words that you can answer the question…Please don't editorialize or expand on that. Yes, no, or I don't recall."); see also Deposition of Patrick Reutens ("Reutens Dep.") pg. 30, line 16 (" I think you can answer just yes or no or I don't recall at

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 4
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

this point."); pg. 24, line 21; pg. 26, line 24; pg. 90, line 15. He **corrected** Ms. Peter's answers: pg. 83, line 12 (when Ms. Peter stated the "litigation was over PSP, the PS2-" Mr. Birnholz said "Not PSP."); pg. 140, line 12 ("I think that is not accurate what the witness – what you just said."); see also Liu Dep., pg. 133, line 25 (After Ms. Liu's answer, Mr. Birnholz stated, "That's wrong. It's talking about the escrow instruction."). He **interpreted the questions** for her: pg. 21, line 24 ("So he's asking about communications from Sony"); pg. 89, line 23 ("So, he's broadened the time frame now...All right? So put this away...Because he's asked you a broader question."), pg. 129, line 16 ("He just asked if it refreshed your recollection. Why don't you hear the question again."); pg. 131, line 14 ("That's a different question than he asked before") see also pg. 165, line 20-24; pg. 211, line 16-20.

Mr. Birnholz made several inappropriate statements to **alert** Ms. Peter to certain questions, pg. 104, line 6 ("I direct the witness to listen to the question and hear the question, please. Okay.") pg. 108, line 23 – pg. 109, line 1 ("So he didn't ask on any particular subject, an agreement, period. He's going to characterize if he wants, but – unless he's trying to mislead you."), pg. 145, line 16 ("You got to watch for all these assumptions that he's building into his questions"); see also pg 26, line 14-17; pg. 73, line 6-7; pg. 105, line 17; pg. 165, line 17; pg. 174, line 25, pg. 175, line 13-14, 21-25; 209, line 7-11; Reutens Dep. pg. 123, line 22; pg. 147, line 7, 17, and 21-25.

Mr. Birnholz **cut off** Ms. Peter's testimony, pg. 106, line 11 (When Ms. Peter began to answer a question, Mr. Birnholz interrupted, "You've answered the question."), pg. 116, line 13 ("You can just ask him to clarify – why don't you just ask him to clarify the question. That's all your obligations are to do here, Ms. Peter."); pg. 129, line 16 (While Ms. Peter was in mid-sentence, Mr. Birnholz

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 5
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

stated, "He just asked if it refreshed your recollection. Why don't you hear the question again."); pg. 167, line 1 ("Okay. Just leave it alone."); see also pg. 39, line 15; Reutens Dep., pg. 29, line 8-11 (Mr Reutens began, "Primarily I discussed these – " and Mr. Birnholz interrupted, "He's just asking what you reviewed to refresh your recollection, any other sections. Just listen to his particular question, please. Thanks."); pg. 24, line 4;. He **qualified** Ms. Peter's testimony, pg. 107, line 22 (after stating "That's correct" in response to a question, Mr. Birnholz stated, "I need to object, move to strike. Okay? You answered the last part of the question . . .And he's got this whole nonsense in front of it."); pg. 158, line 6 (When Ms. Peter answer "I don't know," Mr. Birnholz added, "Its just Immersion's bank number, right?"). He even **answered directly for** Ms. Peter at times: pg. 155, line 1 (When asked if a document referred to something, Mr. Birnholz answered for Ms. Peter, "No." When Microsoft's counsel asked the follow-up question, "Why is that incorrect?" Mr. Birnholz again answered for Ms Peter, "Well, it just is incorrect... You can say because it's incorrect."); pg. 34, line 5 ("She already testified she didn't know if it went to Sony."); see also pg 44, line 6-8.

He also instructed her **not to answer** on numerous occasions on a basis other than privilege: pg. 25, line 12 ("I'll direct the witness not to answer, no foundation"), pg. 106, line 23 ("You don't have to give the same answer again, You've answered the question.") pg. 116, line 20 ("She doesn't have to answer that. You give questions she can answer. She doesn't have to parse your question."); see also pg. 107, line 18-24.

He inappropriately objected based on work product during the deposition of Jennifer Liu, Sony's in house counsel even though (1) it was not his client being deposed or his privilege to assert, and (2) the work product privilege "does not protect the work product of an attorney who did not or does not represent a party

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 6
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

to the litigation in which the discovery is sought." Tubar v. Clift, 2007 WL 30872 (W.D.Wash., January 4, 2007). See, e.g. Liu Dep. pg.157, line 9-10 and 158, line 10-11 and 18-19 ("You're going to let her answer that? . . . Why isn't that just work product? Objection, work product." He then instructed Ms. Liu, who is not his client, that she could "answer yes or no or I don't recall.").

Mr. Birnholz was also generally **argumentative** with counsel: pg. 35, line 9 ("Well, don't create a misleading record, which is your entire mission in this deposition and this case."); see also pg. 24, line 10-16; pg. 34, line 15; pg. 171, line 15-22; pg. 209, line 22- 210, line 4. In the deposition of Patrick Reutens, Mr. Birnholz stated: pg. 68, line 9 ("Tell me you're not going to use this as- you're just going to skip the one where Microsoft sent the sublicense to Mr. Reutens. Is that what you're doing to create a misleading record?"). See Exhibit B to the Lyon Declaration. These inappropriate, leading, and disruptive objections warrant the Court's intervention so that the remaining depositions in this case can proceed without these interruptions.

These are just some of the many speaking and coaching objections made by Mr. Birnholz. The Federal Rules and the practice of this District prohibit this conduct.

### V. Conclusion

Microsoft requests that the Court preclude Immersion's counsel from further disrupting depositions with speaking and coaching objections. Counsel should be limited to objecting to privilege, form and foundation. A short phase to explain form foundation, such as "object to form, vague" or "objection to form "compound", may be stated. The order presented by Microsoft applies to all counsel, and was adapted from Judge Dwyer's standard order regarding deposition conduct.

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 7
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

DATED April 17, 2008.

RIDDELL WILLIAMS P.S.


By _____/s/ Wendy E. Lyon_____
Paul J. Kundtz, WSBA #13548
pkundtz@riddellwilliams.com
Blake Marks-Dias, WSBA #28169
bmarksdias@riddellwilliams.com
Wendy E. Lyon, WSBA #34461
wlyon@riddellwilliams.com
Phone: (206) 624-3600; Fax: (206) 389-1708
Attorneys for Plaintiff Microsoft Corporation

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 8
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I, Margaret Friedmann, declare as follows:

I am over 18 years of age and a citizen of the United States. I am employed as a legal secretary by the law firm of Riddell Williams P.S.

On the date noted below, I electronically filed the foregoing document entitled **MOTION TO LIMIT SPEAKING OBJECTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Immersion Corporation, as well as others on the CM/ECF notification list:

| Bradley S. Keller<br>Jofrey M. McWilliam<br>Byrnes & Keller LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104-4082<br>Phone: (206) 622-2000<br>Fax: (206) 622-2522<br>Email: bkeller@byrneskeller.com<br>jmcwilliam@byrneskeller.com | Richard M. Birnholz<br>Morgan Chu<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Phone: (310) 277-1010<br>Fax: (301) 203-7199<br>Email: rbirnholz@irell.com<br>mchu@irell.com |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington this 17th day of April, 2008.

*Margaret Friedmann*
Margaret Friedmann
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: mfriedmann@riddellwilliams.com

MOTION TO LIMIT SPEAKING OBJECTIONS
(No. CV7-936RSM) - 9
4835-4364-4418.01
041708/1545/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600