The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION,<br><br>Defendant. | No. 2:07-CV-936-RSM<br><br>**DECLARATION OF WENDY E. LYON IN SUPPORT OF MOTION TO LIMIT SPEAKING OBJECTIONS**<br><br>EXHIBIT B FILED UNDER SEAL<br><br>Noted on Motion Calendar:<br>May 2, 2008 |

I, Wendy E. Lyon, declare as follows:

1. I am one of the attorneys representing plaintiff Microsoft Corporation and have personal knowledge of the following. I am a citizen of the United States, over the age of 18 years, and competent to make this Declaration.

2. Attached as Exhibit A is a true and correct copy of the Order Regarding Discovery and Depositions issued by Judge Dwyer on May 27, 1993 in <u>Branin v. Asarco, Inc.</u>, No. C93-5132(T)WD.

3. Attached as Exhibit B are true and correct copies of excerpts from the depositions of Laura Peter, Patrick Reutens and Shoichi Endo, which are being filed under seal.

DECLARATION OF WENDY E. LYON IN SUPPORT OF MOTION
TO LIMIT SPEAKING OBJECTIONS - (No. 2:07-936-RSM) ) - 1
4827-8316-5954.01
041708/1457/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1    I declare under penalty of perjury under the laws of the State of Washington
2    that the foregoing is true and complete to the best of my knowledge.
3    SIGNED this 17th day of April, 2008, at Seattle, Washington.

_____
Wendy E. Lyon

DECLARATION OF WENDY E. LYON IN SUPPORT OF MOTION
TO LIMIT SPEAKING OBJECTIONS - (No. 2:07-936-RSM) )- 2
4827-8316-5954.01
041708/1457/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I, Margaret Friedmann, declare as follows:

I am over 18 years of age and a citizen of the United States. I am employed as a legal secretary by the law firm of Riddell Williams P.S.

On the date noted below, I electronically filed the foregoing document titled **DECLARATION OF WENDY E. LYON IN SUPPORT OF MOTION TO LIMIT SPEAKING OBJECTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Immersion Corporation:

| | |
|---|---|
| Bradley S. Keller<br>Jofrey M. McWilliam<br>Byrnes & Keller LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104-4082<br>Phone: (206) 622-2000; Fax: (206) 622-2522<br>Email: bkeller@byrneskeller.com<br>jmcwilliam@byrneskeller.com | Richard M. Birnholz<br>Morgan Chu<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Phone: (310) 277-1010; Fax: (301) 203-7199<br>Email: rbirnholz@irell.com<br>mchu@irell.com |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington this 17th day of April, 2008.

*Margaret Friedmann*
Margaret Friedmann
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: mfriedmann@riddellwilliams.com

DECLARATION OF WENDY E. LYON IN SUPPORT OF MOTION
TO LIMIT SPEAKING OBJECTIONS - (No. 2:07-936-RSM) )- 3
4827-8316-5954.01
041708/1457/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600



FILED ___ ENTERED
LODGED ___ RECEIVED

MAY 27 1993

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Donald Branin, et al )
)
)
Plaintiff(s), ) NO. C93-5132(T)WD
)
v. ) ORDER REGARDING
) DISCOVERY AND
Asarco, Inc ) DEPOSITIONS
)
)
Defendant(s). )

IT IS ORDERED that:

1. <u>DISCOVERY</u>. All discovery matters are to be resolved by agreement if possible. If a ruling is needed as to any discovery question, and counsel wish to avoid the time and expense of a written motion, they may obtain an expedited ruling through a telephone conference call to the court at (206) 553-0103.

2. <u>DEPOSITIONS</u>. Depositions will be conducted in compliance with the following rules:

(a) <u>Examination</u>. If there are multiple parties, each side should ordinarily designate one attorney to conduct the main examination of the deponent, and any questioning by other counsel on that side should be limited to matters not previously covered.

ORD RE DISCOVERY
& DEPOSITIONS - 1

Ex. A

==(b) Objections.== The only objections that should be raised at the deposition are those involving a privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the responsiveness of the answer), or that the question seeks information beyond the scope of discovery. Objections on other grounds are unnecessary and should generally be avoided. All objections should be concise and must not suggest answers to, or otherwise coach, the deponent. Argumentative interruptions will not be permitted.

==(c) Directions Not to Answer.== Directions to the deponent not to answer are improper, except on the ground of privilege or to enable a party or deponent to present a motion to the court or special master for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress the party or the deponent, or for appropriate limitations upon the scope of the deposition (e.g., on the ground that the line of inquiry is not relevant nor reasonably calculated to lead to the discovery of admissible evidence). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of the communication, who made the statement in question, to whom and in whose presence the statement was made, other persons to whom the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

(d) _Responsiveness_.  Witnesses will be expected to answer all questions directly and without evasion, to the extent of their testimonial knowledge, unless directed by counsel not to answer.

(e) _Private Consultation_.  Private conferences between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted.  Unless prohibited by the court for good cause shown, such conferences may, however, be held during normal recesses and adjournments.

(f) _Conduct of Examining Counsel_.  Examining counsel will refrain from asking questions he or she knows to be beyond the legitimate scope of discovery, and from undue repetition.

(g) _Courtroom Standard_.  All counsel and parties should conduct themselves in depositions with the same courtesy and respect for the rules that are required in the courtroom during trial.

3. _RESPONSIBILITY OF PLAINTIFF'S COUNSEL_.  This order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff.  _Plaintiff's counsel (or plaintiff, if pro se) is directed to deliver a copy of this order to each other party within ten days after receiving notice of that party's appearance._

Dated: May 27, 1993

_William L. Dwyer_
William L. Dwyer
United States District Judge

ORD RE DISCOVERY
& DEPOSITIONS - 3