HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

IMMERSION CORPORATION, a Delaware corporation,

Defendant.

No. CV 07-936-RSM

**PLAINTIFF MICROSOFT CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING IMMERSION'S COUNTERCLAIM**

**NOTE ON MOTION CALENDAR: MAY 9, 2008**

**ORAL ARGUMENT REQUESTED**

## I. INTRODUCTION

In its Counterclaim, Defendant Immersion Corporation's ("Immersion") alleges that Microsoft breached a confidentiality agreement by publicly disclosing confidential terms of the agreement between Sony Computer Entertainment America, Inc. and Sony Computer Entertainment Inc. (collectively, "Sony") and Immersion. One critical element of a breach of contract claim is proof of damages caused by the alleged breach. Immersion has not produced *any* evidence that it suffered *any* damages as a result of the disclosure of the purportedly confidential information. Accordingly, no genuine issue of material fact exists and summary judgment on Immersion's Counterclaim is warranted.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## II. STATEMENT OF FACTS

### A. Immersion's Counterclaim

Immersion's Answer, Affirmative Defenses, and Counterclaims asserts a single counterclaim for breach of contract. (See Dkt. No. 8 (Immersion's Answer, Affirmative Defenses and Countercl.) at 8-12.) Microsoft and Immersion entered into a confidentiality agreement relating to the unredacted contents of the agreement between Sony and Immersion ending the dispute between those two parties ("Sony/Immersion Agreement"). (Id. at 9-10.) The vast majority of the Sony/Immersion Agreement was made public by Immersion through its filings with the SEC. (See Decl. of P. Kundtz In Supp. of Microsoft's Mot. for Partial Summ. J. Regarding Immersion's Countercl. ("Kundtz Decl." Ex. A (Exhibit 10.37 of Immersion's Form 10-Q Quarterly Report for the Quarterly Period Ended March 31, 2007).) That agreement contains a provision under which Sony has an option to license Immersion's patented technology in products that Sony may develop in the future. (See id. at 11.) This "Sony Option" contained a one time fee and a royalty rate. (Id. at 13.) Immersion alleges that Microsoft breached the confidentiality agreement by alleging these two numbers as part of its claim for damages in Microsoft's Complaint. (See Dkt. No. 8 (Immersion's Answer, Affirmative Defenses and Countercl.) at 10.) Finally, and most importantly, Immersion's Counterclaim alleges:

> Microsoft's public disclosure of confidential terms of the Sony Agreement in the Original Complaint has harmed Immersion by, among other things, damaging Immersion's business relationships with current and prospective licensees.

(Id. at 11.)

### B. Microsoft's Original Complaint Was Placed Under Seal Ten Days After It Was Filed.

Microsoft filed its initial Complaint on June 18, 2007. (Dkt. No. 1 (Compl. for Breach of Contract) at 7.) The Complaint describes contents of the Sony Agreement at paragraphs 17-22. (Id. at 4-5.) With two exceptions, all of these terms were already

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2
(No. CV 07-936-RSM)

public, having been disclosed to the Securities and Exchange Commission as part of Immersion's regular reports. (See generally Kundtz Decl. Ex. A.) The two Sony Option numbers in paragraph 21 of the Complaint were not disclosed to the SEC by Immersion, and were later asserted to be confidential by Immersion.

On June 22, 2007, Immersion asked Microsoft to remove the two numbers from its complaint. (Kundtz Decl. Ex. B (Birnholz 6/22/07 Letter) at 2.) On June 25, 2007, Microsoft filed an Amended Complaint removing those two numbers and made a Motion to Seal the original Complaint. (See Dkt. No. 2 (First Am. Compl. for Breach of Contract) at 5; see generally Dkt. No. 3 (Plaintiff's Mot. to Seal Original Compl.).) This Court granted Microsoft's motion, and on June 28, 2007 – 10 days after the original complaint was filed – the original complaint was placed under seal. (See Dkt. No. 6 (Order Granting Microsoft's Mot. to Seal Original Compl.).)

As discussed in more detail below, Immersion has not produced a single document, witnesses or other evidence demonstrating that Microsoft's disclosure of these two numbers in its Complaint for 10 days caused any damage to Immersion.

**C. Immersion's Discovery Responses And Production Are Devoid Of Any Factual Support That Immersion Sustained Damages As A Result Of The Alleged Breach.**

**1. Immersion's Initial Disclosures.**

On October 25, 2007, Immersion served its Initial Disclosures. Fed. R. Civ. Proc. 26(a) requires the parties to identify individuals likely to have discoverable information that the party may use to support its claims or defenses under and the subjects on which the individuals may testify. In its Initial Disclosures, Immersion repeatedly designates individuals to discuss, among other things, settlement related agreements between Immersion and Microsoft, and the Parties' conduct under the Agreements. (Kundtz Decl. Ex. C (Immersion's Initial Disclosures) at 2-4.) However, Immersion does not list any

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

witness to testify regarding Immersion's damages arising out of the alleged breach of the confidentiality agreement. (See, e.g., id.)

Fed. R. Civ. Proc. 26(a)(1)(A)(ii) also requires the production or identification of documents Immersion may use to support its allegations in the Counterclaim as part of its initial disclosure. At the time of the initial disclosure, Immersion did not make available for copying any documents it could use to prove its damages claim. Instead, Immersion wrote a generic category description of "[d]ocuments evidencing Immersion's damages caused by Microsoft's conduct," without a description of the location of the documents as required by Fed. R. Civ. Proc. 26(a)(1)(A)(ii). (Id. at 5.)

In its Initial Disclosures, Immersion was also required to set forth a computation of each category of damages claimed and allow for investigation and copying documents upon which the computation is based. Fed. R. Civ. Proc. 26(a)(1)(A)(iii). Immersion's Initial Disclosure does not contain a calculation of its damages and Immersion produced no documents upon which a calculation could be based. (Kundtz Decl. Ex. C (Immersion's Initial Disclosures) at 6). Instead, Immersion chose to serve the following generic statement:

> Immersion intends to seek money damages on its counterclaims in an amount to be determined. Immersion is not yet in a position to compute its damages in this action.

(Id. at 6.)

### 2. Immersion's Response To Interrogatory Number 6 Does Not Set Forth Any Facts Supporting Immersion's Allegation Of Harm As A Result Of The Disclosure Of The Sony Agreement.

On October 11, 2007, Immersion served its Responses To Microsoft's First Set of Interrogatories and Requests for Production of Documents. Microsoft specifically asked Immersion to "state with particularity the factual basis for your allegation in ¶ 64 of your Answer, Affirmative Defenses and Counterclaims . . . that 'Microsoft's public disclosure of confidential terms of the Sony Agreement in the Original Complaint has harmed

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Immersion by, among other things, damaging Immersion's business relationship with current and prospective licensees.'" (Kundtz Decl. Ex. D (Immersion's Resp. To Microsoft's First Set of Interrogs. and Req. for Produc. of Docs.) at 11.)

Immersion's response did not identify any current and prospective licensees or other customers that saw, obtained, or used the allegedly confidential information, or otherwise explain how it had been harmed. (See id. at 11-12.) Instead, Immersion raised a litany of objections, and made only the conclusory statement that:

> Immersion states on information and belief that Microsoft's disclosure of confidential information in the Agreement with Sony has harmed Immersion's negotiations with one or more prospective licensees.

(Id. at 12.) Immersion identifies no negotiations and no prospective licensees. Immersion's response and its complete lack of any facts to support its damages claim demonstrates that Immersion has no facts to support its allegation that the alleged disclosure of confidential information caused Immersion any form of damage.

On October 16, 2007, Microsoft wrote to Immersion in an effort to obtain a substantive response to Interrogatory Number 6, explaining that "'on information and belief' suggests that Immersion has no evidence to support this allegation. If that is so, please state so clearly." (Kundtz Decl. Ex. E (P. Kundtz 10/16/2007 Letter) at 2.) Instead of producing any evidence, Immersion stood on its objection that a "complete" response was premature. (Kundtz Decl. Ex. F (A. Heinrich 11/05/2007 Letter) at 1-2.)

### 3. Immersion Has Produced No Documents Supporting Immersion's Allegation Of Damage.

In Request for Production Number 31, Microsoft asked Immersion to "[p]roduce all documents in any way supporting or relating to [Immersion's] Counterclaim, including . . . how that information was used by those persons, and how it has damaged Immersion." (Kundtz Decl. Ex. D (Immersion's Resp. To Microsoft's First Set of Interrogs. and Req. for Produc. of Docs.) at 39.) Instead of producing documents support its claim, Immersion

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

raised another litany of objections, including one that the request was "premature." (Id. at 39-40.) It did state that "it will produce relevant non-privileged, non work product protected documents responsive to this request, if any, that may be located after a reasonable search." (Id. at 40.) However, to date Immersion has produced no documents to support its allegation that it suffered damage.

**4. Despite Microsoft's Requests For Substantive Responses To Discovery, Immersion Has Not Produced Any Evidence To Support Any Alleged Damages.**

On January 22, 2008, counsel for Microsoft and Immersion conducted a Rule 37 conference to discuss Immersion's discovery responses. (See Decl. of Blake Marks-Dias In Supp. of Microsoft's Mot. for Partial Summ. J. Regarding Immersion's Countercl. ("Marks-Dias Decl.") ¶ 2.) Among the topics discussed was Immersion's inadequate responses to discovery requests regarding its Counterclaim. (Id. ¶ 3.) Immersion maintained that it could not respond until discovery was complete, but ultimately agreed to produce all of the evidence supporting Immersion's Counterclaim that was currently in their possession. (Id.)

Beginning on March 17, 2008, Immersion produced additional documents, none of which were related to its Counterclaim. (Id. ¶ 4.) That same day, counsel for Microsoft sent an email to Immersion's counsel, asking if Immersion intended to supplement its interrogatory responses. (Id. Ex. 1 (B. Marks-Dias 3/17/08 Email) at 1.) To date, Immersion has not responded to this question and has not supplemented its original interrogatory responses. (Id. ¶ 5.)

April 17, 2008 was the deadline for filing expert reports. Immersion did not file any report relating to any claim of damages on its Counterclaim.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## III. AUTHORITY AND ARGUMENT

### A. Summary Judgment Standard.

Summary judgment is appropriate where the moving party demonstrates that, viewing the facts and the law in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is warranted where the moving party "demonstrat[es] the absence of a genuine issue of fact for trial." Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party has the initial burden of demonstrating that no material issue of fact exists, but then the burden shifts to the non-moving party, who "must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323-24.) The bald assertion that a genuine issue of material fact exists does not preclude the use of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989) (citing California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987)).

### B. Immersion Is Required To Prove That Immersion Sustained Damages As A Result Of Any Alleged Breach.

Under Washington law, a breach of contract cause of action requires the claimant to demonstrate that the parties entered into a contract, the contract created a duty, the contractual duty was breached, and the claimant suffered damages as a result of the breach. Lehrer v. DSHS, 101 Wash. App. 509, 516, 5 P.3d 722, rev. denied, 142 Wash. 2d 1014, 16 P.3d 1263 (2000) (stating plaintiff must prove resulting damage). The claimant carries the burden of proving the existence of damages that are proximately caused by the breach. Northwest Independent Forest Manufactures v. Dep't of Labor and Industries, 78 Wash. App. 707, 712, 899 P.2d 6 (1995) (citing Larson v. Union Investment & Loan Co., 168 Wash. 5, 12, 10 P.2d 557 (1932)); see also 6A Washington Practice, Washington Pattern

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Jury Instructions, Civil WPI 300.02 (stating in subpart 6, "[t]he [claimant] has the burden of proving . . . . that [it] was damaged as a result of [the] breach).

The Washington Supreme Court requires proof that the breach caused damage to avoid dismissal of a breach of contract cause of action, stating as follows:

> Since the action was for damages suffered, mere proof that there was a breach of the contract without more did not warrant a verdict in favor of the respondent, even for nominal damages. 'This court has held that, where the action is one for damages only, there being involved no property or personal rights having value in themselves, <u>a failure to prove substantial damages is a failure to prove the substance of the issue, and warrants a dismissal</u>.'

Ketchum v. Albertson Bulb Gardens, 142 Wash. 134, 139, 252 P. 523 (1927) (emphasis added) (quoting Woodhouse v. Powles, 43 Wash. 617, 86 P. 1063 (1906)). Summary judgment on Immersion's Counterclaim for breach of contract is warranted, because Immersion has failed to produce any evidence creating a genuine issue of material fact that it suffered any damages as a result of any alleged breach of the confidentiality agreement.

**C.     Immersion Cannot Create A Genuine Issue Of Fact Regarding Damage As A Result Of The Alleged Breach Of The Confidentiality Agreement.**

A complete evidentiary vacuum exists regarding Immersion's claim that it has suffered damage as a result of the alleged breach of the confidentiality agreement. There is one single conclusory allegation in its Counterclaim for breach of contract alleging that "Microsoft's public disclosure of confidential terms of the Sony Agreement in the Original Complaint has harmed Immersion by, among other things, damaging Immersion's business relationships with current and prospective licensees." (Dkt. No. 8 (Immersion's Answer, Affirmative Defenses, and Countercl.) at ¶ 64.) Immersion's Counterclaim allegation, standing alone, is insufficient to create a genuine issue of material fact to defeat summary judgment. See Leisek, 278 F.3d at 898 (requiring the non-moving party to go beyond the pleadings to set forth specific facts).

Microsoft's contention interrogatory seeking the factual basis for Immersion's alleged damages was met with objections and the sole unsupported statement that

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

"Immersion states upon information and belief that Microsoft's disclosure of confidential information in the Agreement with Sony has harmed Immersion's negotiations with one or more prospective licensees." (Kundtz Decl. Ex. D (Immersion's Resp. To Microsoft's First Set of Interrogs. and Req. for Produc. of Docs.) at 12.) This statement, rendered upon "information and belief," is insufficient to demonstrate a genuine issue of material fact and, instead, demonstrates that at the time Immersion wrote this answer it had no facts to support its allegation. "Arguments based upon conjecture or speculation are insufficient to raise a genuine issue of material fact, since 'there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" R.W. Beck & Assoc. v. City & Borough of Sitka, 27 F.3d 1475, 1481 n.4 (9th Cir. 1994)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Immersion's allegation of damage is unsupported by any document, testimony, or other discovery response. Information regarding any damages Immersion alleges as a result of negotiations with actual or potential licensees is solely within Immersion's possession. Nevertheless, Immersion has not identified any licensee, customer, investor, or any other person who learned of the allegedly confidential information and caused Immersion to enter into a business relationship for some amount less than it otherwise would have based upon that information. It is telling that Immersion's Initial Disclosures do not list even a single a witness that may testify regarding either the amount of Immersion's damages, or set forth any damages calculation. (See Kundtz Decl. Ex. C (Immersion Corporation's Initial Disclosures) at 2-4, 6.)

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims. Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548 (1986). "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. Proc. 56 1963 advisory committee note. Despite the fact discovery has been ongoing for over eight months, Immersion has yet to disclose a fact or document supporting essential elements of its breach of contract cause of action. Immersion's unsupported Counterclaim is exactly the type of unsupported claim that is ripe for disposal via summary judgment. No genuine issue of material fact exists on the issue of whether Immersion suffered damages as a result of the alleged breach of the confidentiality agreement, and summary judgment is therefore warranted. Fed. R. Civ. Proc. 56.

## IV. CONCLUSION

The Court should dismiss Immersion's Counterclaim because there is no evidence that the presence of the two Sony Option numbers in the original complaint for 10 days caused Immersion any damage.

A proposed order is attached.

DATED April 17, 2008.

RIDDELL WILLIAMS P.S.

By _____
Paul J. Kundtz, WSBA #13548
Blake Marks-Dias, WSBA #28169
Wendy E. Lyon, WSBA #34461
Attorneys for Plaintiff MICROSOFT CORPORATION

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Richard M Birnholz**
rbirnholz@irell.com,lwakino@irell.com,ddrescher@irell.com,dkaplan@irell.com

**Morgan Chu**
mchu@irell.com

**Alan J Heinrich**
aheinrich@irell.com

**David R Kaplan**
dkaplan@irell.com

**Bradley S. Keller**
bkeller@byrneskeller.com,smacias@byrneskeller.com,kwolf@byrneskeller.com

**Paul Joseph Kundtz**
pkundtz@riddellwilliams.com,ebastien@microsoft.com,mfriedmann@riddellwilliams.com,Steve.Aeschbacher@microsoft.com

**Wendy E Lyon**
wlyon@riddellwilliams.com,mfriedmann@riddellwilliams.com

**Blake Edward Marks-Dias**
bmarksdias@riddellwilliams.com,dhammonds@riddellwilliams.com

**Jofrey M McWilliam**
jmcwilliam@byrneskeller.com,lyoshinaga@byrneskeller.com

Executed at Seattle, Washington this 17th day of April, 2008.

*/s/ Holly Rohr Tran*
Holly Rohr Tran
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: hrohrtran@riddellwilliams.com

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11
(No. CV 07-936-RSM)

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600