The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | No. CV7-936RSM<br><br>**MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY RELATED TO IMMERSION'S COUNTERCLAIM**<br><br>**NOTED ON MOTION CALENDAR: MAY 9, 2008** |

Immersion Corporation ("Immersion") has asserted a counterclaim alleging that Microsoft Corporation's ("Microsoft") disclosure of some of the terms of the March 1, 2007 Sony/Immersion Agreement ("Sony/Immersion Agreement") in its Original Complaint harmed Immersion's ability to negotiate for its standard royalty rate with others in the marketplace.

After attempting for months to receive evidence supporting Immersion's claim, Microsoft now seeks an order compelling Immersion Corporation to provide responses to Interrogatories 6 and 7 and Requests for Production 31.[1] These

---

[1] Microsoft has filed a motion for summary judgment, seeking dismissal of Immersion's

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 1
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

requests seek the facts and evidence supporting Immersion's counterclaim. To date, Immersion has not identified the basis for its claim that it has been harmed, nor has it produced any documents to establish its claim.

## I. FACTUAL BACKGROUND

Immersion asserts a counterclaim for breach of contract. (See Dkt. No. 8 (Immersion's Answer, Affirmative Defenses and Countercl.) at 8-12.) Microsoft and Immersion entered into a confidentiality agreement relating to the unredacted contents of the Sony/Immersion Agreement. (Id. at 9-10.) The vast majority of the Sony/Immersion Agreement was made public by Immersion through its filings with the SEC. (See Decl. of Blake Marks-Dias in Supp. of Microsoft's Motion to Compel ("Marks-Dias Decl." Ex. 1 (Exhibit 10.37 of Immersion's Form 10-Q Quarterly Report for the Quarterly Period Ended March 31, 2007).) That agreement contains a provision under which Sony has an option to license Immersion's patented technology in products that Sony may develop in the future. (See id. at 11.) This "Sony Option" contained a one time fee and a royalty rate. (Id. at 13.) Immersion alleges that Microsoft breached the confidentiality agreement by alleging these two numbers as part of its claim for damages in Microsoft's Complaint. (See Dkt. No. 8 at 10.) Immersion's counterclaim alleges that:

> Microsoft's public disclosure of confidential terms of the Sony Agreement in the Original Complaint has harmed Immersion by, among other things, damaging Immersion's business relationships with current and prospective licensees.

(Id. at 11.)

---

counterclaim on the basis that it has produced no evidence to support its claim. A party may not oppose a motion for summary judgment with evidence that it has failed to provide pursuant to discovery. Accordingly, Microsoft seeks this motion to compel only in the event that this Court denies its motion for summary judgment regarding Immersion's counterclaim.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 2
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Microsoft filed its initial Complaint on June 18, 2007. (Dkt. No. 1 (Compl. for Breach of Contract) at 7.) The Complaint describes contents of the Sony Agreement at paragraphs 17-22. (Id. at 4-5.) With two exceptions, all of these terms were already public, having been disclosed to the Securities and Exchange Commission as part of Immersion's regular reports. (See generally Marks-Dias Decl. Ex. 1) The two Sony Option numbers in paragraph 21 of the Complaint were not disclosed to the SEC by Immersion, and were apparently deemed confidential by Immersion.

On June 22, 2007, Immersion asked Microsoft to remove the two numbers from its Original Complaint. (Marks-Dias Decl. Ex. 2 (Birnholz 6/22/07 Letter) at 2.) On June 25, 2007, Microsoft filed an Amended Complaint removing those two numbers and made a Motion to Seal the original Complaint. (See Dkt. No. 2 (First Am. Compl. for Breach of Contract) at 5; see generally Dkt. No. 3 (Plaintiff's Mot. to Seal Original Compl.).) This Court granted Microsoft's motion, and on June 28, 2007 – 10 days after the original complaint was filed – the Original Complaint was placed under seal. (See Dkt. No. 6 (Order Granting Microsoft's Mot. to Seal Original Compl.).)

On October 11, 2007, Immersion served its Responses To Microsoft's First Set of Interrogatories and Requests for Production of Documents. Microsoft's Interrogatory No. 6 asked Immersion to "state with particularity the factual basis for your allegation in ¶ 64 of your Answer, Affirmative Defenses and Counterclaims . . . that 'Microsoft's public disclosure of confidential terms of the Sony Agreement in the Original Complaint has harmed Immersion by, among other things, damaging Immersion's business relationship with current and prospective licensees.'" (Marks-Dias Decl. Ex. 3 (Immersion's Resp. to Microsoft's First Set of Interrogs. and Req. for Produc. of Docs.) 11.)

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 3
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Immersion's response did not identify current and prospective licensees or other customers that saw, obtained, or used the allegedly confidential information, or otherwise explain how it had been harmed. (See id. at 11-12.) Instead, Immersion raised a litany of objections, and made only the conclusory statement:

> Immersion states on information and belief that Microsoft's disclosure of confidential information in the Agreement with Sony has harmed Immersion's negotiations with one or more prospective licensees.

(Id. at 12.) Immersion identifies no negotiations and no prospective licensees.

Microsoft's Interrogatory No. 7 asked Immersion to "identify all persons or entities who have received or seen the unredacted version of the Sony Agreement, or who otherwise have learned of the redacted provisions." (Id.) Immersion's response listed several examples of the Original Complaint being posted and/or referenced on the internet shortly after it was filed. (Id. at 13.) Immersion has identified no current or prospective customers or licensees who have seen the postings. Immersion has not explained how these obscure postings have harmed Immersion.

In Request for Production Number 31, Microsoft asked Immersion to "[p]roduce all documents in any way supporting or relating to [Immersion's] Counterclaim, including . . . how that information was used by those persons, and how it has damaged Immersion." (Id. at 39.) Instead of producing documents supporting its claim, Immersion raised another litany of objections, including one that the request was "premature." (Id. at 39-40.) It did state that it "will produce relevant non-privileged, non work product protected documents responsive to this request, if any, that may be located after a reasonable search." (Id. at 40.) To date Immersion has produced no documents to support its allegation that it suffered damage.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 4
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

On January 22, 2008, counsel for Microsoft and Immersion conducted a Rule 37 conference to discuss Immersion's discovery responses. ("Marks-Dias Decl." ¶ 5.) Among the topics discussed was Immersion's inadequate responses to discovery requests regarding its Counterclaim. (Id. ¶ 6.) Immersion maintained that it could not respond until discovery was complete, but ultimately agreed to produce all of the evidence supporting Immersion's Counterclaim that was currently in their possession. (Id.) These were promised to be delivered by February 18, 2008. (Id.)

Beginning on March 17, 2008, Immersion produced additional documents, none of which were related to its Counterclaim. (Id. ¶ 7.) That same day, counsel for Microsoft sent an email to Immersion's counsel, asking if Immersion intended to supplement its interrogatory responses. (Id. Ex. 4 (B. Marks-Dias 3/17/08 Email) at 1.) To date, Immersion has not responded to this question and has not supplemented its original interrogatory responses. (Id.)

April 17, 2008 was the deadline for filing expert reports. Immersion did not file any report relating to any claim of damages on its Counterclaim.

II. IMMERSION SHOULD BE COMPELLED TO RESPOND TO DISCOVERY REGARDING ITS COUNTERCLAIM

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Microsoft served its discovery requests over six months ago, yet Immersion has failed to provide adequate responses to simple discovery regarding its counterclaim. There is no excuse for Immersion's failure. Microsoft's motion should be granted.

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 5
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | DATED this 24th day of April, 2008. |
| 4 | |
| 5 | RIDDELL WILLIAMS P.S. |
| 6 | By _____ |
| 7 | Paul J. Kundtz, WSBA #13548<br>Blake Marks-Dias, WSBA #28169 |
| 8 | Wendy E. Lyon, WSBA #34461<br>Attorneys for Plaintiff MICROSOFT CORPORATION |

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 6
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600



# CERTIFICATE OF SERVICE

The undersigned certifies that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Richard M Birnholz**
rbirnholz@irell.com,lwakino@irell.com,ddrescher@irell.com,
dkaplan@irell.com

**Morgan Chu**
mchu@irell.com

**Alan J Heinrich**
aheinrich@irell.com

**David R Kaplan**
dkaplan@irell.com

**Bradley S. Keller**
bkeller@byrneskeller.com,smacias@byrneskeller.com,
kwolf@byrneskeller.com

**Paul Joseph Kundtz**
pkundtz@riddellwilliams.com,ebastien@microsoft.com,
mfriedmann@riddellwilliams.com,Steve.Aeschbacher@microsoft.com

**Wendy E Lyon**
wlyon@riddellwilliams.com,mfriedmann@riddellwilliams.com

**Blake Edward Marks-Dias**
bmarksdias@riddellwilliams.com,dhammonds@riddellwilliams.com

**Jofrey M McWilliam**
jmcwilliam@byrneskeller.com,lyoshinaga@byrneskeller.com

Executed at Seattle, Washington this 24th day of April, 2008.

*[signature]*
Donna Hammonds
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: dhammonds@riddellwilliams.com

MICROSOFT'S MOTION TO COMPEL RESPONSES TO DISCOVERY
RELATED TO IMMERSION'S COUNTERCLAIM (No. CV7-936RSM) - 7
4829-9615-8722.01
042408/1126/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600