The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

IMMERSION CORPORATION, a Delaware corporation,

Defendant.

No. CV07 936RSM

**IMMERSION CORPORATION'S RESPONSE TO MICROSOFT CORPORATION'S "MOTION TO LIMIT SPEAKING OBJECTIONS"**

**NOTED FOR MOTION CALENDAR: Friday, May 2, 2008**

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM)

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

## I. INTRODUCTION

Microsoft did not need to bring this motion relating to depositions. Indeed, Microsoft filed its motion without even conferring with Immersion. Had Microsoft done so, Immersion readily would have agreed to the "relief" Microsoft seeks—that counsel for the parties not make "speaking objections" at depositions. At a minimum, the parties would have confirmed that there are no issues requiring judicial intervention. Immersion respectfully files this response because it is apparent that Microsoft filed its motion as yet another vehicle to repeat its incorrect theory on the merits that Sony's satisfaction of a final judgment can somehow be transformed into a settlement of Immersion's district court patent infringement lawsuit against Sony under the terms of the Immersion-Microsoft Sublicense Agreement – while taking potshots at Immersion's counsel along the way. This is not a motion that requires the attention of the Court.

Microsoft's motion recites various out-of-context excerpts mostly from the deposition of Immersion witnesses Laura Peter and Patrick Reutens. These depositions, however, raised sensitive privilege issues, given that Ms. Peter is Immersion's *current General Counsel*, and Mr. Reutens is her predecessor. In fact, much of Microsoft's questioning throughout these depositions implicated the attorney-client privilege and attorney work product doctrine. As a result, care was required to ensure that Microsoft not tread on privilege and that no attorney-client privileged communications or attorney work product be inadvertently disclosed. The snippets of exchanges on which Microsoft focuses typically involved questions implicating privilege or attorney work product issues or brief exchanges concerning a motion to strike or some obvious point of confusion. Moreover, the premise of Microsoft's motion is belied by the fact that during Immersion's depositions of Microsoft witnesses, Microsoft's own counsel made many of the same comments that Microsoft now criticizes so vigorously. In general, however, the vast majority of questions during the course of the parties' depositions have drawn no objections, and when they did, objections from both sides were brief and limited to a few words.

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

This is evident from the fact that all depositions to date have proceeded efficiently, concluding well before the presumptive seven-hour time limit under Federal Rule of Civil Procedure 30.

## II. ARGUMENT

With few exceptions, the objections about which Microsoft complains were in connection with the deposition of Immersion's General Counsel, Laura Peter. When read in context, it becomes apparent that counsel for Immersion was trying to facilitate this sensitive deposition while guarding against improper intrusions on attorney-client privilege or attorney work product information. For example, Microsoft paints a picture that counsel was somehow improperly telling a witness to answer "with certain words" such as "yes" or "no." Motion at 4. What Microsoft leaves out is that these objections were directed to questions that specifically called for privileged or work product information. Rather than instruct the witness not to answer such questions, Immersion's counsel facilitated the efficient progression of the deposition by objecting and then allowing the witness to provide *foundational* information behind the privilege by answering "yes," "no," or "I do not recall" in response to questions whether privileged communications occurred. If the witness answered "yes," the substantive answer would be privileged and the witness would appropriately be instructed not to answer a question asking about those communications. If the witness answered "no" or "I do not recall," that would end the inquiry. Allowing the witness to answer foundational questions is appropriate and certainly not cause for complaint.

One such example that Microsoft cites is from page 63 of Ms. Peter's deposition. The line of questioning sought information regarding Immersion's discussions with Sony in January 2007 and early February 2007. But during this time frame, Ms. Peter herself had no discussions with Sony. As such, and as Ms. Peter testified, her only knowledge on the subject was through privileged attorney-client communications. *See* Peter Depo. at 65:9-22 ("I wasn't a party to any of these conversations." and "To the extent I was aware, they were through my clients…") (attached as Exhibit A to the Declaration of Jofrey McWilliam). When Microsoft asked

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 2

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

questions relating to this time frame, when Ms. Peter was not directly involved, the questioning thus necessarily implicated the privilege. As a result, counsel for Immersion directed Ms. Peter to answer "yes, no, or I don't recall" as to whether she had discussions with her clients on the indicated topics. The same directions were provided on a few instances in other situations as well as during the Reutens deposition, when Microsoft's counsel posed questions that called for Ms. Peter and Mr. Reutens to answer questions seeking their understandings from privileged communications. *E.g.*, Peter Depo. at 57-65; Reutens Depo. at 24, 26, 90 (McWilliam Decl., Ex. B). This approach properly allowed Microsoft to obtain foundational information to which it was entitled, and at the same time avoided Microsoft's intruding on the privilege and drawing needless instructions not to answer.[1] During the depositions, Microsoft's counsel said nothing about this approach to handling privilege issues or hinted that it was in any way improper.

Other objections about which Microsoft complains often involved a simple effort to clear up confusion or were part of a short motion to strike. For example, Microsoft complains how counsel in one instance commented that a statement from the witness was "not accurate." Peter Depo. at 140. Microsoft fails to provide the entire context, which was a brief exchange between counsel for both sides and the witness concerning a date on which a particular agreement was signed. The date had been previously established as February 28, but the witness inadvertently said "February 27th." Microsoft's counsel immediately interrupted the witness, stating "I think it's the 28th." *Id*. Immersion's counsel noted his agreement with Microsoft's counsel on this undisputed point, simply repeating that what the witness said on the date "was not accurate." *Id*. The date was again confirmed and the questioning proceeded. *Id*. It is ironic that Microsoft would now argue that Immersion's counsel was somehow obstructing deposition questioning by agreeing with Microsoft's effort to clarify its own questions.

Microsoft also complains that questions were improperly "interpreted," but there is nothing here. One example Microsoft cites is an instance when Immersion's counsel mentioned

---

[1] Microsoft also cites pages 157 and 158 of the December 20, 2007, deposition of Sony's Jennifer Liu, but those pages do not have the language Microsoft quotes.

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

"Why don't you hear the question again." Peter Depo. at 129. As an initial matter, this particular question involved issues of an attorney's refreshed recollection, an issue that potentially implicates the attorney work product doctrine and attorney-client privilege. In any event, Microsoft leaves out the context that this statement was immediately followed by a brief motion to strike a previous non-responsive answer. *Id*. Microsoft also cites page 89 from Ms. Peter's deposition, questions that again concerned certain discussions with Sony. During this line of questioning, Microsoft's counsel omitted the time frame that was the subject of previous questions, prompting counsel to inquire if Microsoft's counsel was asking about any particular time frame. Microsoft's counsel clarified that the question concerned "any" time frame. Clarification on this point was necessary, given that different time frames raised different attorney-client privilege issues, as discussed above. Immersion's counsel then noted what Microsoft's counsel had said, that counsel had "broadened the time frame." *Id*.

There are other instances when there was confusion among counsel for both sides about a particular question. Microsoft isolates certain lines from pages 104 and 108 of Ms. Peter's deposition as somehow impermissibly "alerting" the witness about a question. Yet again, however, Microsoft leaves out the context, including that Microsoft's counsel similarly "alerted" the witness to what the question was or that the witness herself asked for a question to be re-read. Peter Depo. at 104 ("My question was, though…"); *id.* at 108 (confusing series of compound questions, a motion to strike counsel's comments; and witness asking, "What was the last question?"). Far from suggesting any nefarious conduct, the snippets of exchanges that Microsoft isolates demonstrate that counsel for both sides were together trying to clarify the scope of the question in a line of questioning where the topic had shifted and the question being posed needed to be restated.

Microsoft also contends that Immersion improperly instructed Ms. Peter not to answer on a ground other than privilege. This is not so. Microsoft excerpts from page 25 of Ms. Peter's deposition an exchange during which Microsoft was posing questions about communications

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

between Immersion and Sony from January 2005 and November 2007.  As mentioned above, because Ms. Peter was not involved in any such communications, and hence her only source of information about such communications was through her own privileged communications with her client, Immersion objected on the grounds that the question lacked foundation and instructed on privilege grounds.  Microsoft's counsel even asked for confirmation that the instruction was on the basis of privilege, and Immersion's counsel so confirmed.  Peter Depo. at 25 ("I made a foundation objection and instructed on privilege.").  Further, Microsoft also leaves out the surrounding context, including that counsel for Immersion and Microsoft subsequently agreed that Ms. Peter would be permitted to answer certain questions about her knowledge of statements made by Sony, without any waiver of the attorney-client privilege.  *E.g.*, Peter Depo. 57-65.  Microsoft also cites pages 106 and 116 of Ms. Peter's deposition, but the transcript contains no instructions not to answer.  The question either was withdrawn or answered.  *See* Peter Depo. at 106 (objections, motion to strike, but no instruction not to answer); *id.* at 116 ("Mr. Kundtz:  Go ahead.  A:  Immersion communicated….").

Microsoft's characterization of the record also must be viewed against the backdrop that the depositions of Immersion witnesses Laura Peter and Patrick Reutens consumed about ten thousand lines of testimony and over four hundred pages of transcript.  Scanning the transcripts will confirm that the vast majority of the questioning proceeded without objections.  Notably, Microsoft used all the time it needed to question these witnesses, and all depositions ended early.  Peter Depo. at 214 (deposition adjourned at 4:07 p.m.); Reutens Depo. at 192 (deposition adjourned at 3:39 p.m.).  In addition, Microsoft deposed Immersion's Shoichi Endo on March 26, 2008, and has raised no issue regarding that deposition.

Microsoft's allegations also must be considered in the context of Microsoft's own counsel's speaking objections and other comments during the depositions of Microsoft witnesses.  While Immersion is not making an issue of the matter, and can understand why counsel might make such comments at a particular time, Microsoft's counsel directed witnesses

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 5

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

how they could answer questions, cut off the witness and interpreted questions. *E.g.*, McWilliam Decl. Ex. C (Spector Depo. at 23:13-25 ("You can if you can do it without revealing any attorney-client communications. Remember, the question is what did Mr. Singh think."); 25:23-25 (A: One -- MR. KUNDTZ: Wait. Wait for his next question."); 30:23-24 ("Which discussions? The question is vague."); 43-47 (interposing nine asked and answered objections to different questions); 88:8-23 (interrupting examination and asking witness his own questions, prompting Immersion's counsel to move to strike); 102:8-12 (interrupting witness, "THE WITNESS: I would have to – MR. KUNDTZ: Wait a second. You got to pause so I can make an objection. MR. HEINRICH: You're interrupting the witness."); 106:1-4 ("He's just asking you whether you had any internal discussions on that subject, and then we'll wait till his next question."); 143:8-9 ("And wait till he asks you a question, but you can look at those."); 155:19-24 ("he's testified in the context of numerous documents here in this deposition on that very subject, so it's been asked and answered. MR. HEINRICH: Please, enough with the speaking objections. Coaching the witness.")); *see also* McWilliam Decl. Ex. D (Brown Depo. at 19 ("You can respond as to whether you made your documents available in connection with this case."); 83 ("So your question now is what does the document say? Is there a pending question? MR. HEINRICH: Yeah. Just because you interrupted doesn't mean it's not pending."); 123 ("You're asking him to just read it there? He can do that."); 132 ("He's just asking you if you recall them."); 146 ("he just answered that question. It's also compound. MR. HEINRICH: Okay. Please, enough with your speaking objections.")).

### III. CONCLUSION

For some unknown reason, Microsoft's counsel seems intent on making this case a personal issue between counsel. First, Microsoft moved to disqualify Immersion's counsel, including particular attorneys, and now has brought the instant motion. The motion focuses on one particular deposition, a deposition of Immersion's General Counsel, that raised sensitive attorney-client privilege and attorney work product issues. Had Microsoft simply pursued a

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1 conversation among counsel, both sides could readily have confirmed that the Court need not be
2 involved, that speaking objections should not be made, and that objections on the basis of form,
3 foundation or privilege will be brief and limited to a few words.  Immersion has no hesitation
4 making the same assertion to the Court.
5     DATED this 28th day of April, 2008.

BYRNES & KELLER LLP

By /s/ Jofrey M. McWilliam
    Bradley S. Keller, WSBA #10665
    Jofrey M. McWilliam, WSBA #28441
    1000 Second Avenue, Suite 3800
    Seattle, WA  98104-4082
    Telephone: (206) 622-2000
    Facsimile: (206) 622-2522
    bkeller@byrneskeller.com
    jmcwilliam@byrneskeller.com
*Attorneys for Immersion Corporation*

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 28th day of April 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J. Kundtz (pkundtz@riddellwilliams.com)
Blake Marks-Dias (bmarksdias@riddellwilliams.com)
Wendy E. Lyon (wlyon@riddellwilliams.com)
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-3600
*Attorneys for Plaintiff*

/s/ Jofrey M. McWilliam, WSBA #28441
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jmcwilliam@byrneskeller.

IMMERSION'S RESPONSE TO MICROSOFT'S "MOTION TO LIMIT SPEAKING OBJECTIONS" (CV07 936RSM) - 8

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000