UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

Plaintiff,

v.

IMMERSION CORPORATION,

Defendant.

CASE NO. C07-936RSM

ORDER DENYING IMMERSION'S MOTION TO COMPEL

## **I. INTRODUCTION**

This matter comes before the Court on "Immersion Corporation's Motion to Compel Production of Documents Responsive to Request Nos. 53, 54 and 71 and Referenced in Response to Interrogatory No. 7." (Dkt. #56). Defendant Immersion Corporation ("Immersion") seeks an order from the Court compelling Plaintiff Microsoft Corporation ("Microsoft") to produce settlement agreements that Microsoft entered into in all patent lawsuits after a judgment was entered for or against Microsoft. Immersion argues that these settlement agreements are relevant to the instant case because they would reveal Microsoft's own practice and understanding of what constitutes a settlement of a district court proceeding. Immersion also contends that its requests are neither overly burdensome nor precluded by any confidentiality objections.

ORDER
PAGE - 1

Microsoft responds that Immersion's requests are irrelevant because settlement agreements that Microsoft entered into in separate patent lawsuits have no bearing to the instant lawsuit. Microsoft also contends that Immersion's requests are overly burdensome, and that confidential settlement agreements are not discoverable.

For the reasons set forth below, the Court agrees with Microsoft, and DENIES Immersion's motion to compel.

## II. DISCUSSION

### A. Background[1]

On September 11, 2007, Immersion issued its first set of Requests for Production ("RFP") to Microsoft. (Decl. of Heinrich, ¶ 2). Microsoft timely responded to Immersion's RFPs on October 11, 2007. (*Id.* at ¶ 3). Soon thereafter, Immersion issued its first set of Interrogatories to Microsoft on January 14, 2008. (*Id.* at ¶ 9). Microsoft timely responded to Immersion's Interrogatories on February 13, 2008. (*Id.* at ¶ 11). In its responses, Microsoft objected to several of Immersion's discovery requests, including RFP Nos. 53, 54 and 71, as well as Interrogatory No. 7.

Immersion's RFP No. 53 requests:

> All purported "settlement agreements," and agreements entered into connection therewith, between Microsoft and any other entity that were entered into *after a judgment was entered against Microsoft and in favor of such other entity* in any legal proceeding involving a claim of patent infringement.

(*Id.*, Ex. 1 at 17) (emphasis added).

Immersion's RFP No. 54 requests:

> All purported "settlement agreement," and agreements entered into in connection therewith, between Microsoft and any other entity that were entered into after a judgment was entered *against such other entity and in favor of Microsoft* in any legal proceeding involving a claim of patent infringement.

(*Id.*) (emphasis added).

---

[1] The Court has previously discussed the relevant facts that gave rise to this lawsuit in its "Order Denying Microsoft's Motion to Disqualify." (Dkt. #54). Accordingly, a detailed discussion of these facts is unnecessary here.

ORDER
PAGE - 2

Immersion's RFP No. 71 requests "[a]ll documents identified in your responses to Immersion's First Set of Interrogatories." (*Id.* at 21).

Immersion's Interrogatory No. 7 asks Microsoft to "[I]dentify all lawsuits you have settled in which Microsoft or the opposing party satisfied a final judgment." (*Id.*, Ex. 9 at 6).

Microsoft specifically objected to the discovery at issue by claiming that Immersion's requests were irrelevant, unduly burdensome, and protected by confidentiality provisions in the settlement agreements. The parties conferred regarding the discovery at issue and conducted a Rule 37 conference to no avail. (*Id.* at ¶ 10). As a result, Immersion now brings the instant motion to compel.

**B. Relevance**

The Court first discusses the threshold issue of whether the settlement agreements at issue are relevant. Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.] . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information relevant to the subject matter of an action means information that might reasonably assist a party in evaluating a case, preparing for trial, or facilitating settlement. *See generally Hickman v. Taylor*, 329 U.S. 495, 506-07, 67 S.Ct. 385 (1947). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citation omitted). The scope of discovery is within the discretion of the district court. *U.S. v. Domina*, 784 F.2d 1361, 1372 (9th Cir. 1986).

Here, Immersion argues that the settlement agreements at issue are relevant because they will allow Immersion to determine Microsoft's practice with regard to settlements of

patent lawsuits. Moreover, Immersion argues that these settlement agreements will shed light upon whether Microsoft understands or uses the term "settlement" to refer to the satisfaction of a final judgment. Immersion alleges that this is central to its defense in this case because it argues that Microsoft should know that a "settlement" never occurs when a final judgment is satisfied, which Immersion indicates occurred in the underlying patent litigation. In support of this argument, Immersion claims that extrinsic evidence is admissible to prove the intent of the parties when a court interprets a contract.

Under Washington state case law, it is well established that "[t]he touchstone of contract interpretation is the parties' intent." *Tanner Elec. Coop. v. Puget Sound Power & Light Co.*, 128 Wash. 2d 656, 674, 911 P.2d 1301 (1996) (citation omitted). To ascertain intent, courts first look to the objective manifestations of the agreement. *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash. 2d 493, 503, 115 P.3d 262 (2005) (citation omitted). The objective manifestations, however, are not always easily identifiable by examining the agreement itself. Therefore a trial court may resort to extrinsic evidence "for the purpose of aiding in the interpretation of what is in an instrument." *Berg v. Hudesman*, 115 Wash. 2d 657, 669, 801 P.2d 222 (1990). Extrinsic evidence includes "the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties." *Id.* at 667.

However, Washington courts have set forth limitations upon the scope of admissible extrinsic evidence. For example, "[a]dmissible extrinsic evidence does *not* include [] evidence of a party's unilateral or subjective intent as to the meaning of a contract word or term[.]" *Bort v. Parker*, 110 Wash. App. 561, 574, 42 P.3d 980 (2002) (citation omitted) (emphasis in original); *see also Go2Net, Inc. v. C I Host, Inc.*, 115 Wash. App. 73, 85, 60 P.3d 1245 (2003) ("When considering the circumstances leading up to and surrounding a writing, a court examines the parties' objective manifestations, but not their [']unilateral or subjective purposes and intentions about the meanings of what is written.[']") (citations omitted). In

ORDER
PAGE - 4

addition, "unexpressed impressions are meaningless when attempting to ascertain the mutual intentions [of the parties]." *Lynott v. Nat'l Union Fire Ins. Co.*, 123 Wash. 2d 678, 684, 871 P.2d 146 (1994) (citation omitted).

As related to the instant motion, it is therefore clear that the settlement agreements at issue are irrelevant to ascertaining the intent of the parties to the contracts at issue *in this case*. Any settlement agreements Microsoft entered into prior to or following its Sublicense Agreement ("SLA") with Immersion in 2003 only establish Microsoft's unilateral and subjective intent as to what it believes constitutes a settlement agreement. Microsoft's previous settlement agreements have no bearing upon the actual SLA between Microsoft and Immersion. Nor do they have any bearing upon the agreement between Immersion and Sony Corporation ("Sony"), an agreement that Microsoft claims triggers Immersion's obligation to pay Microsoft certain specified amounts pursuant to the SLA.

Nevertheless, Immersion argues that it is only fair that Microsoft produces such information because this Court has previously compelled the production of documents and communications related to Immersion's agreement with Sony. (*See* Dkt. #59). Immersion argues that Microsoft "is trying to have things both ways. It wants to get discovery that it believes may support its theories, but block Immersion from exploring fertile territory for evidence that may undermine Microsoft's own case." (Dkt. #65 at 5). However, the discovery that the Court previously compelled disclosure of was related to documents and communications underlying Immersion's agreement with Sony. This agreement is centrally relevant to Microsoft's breach of contract claim because, as mentioned above, Microsoft alleges that Immersion's agreement with Sony triggers Immersion's obligation to pay Microsoft pursuant to the SLA. As such, the only two contracts a fact-finder will need to interpret are the SLA and the agreement between Immersion and Sony. All other contracts are irrelevant.

The Court also finds no merit in Immersion's argument that Microsoft has opened the door to this discovery by answering in part Immersion's Interrogatory No. 7. Although

Microsoft identified six cases wherein Microsoft settled with another party in a patent lawsuit, it prefaced its response by very clearly retaining its objection on irrelevancy grounds. (Decl. of Heinrich, Ex. 8 at 11). Additionally, Immersion argues that Microsoft's counsel inquired at a deposition involving Sony's in-house counsel as to Sony's standard practices regarding settlements. Thus, Immersion argues that Microsoft has conceded that the settlement agreements at issue are relevant. However, Immersion offers no authority to support this position, and the Court likewise cannot find any authority to suggest that these circumstances constitute a waiver.

Therefore, despite the liberal rules regarding discovery, the settlement agreements at issue in the instant motion are simply too attenuated from the two primary contracts at issue in this case. In addition, while "analysis at [the discovery stage] is not driven by issues of admissibility, but by fairly minimalistic precepts of relevancy," *In re Potash Antitrust Litig.*, 161 F.R.D. 405, 409 (D. Minn. 1995), the relevant information must appear to be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Here, Washington state case law on contract interpretation clearly excludes the type of extrinsic evidence Immersion seeks. Accordingly, the Court finds that the settlement agreements at issue are irrelevant.

### C. Undue Burden and Confidentiality

Because the Court has determined that the discovery at issue is irrelevant, the Court finds it unnecessary to address the remainder of the parties' respective arguments.

### III. CONCLUSION

Having reviewed Defendant's motion, Plaintiff's response, Defendant's reply, Plaintiff's surreply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) "Immersion Corporation's Motion to Compel Production of Documents Responsive to Request Nos. 53, 54 and 71 and Referenced in Response to Interrogatory No. 7" (Dkt. #56) is DENIED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this  5  day of May, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7