The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                        Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>                        Defendant. | No. CV07 936RSM<br><br>**IMMERSION CORPORATION'S OPPOSITION TO MICROSOFT CORPORATION'S "MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING IMMERSION'S COUNTERCLAIM"**<br><br>**NOTE FOR MOTION CALENDAR: May 9, 2008** |

## I. INTRODUCTION

Microsoft admits that it violated the written "Confidentiality Agreement" that Microsoft signed as an express pre-condition to Immersion's sending Microsoft a copy of an agreement between Immersion and Sony ("Immersion-Sony Agreement"). Microsoft also concedes that Microsoft published in its publicly-filed original complaint in this case confidential option payment amounts and per-unit royalty figures from the document. Although Immersion promptly objected, and Microsoft filed an amended complaint deleting this information ten days later, discovery revealed that Microsoft's PR firm had already emailed the original complaint to various media outlets for widespread distribution—including The Seattle Times, the Seattle Post-Intelligencer, as well as popular technology websites. To vindicate its rights, and to make sure that Microsoft gets the message that it cannot ignore the agreements it makes with others,

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 1

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

Immersion asserted a counterclaim against Microsoft for breach of the Confidentiality Agreement ("Counterclaim").

With the confidential information made public by its own doing, Microsoft now tries to avoid the consequences of its misconduct by moving for partial summary judgment based on its contention that Immersion has not suffered damages. In other words, Microsoft constructs the misguided argument of "no harm, no foul" and asks the Court to whitewash its breach of contract. Microsoft confuses the distinction between a legal "injury" and "damages." Contrary to Microsoft's assertion, proof of actual pecuniary damages is not a necessary element of a breach of contract claim. Rather, where a party has violated another's legal rights, the injured party is entitled to nominal damages. *Ford v. Trendwest Resorts, Inc.*, 146 Wn.2d 146, 158, 43 P.3d 1223 (2002). In this case, Microsoft's actions in ignoring the confidentiality agreement and failing to honor its contractual duty to preserve the Immersion-Sony Agreement as confidential is itself a legal wrong—a wrong that entitles Immersion at least to an award of nominal damages. *See id*. Microsoft may not widely disseminate previously confidential information in direct contravention of its express promise not to do so and then ask Immersion to suffer in silence without a remedy.

Moreover, discovery is ongoing. Depositions remain to be taken of party and third-party witnesses. And evidence of the full scope of Microsoft's wrongful disclosure is entirely within the possession, custody or control of Microsoft or third parties. Microsoft may not short circuit the judicial process. Immersion is entitled to investigate its claim, and recover nominal or actual damages as appropriate. Microsoft's Motion must be denied.

## II.  FACTUAL BACKGROUND

On May 1, 2007, Microsoft wrote Immersion asking for documentation relating to Immersion's agreement with Sony. *See* Declaration of Jofrey M. McWilliam, dated May 6, 2008, ("McWilliam Decl."), Ex. 1, p. 2 (referencing May 1, 2007, letter). Although Microsoft had not even seen this document, Microsoft asserted that it was owed substantial sums under the earlier 2003 "Sublicense Agreement" between Microsoft and Immersion. Immersion responded

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 2

Byrnes & Keller LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

by telling Microsoft that Immersion had no obligations to Microsoft under the Sublicense Agreement given that Sony satisfied a final judgment in Immersion's patent infringement suit against Sony, and also paid all other amounts the Court ordered Sony to pay. Immersion also informed Microsoft that Immersion's business agreement with Sony was confidential. *Id.*

After Immersion obtained Sony's consent to the production of the agreement to Microsoft's counsel on a confidential basis, Immersion informed Microsoft that it would provide Microsoft with an unredacted copy of the Immersion-Sony Agreement if Microsoft agreed to keep the agreement and its terms confidential. *Id.* Immersion also provided Microsoft with a draft confidentiality agreement which strictly limited the number of persons to whom the Immersion-Sony Agreement could be shared. *Id.* On May 11, 2007, Microsoft executed and returned the signed "Confidentiality Agreement." *Id.*, Ex. 2.

Under the Confidentiality Agreement, Microsoft agreed not to provide, share, or otherwise disclose the Immersion-Sony Agreement to any person or entity, including any person or entity inside or outside of Microsoft Corporation, other than the Managing Director of Microsoft's IP Acquisitions and Investments group, two business persons in Microsoft's IP and Licensing group, three in-house counsel, and Microsoft's outside counsel, all of whom agreed to be bound by the Confidentiality Agreement. *Id.* In addition, Microsoft and its counsel reserved the right to use the Immersion-Sony Agreement "in connection with a future dispute or litigation relating to the Immersion/Microsoft Sublicense Agreement, <u>subject to an appropriate confidentiality agreement or court order that may be negotiated or otherwise entered</u>." *Id.*, (emphasis added). On May 14, 2007, Immersion provided Microsoft with an unredacted copy of the Immersion-Sony Agreement. Immersion's cover letter made clear that Immersion was doing so pursuant to the express Confidentiality Agreement that Microsoft had just signed. *Id.*, Ex. 4.

On June 18, 2007, Microsoft publicly filed its original complaint in this case ("Original Complaint"). (Dkt. #1.) In the Original Complaint, Microsoft publicly disclosed the terms of the Immersion-Sony Agreement, including confidential financial terms that had never been publicly disclosed prior to Microsoft's filing of the Original Complaint. In particular, paragraph 21 of the

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Original Complaint contained an option payment amount and a royalty rate that had never been publicly disclosed prior to Microsoft's filing of the Original Complaint. *Id.*

Microsoft did not seek a court order to protect the confidential information it decided to put in the Complaint. In fact, Microsoft did exactly the opposite. On the same day that Microsoft publicly filed its Complaint, Microsoft's public relations firm of Waggener Edstrom Worldwide emailed the Original Complaint to The Seattle Times and the Seattle Post-Intelligencer. *Id.*, Ex. 4. As the Court is aware, these publications are widely read, having a combined weekday circulation of 350,000, and a combined weekday readership of 1,290,700 adults. McWilliam Decl., Ex. 5. Microsoft's public relations firm at the same time also emailed the Original Complaint to CNET.com and ARS Technica, popular internet websites providing a global audience with information and analysis on technology, including electronic products and video gaming. *See id*. Microsoft's public relations firm also emailed the Original Complaint to a well-known journalist in Seattle who maintains a news blog on Microsoft's affairs. This resulted in articles/posts describing the lawsuit, and the specific confidential terms of the Immersion-Sony Agreement, and a link to the Original Complaint.

On June 22, 2007, although Microsoft had irretrievably made the information public, Immersion's counsel sent a letter to counsel for Microsoft demanding that corrective steps be taken concerning Microsoft's public disclosure in the Original Complaint of the confidential financial terms of the Immersion-Sony Agreement. McWilliam Decl., Ex. 6. On June 25, 2007, Microsoft filed in this Court a Motion to Seal Original Complaint. (Dkt. #3.) On the same day, Microsoft filed in this Court an amended complaint ("Amended Complaint"). (Dkt. #2.) The Amended Complaint is identical to the Original Complaint except that it omits the confidential financial terms of the Sony Agreement contained in paragraph 21 of the Original Complaint.

On September 4, 2007, Immersion filed its Answer, Affirmative Defenses, and Counterclaims (the "Counterclaim"). (Dkt. #8.) The Counterclaim asserts a cause of action against Microsoft for breach of contract. *Id.*, ¶¶ 65-68 The Counterclaim alleges that "Microsoft breached the Confidentiality Agreement by, among other things, publicly disclosing confidential

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

terms of the Sony Agreement in its Original Complaint, which Microsoft publicly filed without first negotiating a confidentiality agreement or obtaining a court order to seal, as required by the Confidentiality Agreement between Microsoft and Immersion." *Id.*, ¶ 68. The Counterclaim also seeks damages for Microsoft's breach, "in an amount to be determined at trial, plus interest, costs, and attorneys' fees." *Id.*, ¶ 69.

On September 11, 2007, Immersion served Microsoft with Immersion's First Set of Requests for Production ("Requests"). Immersion asked Microsoft to produce "[a]ll documents related to any communication, disclosure, provision, or sharing of the Sony Agreement or any of its terms to any person other than those persons identified in roman numerals (i) – (iv) of the Confidentiality Agreement." Microsoft responded on October 11, 2007, stating that subject to the attorney-client privilege, "there are no responsive documents." McWilliam Decl., Ex. 7, p. 22 (response to Request #65). This representation was not true. On January 14, 2008, Immersion served Microsoft with Immersion's First Set of Interrogatories ("Interrogatories"), in which Immersion asked Microsoft to "[i]dentify the date, participants, and subject matter of all communications between any representative of Microsoft and any third party [] in which Microsoft's original Complaint in this action was provided, including, for each third party identified, the date on which the original Complaint was provided and the Microsoft representative who provided the Complaint." Microsoft responded on February 13, 2008, by producing numerous emails between Microsoft's public relations firm and the media, including newspapers and popular technology websites, which show that Microsoft widely disseminated the confidential terms of the Immersion-Sony Agreement to the general public. *Id*., Ex. 4.

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### III. ARGUMENT

**A. Immersion Is Not Required to Prove Actual Pecuniary Damages in Order to Pursue a Counterclaim for Breach of the Confidentiality Agreement.**

Microsoft's entire Motion[1] is based on the incorrect assertion that every claimant for breach of contract must prove that it suffered actual pecuniary damages as a result of the breach. However, it is well settled that "for every breach of contract, a cause of action exists," even where the breach does not result in pecuniary damages. 11 Arthur L. Corbin, Corbin On Contracts § 55.10 (Rev. ed. 2005). "If the aggrieved party has suffered no compensable damages, a judgment for nominal damages will be entered." *Id*; *Shields v. DeVries,* 70 Wn.2d 296, 300, 422 P.2d 828 (1967) (directing entry of nominal damages in case where substantial damages could not be proved, even though claimant "failed to name a single customer that they had lost in consequence" of the breach, and noting that the court will not condone the failure to keep a promise); *Sweet v. Johnson,* 169 Cal. App. 2d 630, 632, 337 P.2d 499 (1959) (stating the rule that nominal damages "are presumed as a matter of law to stem merely from the breach of a contract"). It is the failure to keep the promise "that is the foundation of" the breach of contract action. *Shields*, 70 Wn.2d at 300.

There is no question that Microsoft flagrantly breached the Confidentiality Agreement. Microsoft does not dispute that the Confidentiality Agreement is a binding contract between Microsoft and Immersion which created a duty on Microsoft not to publicly disclose the Immersion-Sony Agreement or its terms. Just one month after Microsoft agreed not to provide, share, or otherwise disclose terms of the Immersion-Sony Agreement to any unauthorized person or entity, Microsoft did exactly that. Microsoft carelessly filed a complaint in which Microsoft publicly disclosed confidential financial terms of the Immersion-Sony Agreement and then went on to zealously disseminate the complaint to various newspapers, popular technology websites,

---

[1] In connection with Immersion's and Microsoft's meet-and-confer discussions as part of their continuing effort to resolve certain discovery issues, Microsoft's counsel agreed to a one-day extension of the time for Immersion to file its oppositions to outstanding discovery motions and this motion for partial summary judgment.

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1 and internet bloggers. Immersion has identified in discovery responses at least some of the places where the information appeared.

Cases under the law of Washington and California[2] both explain that a plaintiff need not show pecuniary damages in order to pursue a breach of contract claim. *Ford v. Trendwest Resorts, Inc.*, 146 Wn.2d 146, 43 P.3d 1223, 1229 (2002) (awarding nominal damages to employee who had proved breach of employment contract but who could not prove actual damages); *Shields*, 70 Wn.2d at 300. Rather, recent authority rejects the proposition that actual damages are a necessary element and reaffirms that nominal damages may be recovered in the absence of proof of actual damages. *See, e.g., Merrell v. Renier*, No. C06-404JRL, 2006 WL 3337368, at *5 (W.D. Wash. Nov. 16, 2006) (noting that in *Ford*, *supra*, the Washington Supreme Court awarded nominal damages to plaintiff who could not prove actual damages, and distinguishing *Ketchum v. Albertson Bulb Gardens, Inc.*, 252 P. 523, 525 (Wash. 1927), cited in Microsoft's Motion). The same is the case under California law. *See* Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."); *Midland Pac. Bldg. Corp. v. King*, 157 Cal. App. 4th 264, 275, 68 Cal. Rptr. 3d 499 (2007) ("[I]n the absence of a showing of actual damages, nominal damages are available."); *Sweet*, 169 Cal. App. 2d at 632-33 ("A plaintiff is entitled to recover nominal damages for the breach of a contract, despite inability to show that actual damage was inflicted upon him, since the defendant's failure to perform a contractual duty is, in itself, a legal wrong that is fully distinct from the actual damages.") (citations omitted).

---

[2] The Confidentiality Agreement does not contain a choice of law provision. Given that Immersion is located in California, that the Confidentiality Agreement was drafted in California, and that the agreement is intended to protect Immersion's interests in California, California has the most significant relationship with the Confidentiality Agreement and its breach. As a result, the Court should look to California contract law. *Potlatch No. 1 Fed. Credit Union v. Kennedy*, 76 Wn.2d 806, 809, 459 P.2d 32 (1969) (in the absence of an effective choice of law provision agreed to by the parties, "the validity and effect of a contract are governed by the law of the state which has the most significant relationship to the contract"); Restatement (Second) of Conflict of Laws § 188 (1971). The law of both jurisdictions, however, appears to be in sync that a contract plaintiff may recover nominal damages to vindicate contract rights.

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Immersion also may be entitled to recover its attorneys' fees with regard to the breach of confidentiality Counterclaim. *See* RCW 4.84.250 (providing for award of attorney fees to prevailing party in actions up to $10,000); *Lay v. Hass*, 112 Wn. App. 818, 51 P.3d 130 (2002) ("A court may award reasonable attorney fees to the prevailing party as provided by private agreement, statute, or a recognized ground of equity.") citing *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 849-50, 726 P.2d 8 (1986). For example, in *Lay*, a property line dispute involving nominal damages, the court affirmed an award of attorney fees under RCW 4.84.250 to the prevailing party, and awarded additional attorney fees under the statute for the appeal. *Id. Cf. Merrell v. Renier*, No. C06-404JRL, 2006 WL 3337368, at *5 (W.D. Wash. 2006 Nov. 16, 2006) (attorney fees awardable in breach of contract action seeking no pecuniary damages).

Microsoft's request that the Court dismiss Immersion's Counterclaim thus is without basis. Immersion is entitled to have Microsoft's liability for breach of the Confidentiality Agreement adjudicated. At a bare minimum, Immersion is entitled to pursue the claim and recover nominal damages to vindicate its contractual rights—rights Microsoft ignored in its haste to assert its misguided claim against Immersion.

**B.  The Court May Retain Jurisdiction to Allow Immersion to Recover for Additional Harm Immersion May Sustain.**

A further reason that Microsoft's motion for summary judgment should be denied is that in the event that Immersion prevails on its Counterclaim and were to recover nominal damages, the Court can still hold Microsoft accountable in this action for future monetary damages caused by Microsoft's breach of the Confidentiality Agreement. For example, once Microsoft's liability for breaching the Confidentiality Agreement has been adjudicated, and Immersion has been awarded nominal damages or such other damages that it is able to prove at trial, the Court may retain jurisdiction regarding future damages. *See, e.g.*, *U.S. v. Burnett*, 262 F.2d 55, 59 (9th Cir. 1958) (holding that district court has the power to rule on liability and damages for tort claim suffered as of the date of trial, and retain jurisdiction to assess future damages suffered by

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

plaintiff as a consequence of the tort—"The power of the court to hear some of the [damages] issues first and postpone a hearing on the others until a later date cannot be questioned."); *see also, e.g.*, *Int'l Controls Corp. v. Vesco*, 535 F.2d 742 (2d Cir. 1976) (directing the district court to retain jurisdiction over claims for which plaintiff may prove additional damages suffered after entry of default judgment); *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 463 P.2d 770 (Cal. 1970) (trial court properly retained jurisdiction in order to amend its judgment to include future damages in negligence claim in which liability had been established but the amount of damages was not yet known); *Carlson Indus. v. E. L. Murphy Trucking Co.*, 168 Cal. App. 3d 691, 694, 214 Cal. Rptr. 331 (Cal. 1985). In addition, Washington courts are "vested with a broad discretionary power to shape and fashion injunctive relief to fit particular facts, circumstances, and equities of the case before it." *Rupert v. Gunter*, 31 Wn. App. 27, 640 P.2d 36 (1982); RCW 7.40.020; *cf. Eden Hannon & Co. v. Sumitomo Trust & Banking Co.*, 914 F.2d 556 (4th Cir. 1990) (imposing a constructive trust on profits derived from breach of non-disclosure agreement).

**C.     Discovery Is Still Ongoing.**

Although Microsoft's Motion is without merit given the recoverability of at least nominal damages, Microsoft's Motion should also be denied because Immersion is still conducting discovery relating to its Counterclaim. Fed. R. Evid. 56(f). The discovery cut-off date in this case is currently set for June 16, 2008, over a month and a half out. Evidence of the full scope of Microsoft's wrongful dissemination of confidential terms of the Immersion-Sony Agreement remains within the possession, custody or control of Microsoft and third parties. Immersion also is now finalizing for service a subpoena directed at Microsoft's public relations firm, which seeks information bearing on the full extent to which Microsoft shared with third parties its Original Complaint, and/or the terms of the Immersion-Sony Agreement. Immersion also intends to serve a subpoena on the PACER Service Center, and media outlets that were provided the Original Complaint by Microsoft and posted/described the confidential information on their

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 9

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  websites, to determine the identity of persons who downloaded the Original Complaint and/or accessed the confidential information when it was publicly available.

Significantly, Microsoft initially concealed its sharing of the original Complaint. Over six months ago, at the start of discovery, Immersion asked Microsoft to produce documents "related to any communication, disclosure, provision, or sharing of the Sony Agreement or any of its terms" to any unauthorized person. At that time, Microsoft specifically represented that "there are no responsive documents." McWilliam Decl., Ex. 7 (Response to Request No. 65). This was false. In February 2008, Microsoft produced emails showing that Microsoft, through its agents, widely disseminated the Original Complaint. *Id.*, Ex. 4. Immersion is entitled to conduct follow-up discovery on these documents and to question Microsoft witnesses in deposition, including Microsoft's Fed. R. Civ. P. 30(b)(6) designee, on issues relating to the Counterclaim. One such issue is whether Microsoft deliberately included Immersion's business-sensitive information in the Original Complaint in an effort to harm Immersion. *See* 11 Arthur L. Corbin, Corbin on Contracts § 56.16 (Rev. ed. 2005) ("In cases of willful breach, the trial court and jury have a greater degree of discretion and doubts will more readily be resolved against the party committing the breach.").

## IV. CONCLUSION

Microsoft breached the Confidentiality Agreement, and Immersion is entitled to an adjudication that Microsoft failed to honor its promise to keep the terms of the Immersion-Sony Agreement confidential and not to further disseminate them. Whether or not Immersion can show that it has suffered pecuniary damages at this time is of no moment. Immersion is entitled at least to an award of nominal damages for Microsoft's breach of the Confidentiality Agreement. Moreover, discovery is not complete, and Microsoft failed to forthrightly comply

//
//
//
//

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

//

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 11

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

with its discovery obligations in providing information regarding the extent to which it violated its agreement with Immersion.  Microsoft's Motion should be denied.

DATED this 6th day of May, 2008.

         BYRNES & KELLER LLP

         By <u>/s/ Jofrey M. McWilliam</u>
           Bradley S. Keller, WSBA #10665
           Jofrey M. McWilliam, WSBA #28441
           1000 Second Avenue, Suite 3800
           Seattle, WA  98104-4082
           Telephone: (206) 622-2000
           Facsimile: (206) 622-2522
           bkeller@byrneskeller.com
           jmcwilliam@byrneskeller.com
         Attorneys for Immersion Corporation

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 12

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 6th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul J. Kundtz (pkundtz@riddellwilliams.com)
Blake Marks-Dias (bmarksdias@riddellwilliams.com)
Wendy E. Lyon (wlyon@riddellwilliams.com)
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-3600
*Attorneys for Plaintiff*

/s/ Jofrey M. McWilliam, WSBA #28441
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jmcwilliam@byrneskeller.com

IMMERSION'S OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (CV07 936RSM) - 13

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000