1

HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

8         UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9               AT SEATTLE

| | |
|---|---|
| 10   MICROSOFT CORPORATION, a<br>Washington corporation, | No. CV 07-936-RSM |
| 11 | **REPLY IN SUPPORT OF** |
|          Plaintiff, | **PLAINTIFF MICROSOFT** |
| 12 | **CORPORATION'S MOTION FOR** |
|       v. | **PARTIAL SUMMARY JUDGMENT** |
| 13 | **REGARDING IMMERSION'S** |
|   IMMERSION CORPORATION, a | **COUNTERCLAIM** |
| 14   Delaware corporation, | |
| | **NOTED ON MOTION CALENDAR:** |
| 15         Defendant. | **MAY 9, 2008** |

16

### I. INTRODUCTION

17

18      Immersion does not deny that it has failed to produce *any* evidence that it was

harmed by Microsoft's inadvertent and limited disclosure of two terms relating to the Sony
19

Option in the Sony/Immersion Agreement. Immersion has not asserted that even one
20

potential licensee or customer read the information, much less that a potential licensee or
21

customer used the information to Immersion's detriment.[1]
22

23      Without proof of some actual injury, Immersion cannot prevail on its claim and is

24    _____

[1] Immersion makes baseless assertions that Microsoft admits it breached the
25    Confidentiality Agreement (it has not). Microsoft has not admitted breach of the
Confidentiality Agreement. The issue of breach is not before the Court on this motion
26    because Immersion's failure to prove any damage resulting from the alleged breach alone
allows the Court to dispose of its counterclaim.

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 1
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  not entitled to damages – actual or nominal. Suffering damages is an element of a claim

2  for breach of contract, which must be proved in order to survive dismissal. Even when

3  Washington courts have allowed nominal damages, they have done so only where some

4  injury has been established, but the amount could not be shown accurately. Here,

5  Immersion has failed to demonstrate any injury at all.

6        Immersion also suggests that despite its complete failure to produce any evidence of

7  harm, it should be given an indefinite amount of time to search for such evidence. The

8  time for producing evidence of harm is now. Immersion has not satisfied this requirement.

9  Its counterclaim should be dismissed.

## II. AUTHORITY AND ARGUMENT

**A.  Immersion is Not Entitled to Nominal Damages.**

    **1.  Proof of Actual Damage is Required as an Element of a Claim for Breach of Contract.**

13        Under Washington law, it is well settled that a breach of contract cause of action

14  requires, among other elements, that the plaintiff prove damage as a result of the alleged

15  breach. <u>Lehrer v. DSHS</u>, 101 Wash. App. 509, 516, 5 P.3d 722 (2000); <u>Northwest</u>

16  <u>Independent Forest Mfgs. v. Dep't of Labor and Industries</u>, 78 Wash. App. 707, 712, 899

17  P.2d 6 (1995). Failure to prove damage when seeking damages is failure to prove the

18  substance of the issue, entitling a defendant to a judgment, a nonsuit, or a judgment that the

19  appellant take nothing by his action. <u>Woodhouse v. Powels</u>, 43 Wash. 617, 86 P. 1063

20  (1906); <u>see also</u> <u>Ketchum v. Albertson Bulb Gardens, Inc.</u>, 142 Wash. 134, 252 P. 523

21  (1927); <u>Jacob's Meadow Owners Assoc. v. Plateau 44 II, LLC</u>, 139 Wash. App. 743, 754,

22  162 P.3d 1153 (2007) (stating "in suits for damages only . . . a court may dismiss a breach

23  of contract action if damages have not been suffered"); <u>Akins v. Williams</u>

24  <u>Communications, Inc.</u>, No. 27657-7-II, 2003 WL 1521999 *3 (Wash. App. March 25,

25  2003) (Unpublished) (providing that "failure to prove damages warrants dismissal").

26  "Uncertainty as to the fact of damage is fatal" to the claim. <u>Wenzler & Ward</u>, 53 Wash.

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 2
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

2d at 100; Dunseath v. Hallauer, 41 Wn.2d 895, 902, 253 P.2d 408 (1953); see also

Wilkerson v. Wegner, 58 Wash. App. 404, 409, 793 P.2d 983 (1990) (stating that the

"claim rests only on conjecture and does not support a cause of action for damages");

Wenzler & Ward Plumbing & Heating Co. v. Sellen, 53 Wash. 2d 96, 100, 330 P.2d 1068

(1959) (explaining that uncertainty as to the fact of damage is fatal to claim); see also

Sorrel v. Eagle Healthcare, Inc., 110 Wash. App. 290, 296, 38 P.3d 1024, review denied,

147 Wn.2d 1016, 56 P.3d 992 (2002).

Mere proof of breach is not sufficient to maintain a cause of action. As clearly

explained by Ketchum:

> Since the action was for damages suffered, mere proof that there was a
> breach of the contract without more did not warrant a verdict in favor of the
> respondent, even for nominal damages.

Id. at 139; cf. Karuza v. Law Offices of Paul N. Luvera, WL 523930 (unpublished) (1997)

(dismissing action where plaintiff proved breach of confidentiality agreement, but failed to

prove damages). This view is based, in part, upon the ancient principle that the law "does

not concern itself with trifles." Ketchum, 142 Wash. at 139 (citation omitted); Sorrel, 110

Wash. App. at 296.

Nominal damages may be appropriately awarded when damage is proven but the

quantum of damage is uncertain. The traditional statement regarding "nominal damages"

is as follows:

> Nominal damages never purport to be real damages. They are awarded
> where, from the nature of the case, some injury has been done, the amount
> of which the proofs fail entirely to show.

See Bellingham Bay & British Columbia R. Co. v. Strand, 4 Wash. 311, 314, 30 P. 144,

145 (1892). For example, the case Immersion cites in support of its argument, Ford v.

Trendwest Resorts, Inc., 146 Wash. 2d 146, 158, 43 P.2d 1223 (2002), quotes this exact

language from Bellingham Bay, and remanded for an award of nominal damages because

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 3
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  the plaintiff in that action demonstrated an injury . Id. at 158.[2] Unlike Immersion, Ford

2  demonstrated an injury before being entitled to an award of nominal damages.

3      Nominal damages may also be awarded where damages are not sought. For

4  example, in cases seeking injunctive relief or cases involving the determination of property

5  rights sometimes allow for the recovery of nominal damages without proof of damage. Cf.

6  Sorrel, 110 Wash. App.at 296. As stated by the Washington Supreme Court in Woodhouse

7  v. Powles, 43 Wash. 617, 86 P. 1063 (1906):

8          It is only where the verdict of the jury will determine some property or
           permanent personal right that the verdict must be taken regardless of the
9          question whether the amount returned is substantial or nominal.

10  Id. at 624. See e.g. Seymour v. Jaffe, 78 Wash. 1, 138 P. 276 (1914), Immersion's breach

11  of contract cause of action, where Immersion specifically pled damages (Dkt. No. 8

12  (Immersion's Answer Affirmative Defense, Countercl.) at ¶ 69.), does not fall within these

13  exceptions.

14      Accordingly, Immersion's failure to present any damage resulting from Microsoft's

15  alleged breach of the Confidentiality Agreement is fatal to its claim. Claiming nominative

16  damages now cannot defeat this motion for partial summary judgment without proof of

17  actual injury as a result of the alleged breach. Without injury there is no claim to assert.

18  See, e.g., Wenzler & Ward, 53 Wash. 2d at 100; Woodhouse, 43 Wash. at 624; Ketchum,

19  142 Wash. at 139; Jacob's Meadow, 139 Wn. App. at 754; Akins, 2003 WL 1521999 *3.

20      **2.    Washington Law Applies to Immersion's Counterclaim.**

21      In its opposition, Immersion relies upon California law, which is inapplicable and

22  in conflict with Washington Law on the subject of nominal damages. "Federal courts

23  sitting in diversity jurisdiction apply state substantive law and federal procedural law."

24  _____

25  [2] The unpublished decision of Merrell v. Renier, No. C06-040 JLR (W.D. Wash. Nov. 16,
    2006), relied upon by Immersion, after quoting the traditional recitation regarding nominal
26  damages, was decided in part upon evidence from which a jury could award damages for
    emotional and non-pecuniary injury to reputation. See id. at 5-6.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1   <u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415, 427 (1996).  Courts sitting in

2   diversity apply the choice of law rules of the state in which the Court sits, in this case

3   Washington.  <u>Kohlrautz v. Oilmen Participation Corp.</u>, 441 F.3d 827 (9th Cir. 2006).[3]

4        Washington applies the law of the state with the most significant relationship to the

5   transaction.  <u>Johnson v. Spider Staging Corp.</u>, 87 Wn.2d 577, 580, 555 P.2d 997 (1976);

6   Under the most significant relationship test, when the parties have not expressly chosen the

7   law to be applied, courts will apply "the law of the state which, with respect to that issue,

8   has the most significant relationship to the transaction and the parties."  Restatement

9   (Second) Conflict of Laws § 188 (1971).

10       Applying the five factors used to determine the most significant relationship, it is

11  apparent that Washington law applies to Immersion's counterclaim:

12  (a)  The place of contracting:  It is undisputed that Microsoft signed the
         Confidentiality Agreement in Redmond, Washington, (see
13       Declaration of Ken Lustig).  That signature was the last act
         necessary to give the contract binding effect, and therefore
14       Washington is considered the place of contracting.  <u>National Flood
         Services, Inc. v. Torrent Technologies, Inc.</u>, No. C05-1350Z (W.D.
15       Wash. June 13, 2006);

16  (b)  The place the contract was negotiated:  The Confidentiality
         Agreement was negotiated over the phone and email between
17       Microsoft in Washington, and Immersion in California.  Lustig Decl.
         This factor is therefore neutral.

18  (c)  The place of performance:  Microsoft employees and counsel located
         in Washington were tasked with performing the contract. (see Dkt.
19       No. 95- Ex. 2 (Confidentiality Agreement) at 1).  And all of the
         alleged breaches of the contract occurred in Washington (id. at Ex.
20       4).  This factor weighs in favor of Washington law;

21  (d)  The location of the subject matter of the contract:  The
         Sony/Immersion Agreement was the subject of the Confidentiality
22       Agreement.  It was delivered to Microsoft in Redmond, Washington
         to be used in a lawsuit that was pending in Washington.  This factor
         also weighs in favor of applying Washington law;

23

24  [3] An actual conflict between the law of Washington and the law of another state must exist
    before Washington courts engage in a conflict of law analysis. <u>Rice v. Dow Chem. Co.</u>,
25  124 Wn.2d 205, 210, 875 P.2d 1213 (1994).  To the extent that California law and
    Washington law conflict regarding the availability of nominal damages in a breach of
26  contract case, a conflict of law analysis is appropriate.  Washington law regarding nominal
    damages is discussed in detail, below.

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 5
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

(e)     The domicile, residence, nationality, place of incorporation and place of business of the parties: Immersion is not a party to the Confidentiality Agreement (Lustig Decl.), and therefore its domicile is irrelevant. Microsoft is a Washington corporation, with its principal place of business in Redmond, Washington.

See Fluke Corp. v. Harford Accident & Indem. Co., 102 Wn. App. 237, 249, 7 P.3d 825 (2000). In addition to the numerous contacts between the Confidentiality Agreement and Washington, Washington has a strong policy against awarding "punitive" type of damages, including nominal damages. It also has an interest in establishing predictability and uniformity regarding contract rights and liabilities among its residents by applying of its own contract rule regarding burden of proving damages as an essential element of a breach of contract cause of action, and its own standards for possible recovery of nominal damages. See Potlatch, 76 Wash. 2d at 81; Fluke Corp., 102 Wn. App. at 252; Restatement (Second) Conflicts of Law, supra § 6. Washington's contacts with the contract and its policy interest in determining its enforceability indicate that Washington has the most significant relationship with the contract.

### 3.     Punishment Is Not a Proper Basis for Immersion's Counterclaim.

Immersion also appears to seek punitive damages, since it has no proof of actual damages. It states, "To vindicate its rights, and to make sure that Microsoft gets the message that it cannot ignore the agreements it makes with others, Immersion asserted a counterclaim against Microsoft for breach of the Confidentiality Agreement." (Opposition at 1-2). Not only are punitive damages for breach of contract claims not permitted in Washington, Barr v. Interbay Citizens Bank of Tampa, Florida, 96 Wash. 2d 692, 699, 635 P.2d 441, 649 P.2d 827 (1981), but "[t]he central objective behind the system of contract remedies is compensatory, not punitive. Punishment of a promisor for having broken his promise has no justification on either economic or other grounds. . ." Ford v. Trendwest Resorts, Inc. 146 Wash. 2d 146, 155, 43 P.3d 1223 (2002) (citing the Restatement (Second) of Contracts § 356 cmt. a (1981)).

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 6
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## B. Immersion Is Not Entitled to More Time.

Microsoft met its initiation burden of demonstrating that no material issue of fact exists with regard to whether Immersion was harmed by Microsoft's inadvertent and limited disclosure of the allegedly confidential information in the Sony Option. Immersion, on the other hand, has failed to "go beyond the pleadings and 'set forth the specific facts' that show a genuine issue for trial." Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).

Immersion points out that Microsoft's PR firm sent the Original Complaint to CNet, ARS Technica, the Seattle PI, and the Seattle Times (See Declaration of Joffrey McWilliam (Dkt. # 95), Exhibit 4, Microsoft's Responses to Immersion's First Set of Interrogatories). However, there is no evidence that any potential licensee or customer ever saw the allegedly confidential terms, or that any knowledge of these terms harmed Immersion in any way. Mere identification of some reporters who were given the Original Complaint, which contained two allegedly confidential numbers in the middle of its eight pages, is not enough to survive summary judgment. See Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).

For almost a year, Immersion has known that Microsoft's Original Complaint contained two numbers relating to the Sony Option. Since September 2007, Microsoft has been requesting information from Immersion regarding the alleged "harm" that it pled in its counterclaim. (See Kundtz Decl., Ex. D (Dkt. # 75)). Since February 2008, Immersion has known the identity of the persons and entities who received copies of the Original Complaint (McWilliam Decl., Ex. 4). Yet, only now, a little over a month before the discovery cutoff, Immersion claims it has plans to issue subpoenas to investigate further to whom Microsoft sent the Original Complaint. (Opposition at 9).

By this response, Immersion reveals not only that it is not aware of any potential licensee or customer who has knowledge of the allegedly confidential information or who

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  used such knowledge against Immersion in any negotiation, but also that it has not

2  investigated this allegation.  Under Rule 11, Immersion had to have evidence of damages at

3  the time it filed the counter claim, and has had an obligation to discover this information

4  before now.  Immersion's time has run out.  It is not entitled to pursue its counterclaim on

5  the hope that it will find evidence of damage in the future.

6      Immersion inappropriately asks the Court to deny summary judgment and retain

7  jurisdiction over Immersion's counterclaim indefinitely on the theory that one day

8  Immersion might be able to show damages.  However, the Court's scheduling order in this

9  case provides that discovery must be completed by June 16, 2008, about the time that the

10  court will be ruling on this motion.  There is no further time for discovery or follow up

11  discovery if Immersion finds and discloses any evidence of damage..

12      Moreover, the cases cited by Immersion in support of its "future damages" theory

13  have no application here.  All of these cases involved actions where actual damages had

14  been proved and additional damages were expected to be calculable in the near future.  See,

15  e.g., U.S. v. Burnett, 262 F.2d 55, 59 (9th Cir. 1958) (slip and fall case where court entered

16  judgment for $11,249.60, and held "the question of permanent total or partial disability is

17  reserved for future determination at the expiration of six months."); U.S. Lib. Ins. Co. v.

18  Haidinger-Hayes, Inc., 1 Cal 3d 586 (Cal. 1970) (judgment entered for actual damages

19  sustained as a result of defendant's negligence; court reserved jurisdiction to amend the

20  judgment by adding thereto amounts expended by plaintiff on claims pending at the time of

21  judgment); Carlson Indus. v. E.L. Murphy Trucking Co., 168 Cal. App. 3d 691 (Cal. 1985)

22  (holding court could retain jurisdiction to award actual cost of repair to damaged truck

23  crane because disassembly required to determine full extent of damage).  These cases do

24  not support Immersion's argument that where no evidence of harm is presented in a breach

25  of contract case, a court should deny summary judgment and wait indefinitely for a party to

26  show harm.

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 8
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Under certain circumstances, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had. . ." Fed. R. Civ. P. 56(f). Relief is granted under Rule 56(f) where the non-moving party makes: "(a) timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475(9th Cir. 1986). "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). The non-moving party must also set forth the specific reasons why such evidence cannot be presented at the present time. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991). "A district court may, within its discretion, deny a Rule 56(f) motion for further discovery if the moving party failed to "diligently pursue[ ] its previous discovery opportunities." Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994.Krav Maga Ass'n of America, Inc. v. Yanilov, 464 F.Supp.2d 981 (C.D.Cal., 2006) (finding that plaintiffs had more than ample time to conduct discovery; that plaintiffs failed to diligently pursue previous discovery opportunities; and holding "[t]he plaintiffs' failure to demonstrate any compelling reason as to why they could not depose key defendants since the filing of this lawsuit in October 2005 [a little over a year prior to the summary judgment motion], weighs heavily against their Rule 56(f) motion. . .").

In its opposition, Immersion fails to specifically identify any information that would support a claim for damages or any basis for believing that the information sought actually exists, or if it does exist, why Immersion has not been able to obtain this information to date. After several months of discovery, Immersion cannot identify a single potential licensee or other customer that knew of the terms of the Sony Option and used that

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 9
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

knowledge against Immersion. Immersion should not be permitted to delay Microsoft's motion for summary judgment based on vague assertions about possible additional discovery, especially when it has not diligently pursued other discovery opportunities.

## C. Immersion Cannot Maintain an Action in Hopes of Obtaining Attorney Fees.

Immersion cannot meet its burden of showing damages for breach of contract by asserting that it "may be entitled to recover its attorneys' fees." If, as here, a party cannot meet its burden of raising a genuine issue of material fact showing that it can establish each element of its claim, the claim should be dismissed. The hypothetical possibility that the party could get attorney fees if it could in fact establish all elements of its claim cannot save its claim.

Moreover, Immersion would not be entitled to attorney fees on its breach of contract claim. Under Washington law, a party is not entitled to recover attorney fees unless there is an attorney fee provision in the contract, attorney fees are provided by statute, or under a recognized ground of equity. Lay v. Hass, 112 Wn.App. 818 (2002). None of these exist here.

Immersion cites to RCW 4.84.250, which allows an award of attorney fees to the "prevailing party" when the amount "pleaded" is less than $10,000. Immersion cannot invoke this statute. First, Immersion did not plead an amount of damages less than $10,000. Second, and more importantly, the "prevailing party" is defined in RCW 4.84.260 as follows:

> The plaintiff, or party seeking relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250 when the recovery, exclusive of costs, is as much as or more than the amount offered in settlement by the plaintiff, or party seeking relief, as set forth in RCW 4.84.280.

RCW 4.84.260 (emphasis added). Immersion has not made any settlement offers with respect to its counterclaim, and therefore the amount it could hypothetically recover cannot be more than the "amount offered in settlement." Indeed, Immersion can not make a

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 10
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  meaningful settlement offer when it has no damages.  And there is no indication that the

2  legislature intended this statute to provide for attorney fees to party who otherwise had no

3  damages.

4       Immersion also cites to <u>Merrell v. Renier</u>, No. C06-404JRL, 2006 WL 3337368, at

5  *5 (W.D. Wash. 2006), claiming that attorney fees are awardable in  a breach of contract

6  action seeking no pecuniary damages.  (Opposition at 8).  Immersion fails to acknowledge

7  that in <u>Merrell</u>, the plaintiff was seeking injunctive relief for specific enforcement of a

8  settlement agreement and more importantly, that the settlement agreement provided for

9  attorney fees.  <u>Id</u>.  Conversely, Immersion has no contractual right to attorney fees.

10  ### III. CONCLUSION

11       Immersion has failed to provide any evidence that the presence of the two Sony

12  Option numbers in the original complaint for 10 days caused Immersion any damage.

13  Therefore, the counterclaim should be dismissed.

14       If the Court does not grant Microsoft's motion in whole, Microsoft requests that the

15  Court limit Immersion to seeking only nominal damages.

16       DATED May 9, 2008.

              RIDDELL WILLIAMS P.S.

17

18                By      /s Wendy E. Lyon
                   Paul J. Kundtz, WSBA #13548

19                     Blake Marks-Dias, WSBA #28169
                   Wendy E. Lyon, WSBA #34461

20                     1001 Fourth Avenue, Suite 4500
                   Seattle, WA 98154

21                     Phone: (206) 624-3600; Fax: (206) 3889-1708
                   Email: wlyon@riddellwilliams.com

22                     Attorneys for Plaintiff MICROSOFT CORPORATION

23

24

25

26

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 11
4843-3034-2914.01
050908/1517/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Richard M Birnholz**
rbirnholz@irell.com,lwakino@irell.com,ddrescher@irell.com,dkaplan@irell.com

**Morgan Chu**
mchu@irell.com

**Alan J Heinrich**
aheinrich@irell.com

**David R Kaplan**
dkaplan@irell.com

**Bradley S. Keller**
bkeller@byrneskeller.com,smacias@byrneskeller.com,kwolf@byrneskeller.com

**Blake Edward Marks-Dias**
bmarksdias@riddellwilliams.com,dhammonds@riddellwilliams.com

**Jofrey M McWilliam**
jmcwilliam@byrneskeller.com,lyoshinaga@byrneskeller.com

Executed at Seattle, Washington this 9th day of May, 2008.

Margaret R. Friedmann
Legal Secretary, Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Phone: (206) 624-3600
Fax: (206) 389-1708
email: mfriedmann@riddellwilliams.com

REPLY IN SUPPORT OF PLNTF'S MOTION FOR PART. SUMMARY
JUDGMENT RE COUNTERCLAIM (No. CV 07-936-RSM) - 12
4843-3034-2914.01
050908/1513/20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600