| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

Plaintiff,

v.

IMMERSION CORPORATION,

Defendant.

CASE NO. C07-936RSM

ORDER DENYING MICROSOFT'S MOTION TO LIMIT SPEAKING OBJECTIONS

This matter comes before the Court on "Microsoft's Motion to Limit Speaking Objections." (Dkt. #72).

Plaintiff Microsoft Corporation ("Microsoft") seeks an order from the Court (1) limiting objections raised during deposition; (2) limiting directions to the deponent not to answer questions; (3) requiring witnesses to answer all questions without evasion unless directed by counsel not to answer; (4) limiting private conferences between deponents and their attorneys during deposition; and (5) requiring that counsel conduct themselves in depositions "with the same courtesy and respect for the rules that are required in the courtroom during trial." (Proposed Order Regarding Discovery and Depositions at 3). Specifically, Microsoft argues that counsel for Defendant Immersion Corporation ("Immersion") has repeatedly made speaking objections that interfere with the witnesses' testimony, suggest the answer to the question, and disrupt the deposition process. Though Immersion does not object to the proposed order, it maintains that its objections were

ORDER
PAGE - 1

appropriate because they were made to prevent improper intrusions on attorney-client privilege or attorney work product information.

Having reviewed plaintiff's motion, defendants' response, plaintiff's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Plaintiff's Motion to Limit Speaking Objections (Dkt. # 28) is DENIED. Microsoft alleges that Immesion's counsel "has unnecessarily obstructed depositions by making inappropriate and disruptive objections," (Dkt. # 72 at 1), and seeks this order to "help facilitate the remaining discovery in this case," (Dkt. # 88 at 3). The court construes Microsoft's motion as a motion for an order compelling disclosure or discovery under F.R.Civ.P. 37(c).

Rule 37 states, in relevant part, that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." F.R.Civ.P. 37(a)(1). The local rules of this Court require that a good faith effort to confer must be either face-to-face or by telephone. Local Rule CR 37(a)(2)(A).

The Court finds no such certification either within or attached to the motion to compel. Although "Microsoft's Reply in Support of its Motion to Limit Speaking Objections" makes reference to conversations between counsel at the depositions, such reference was not made in Microsoft's motion and does not constitute "certification" by counsel within the meaning of Rule 37. Further, it fails to sufficiently "detail the efforts to confer and explain why they proved fruitless." *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96-7590, 1998 WL 67672 (S.D.N.Y. 1998) (citing *Tri-Star Pictures, Inc., v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997)). A proper certification, stated and signed by counsel, must "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master, Inc., v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). Absent such good

1 | faith effort, the Court will not consider the motion. This denial is without prejudice to
2 | renewal of the motion.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this _13_ day of May, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3