Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, a Delaware corporation,<br><br>Defendant. | No. 2:07-cv-936RSM<br><br>**STIPULATED PROTECTIVE ORDER REGARDING TREATMENT BY THE PARTIES OF CONFIDENTIAL DOCUMENTS** |

## I. STIPULATIONS

In connection with litigating the parties' respective claims asserted in this action, the parties expect that they will need to exchange documents and other information during discovery regarding non-public, confidential, and sensitive commercial information, including without limitation confidential business, financial, licensing, technical and trade secret information. This information is, by nature, highly confidential and proprietary to each party and deserving of protection regarding use and dissemination. Pursuant to Fed. R. Civ. P. 26(c)(7), the Court has the authority to issue an order that "a trade secret or other

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 1
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Dockets.Justia.com

confidential . . . or commercial information not be revealed or be revealed only in a designated way." Accordingly, the parties request that the Court enter as an Order the following Stipulated Protective Order ("Order") which shall govern the use, handling and/or return of documents, depositions, deposition exhibits, interrogatory responses, and other written recorded or graphic material produced during discovery or on a party's own initiative for use in this action, and all copies thereof, and shall govern the use, handling, and/or return of the documents, materials and information.

1. Any party, or third party subject to discovery in this action, may designate the information it produces as "Confidential" if it believes, in its good faith judgment, that the material contains confidential, market sensitive or proprietary information, including without limitation financial information, trade secrets, product development information, personnel and payroll information or other commercially sensitive or personally sensitive information of a non-public nature. The party shall make this designation by placing on every document or other material (including portions of deposition transcripts) containing such information the legend "CONFIDENTIAL" (except that in the case of multipage documents, the legend need only be placed on the first page of the document in order for the entire document to be treated as "Confidential") prior to providing such document or other material pursuant to this Order.

2. Any party may designate the information it produces as "Attorneys and Consultants Only" if it believes, in good faith judgment, that the material is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (*i*) would not normally reveal to third parties

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 2
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1  except in confidence or has undertaken with others to maintain in confidence, or
2  (*ii*) believes in good faith is significantly sensitive and protected by a right to
3  privacy under federal or state law or any other applicable privilege or right related
4  to confidentiality or privacy.  The party shall make this designation by placing on
5  every document or other material (including portions of deposition transcripts)
6  containing such information the legend "ATTORNEYS AND CONSULTANTS
7  ONLY" (except that in the case of multipage documents, the legend need only be
8  placed on the first page of the document in order for the entire document to be
9  treated as "ATTORNEYS AND CONSULTANTS ONLY") prior to providing such
10 document or other material pursuant to this Order.

    3.     When used in this Order, the word "documents" mean all written, recorded or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to Fed. R. Civ. P. 33 or 34, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.  When used in this Order, the term "other information" means any portion of any answer or response to any written discovery request.

    4.     All "Confidential" and "Attorneys and Consultants Only" documents and all information contained therein, and any other confidential information, shall be used by the parties to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

    5.     Except with prior written consent of the party asserting confidential treatment, or court order, documents designated as "Confidential" and the

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 3
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

information contained therein, and any other confidential information, may be disclosed only to the following persons:

  (a) counsel for the parties (including attorneys and staff associated with or employed by the legal counsel);

  (b) five (5) in-house business or legal representatives to whom access to the designated materials is deemed necessary for the prosecution, defense, or settlement of this litigation;

  (c) court reporters and stenographers employed in connection with this suit;

  (d) outside consultants and experts employed by counsel of record for the parties; and

  (e) any witness or deponent at deposition, when such witness or deponent is believed in good faith to be the author or recipient, or otherwise have personal knowledge, of the documents or things designated as "Confidential" or the contents thereof.

6. Except with prior written consent of the party asserting confidential treatment, or court order, documents designated as "Attorneys and Consultants Only" and the information contained therein, and any other confidential information, may be disclosed only to the following persons:

  (a) outside counsel of record for the parties (including attorneys and staff associated with or employed by the outside legal counsel);

  (b) court reporters and stenographers employed in connection with this suit;

  (c) outside consultants and experts employed by counsel of record for the parties; and

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 4
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

(d) any witness or deponent at deposition, when such witness or deponent is believed in good faith to be the author or recipient, or otherwise have personal knowledge, of the documents or things designated as "Attorneys and Consultants Only" or the contents thereof.

7. Before disclosing "Confidential" documents or information to any person enumerated in paragraphs 5(b) or (e) above or "Attorneys and Consultants Only" documents or information to any person enumerated in paragraphs 6(d) above, counsel for the disclosing party must first inform that person that the information or document to be disclosed contains confidential or proprietary information which must be held in confidence and may be used solely for the purpose of preparing for this litigation or settlement and, further, that these restrictions are imposed by a Stipulated Protective Order signed by the parties and their counsel and entered by the Court. Each person granted access to "Confidential" or "Attorneys and Consultants Only" information shall not reveal or disclose the contents of the confidential or proprietary information for any purpose, including, without limitation, any business, professional, or commercial purpose, other than those relating to this litigation. Each such person shall read this Order or be advised by counsel as to its contents, and shall agree to be bound by its terms by signing Exhibit A, attached hereto.

8. It is the obligation of the party producing confidential or proprietary documents to identify specific documents as "Confidential" or "Attorneys and Consultants Only." If the party receiving such documents objects to that identification, and counsel for the parties are unable to resolve the objection informally, the receiving party may file a motion with the Court requesting relief. The burden of persuasion to justify the designation in any such challenge

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 5
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

proceeding shall be on the party asserting the designation. Unless and until the Court issues a ruling allowing disclosure, all materials designated "Confidential" or "Attorneys and Consultants Only" shall remain as designated.

9. Upon the production of "Confidential" or "Attorneys and Consultants Only" material from one party to another party, and in the normal course of discovery, the receiving party may seek to depose a witness from the producing party regarding these materials. During such a deposition, only counsel for the parties, party representatives of the producing party, permitted party representatives of the receiving party, expert witnesses or consultants for the parties (if permitted to attend by the rules of civil procedure and/or agreement of the parties), the witness, and the witness's counsel may be present during any portion of the interrogation concerning the material deemed "Confidential" or "Attorneys and Consultants Only" except that party representatives of the receiving party other than counsel may not attend any portion of the deposition during which "Attorneys and Consultants Only" material is being reviewed or discussed. If appropriate, the witness may be asked to review this Order and to sign Exhibit A, attached hereto.

10. Deposition transcripts shall be treated as "Attorneys and Consultants Only" for a 21-day period following receipt of the transcript by all parties. Within the 21-day time period, any party may make a preliminary designation of the entire transcript, or portions of the transcript as "Confidential" or "Attorneys and Consultants Only" by page and line number, by providing written notice to all parties. Within 21 days after the day of the deposition, a designating party must make a final designation, listing only those portions of the deposition transcript by page and line that the designating party, in good faith,

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 6
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

believes should be protected.

11.  Documents containing "Confidential" material or "Attorneys and Consultants Only" material of any party shall not be filed with the Court unless it is necessary to do so for purposes of trial, substantive motions, including without limitation, motions for preliminary injunction or summary judgment, or other Court matters.  The parties shall take all reasonable steps to file "Confidential" material and "Attorneys and Consultants Only" material under seal pursuant to FRCP 26(c)(7) and Local Rule 5(g).

12.  Any party including "Confidential" material or "Attorneys and Consultants Only" material in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) shall file such material pursuant to Local Rule 5(g)(3), and shall contemporaneously with such filing, file a motion to seal any "Confidential" material or "Attorneys and Consultants Only" material included in the filing, regardless of which party designated the materials as such.  Such a motion to seal shall be noted for consideration seven (7) judicial days after filing in accordance with Local Rule 7(d).  The party filing the motion to seal will within the motion make a good faith effort to show why any materials that it designated as "Confidential" or "Attorneys and Consultants Only" should be sealed pursuant to FRCP 26(c)(7) and Local Rule 5(g).  If any documents or information included in the court filing were designated "Confidential" or "Attorneys and Consultants Only" by a non-moving party, that party may file a response in support of the motion to seal no later than three (3) judicial days before the note date showing why such materials should be sealed pursuant to FRCP 26(c)(7) and Local Rule 5(g).

13.  The Clerk of the Court is directed to maintain under seal all

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 7
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

documents and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "Confidential" or "Attorneys and Consultants Only," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel the same day the documents are filed.

14. In the event the Court denies a motion to seal documents containing either "Confidential" material or "Attorneys and Consultants Only" material, the Clerk of the Court shall remove the documents subject to the motion to seal from the Court file and such documents shall not be considered by the Court. In this situation, not later than three (3) judicial days after the date of the Court's denial of a motion to seal, the filing party may, at its option, (a) file replacement documents that do not contain either "Confidential" material or "Attorneys and Consultants Only" material, which shall be considered by the Court, or (b) inform the Clerk of the Court that it may return to the Court file the documents which had been previously removed and allow such documents to be considered by the Court and to become part of the public Court record.

15. In the event that any "Confidential" material or "Attorneys and Consultants Only" material is used in any court proceeding in connection with this litigation, it shall not lose its "Confidential" or "Attorneys and Consultants Only" status through such use, and the parties shall take all steps reasonably required

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 8

4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

to protect its confidentiality during such use.

16. At the conclusion of the litigation of this action, or upon settlement or dismissal, documents or other information designated as confidential, and all copies of such documents or other information (other than exhibits of record), shall be returned, within 30 days, to the source from which they were produced or at the direction of the producing party, or destroyed with the party destroying the documents providing a certificate of destruction to the producing party.

17. In the event additional parties join this action they shall not have access to "Confidential" and "Attorneys and Consultants Only" material until each newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

18. The inadvertent production of a confidential document without the "Confidential" or "Attorneys and Consultants Only" identifier shall not waive the confidential nature of that document and does not alter the confidential or proprietary nature of any other "Confidential" or "Attorneys and Consultants Only" documents. Upon discovery that a confidential document has been produced without the "Confidential" or "Attorneys and Consultants Only" identifier, the producing party shall promptly notify the other parties, in writing, and shall request that all parties treat the document in accordance with this Order. Such other parties may challenge the confidentiality designation in accordance with Paragraph 8, supra.

19. The undersigned parties and counsel shall keep material identified as "Confidential" or "Attorneys and Consultants Only" in a secure and segregated location, shall not disclose those documents, and shall not use or disclose them other than as authorized by this Order. The undersigned parties and counsel

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 9
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1  understand that this Order continues after the conclusion of this litigation.

2       20.    In the event of a violation of this Order, the party injured by the violation shall be entitled, in addition to any other rights and remedies it may have at law or in equity, to have an injunction issued by the Court, or any court of competent jurisdiction, enjoining the party violating this Order (and/or any third party involved in the violation) from continuing such violation.

      21.    To expedite the production of information, parties may inadvertently produce documents that are privileged or otherwise immune from discovery. Inadvertent production of privileged documents shall not be deemed a waiver of any applicable privilege. If a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within seven (7) business days upon discovery of the disclosure, so advise in writing the party to whom the materials were produced, request the documents or material be returned or destroyed, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert on this basis that the disclosure waived any privilege or immunity. It is further agreed that the receiving party will return or certify the destruction of the inadvertently produced documents or material, and all copies and derivations, within two (2) business days of the receiving party's receipt of a written request for the return of the documents or material. The receiving party having returned the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure. To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading,

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 10
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1  deposition or other proceeding, nothing in this paragraph shall require a receiving
2  party to purge, redact or excise any such information that has been used in good
3  faith before a request for the return of the unintentionally produced material.
4      22.  Entry of this Order is without prejudice to the right of any party to
5  seek a protective order imposing additional restrictions upon discovery of
6  confidential information or documents, including but not limited to an order that
7  production thereof not be made.

DATED this 22nd day of May, 2008.

RIDDELL WILLIAMS P.S.

By _____/s/_____
Paul J. Kundtz, WSBA #13548
Blake Marks-Dias, WSBA #28169
Wendy E. Lyon, WSBA #34461
Attorneys for Plaintiff MICROSOFT CORPORATION

BYRNES & KELLER LLP

By _____/s/_____
Bradley S. Keller, WSBA #10665
Jofrey M. McWilliam, WSBA #28441
Attorneys for Defendant IMMERSION CORPORATION

IRELL & MANELLA LLP

By _____/s/_____
Richard M. Birnholz
Morgan Chu
Alan J. Heinrich
David R. Kaplan
Pro Hac Vice Attorneys for Defendant IMMERSION CORPORATION

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 11
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

# EXHIBIT A

# ACKNOWLEDGMENT REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that:

1. I have read and understand the terms of the Stipulated Protective Order ("Order").

2. I hereby agree to be bound by the Order's terms with respect to any documents, material, or information marked "Confidential" or "Attorneys and Consultants Only" that are furnished to me as set forth in the Order.

3. I hereby agree not to disclose to anyone any documents, material or information marked "Confidential" or "Attorneys and Consultants Only" other than as permitted by the Order.

4. I hereby consent to the jurisdiction of the United States District Court for the Western District of Washington with regard to any proceedings to enforce the terms of the Order.

5. I hereby agree that any documents, materials or information marked "Confidential" or "Attorneys and Consultants Only" furnished to me will be used by me only for the purposes of this litigation and for no other purpose and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

6. I declare under penalty of perjury that the foregoing is true and correct.

[signature block on following page]

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 12
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

DATED this _____ day of _____, 2008.

_____
Name

_____
Title or Position

_____
Telephone Number

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 13

4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

## II. ORDER

The Court hereby orders as stipulated by the parties above.

DATED this _9_ day of _June_, 2008

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented By:

RIDDELL WILLIAMS P.S.

By: _____/s/_____
   Paul J. Kundtz, WSBA #13548
   Blake Marks-Dias, WSBA #28169
   Wendy E. Lyon, WSBA #34461
Attorneys for Plaintiff MICROSOFT CORPORATION

BYRNES & KELLER LLP

By _____/s/_____
   Bradley S. Keller, WSBA #10665
   Jofrey M. McWilliam, WSBA #28441
Attorneys for Defendant IMMERSION CORPORATION

IRELL & MANELLA LLP

By _____/s/_____
   Richard M. Birnholz
   Morgan Chu
   Alan J. Heinrich
   David R. Kaplan
Pro Hac Vice Attorneys for Defendant IMMERSION CORPORATION

STIPULATED PROTECTIVE ORDER – (2:07-cv-936RSM) - 14
4819-2581-1970.03
20363.00411

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600