UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IMMERSION CORPORATION,<br><br>　　　　　　Defendant. | CASE NO. C07-936RSM<br><br>ORDER DEFERRING<br>MICROSOFT'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT |

## **I. INTRODUCTION**

　　　This matter comes before the Court on "Plaintiff Microsoft Corporation's Motion for Partial Summary Judgment Regarding Immersion's Counterclaim." (Dkt. #74). Plaintiff Microsoft Corporation ("Microsoft") argues that summary judgment on Defendant Immersion Corporation's ("Immersion") breach of contract counterclaim is warranted because Immersion has failed to produce any evidence that it has suffered any damages. Furthermore, because damages are an element of any breach of contract claim, Microsoft argues that no genuine issue of material fact exists with respect to Immersion's counterclaim.

　　　Immersion responds that its counterclaim should not be dismissed because proof of actual pecuniary damages is not a necessary element of a breach of contract claim. In addition, Immersion argues that because discovery has not yet concluded, it should be given the opportunity to fully explore the scope of its breach of contract counterclaim.

　　　For the reasons set forth below, the Court DEFERS ruling on "Plaintiff Microsoft

MEMORANDUM ORDER
PAGE - 1

Corporation's Motion for Partial Summary Judgment Regarding Immersion's Counterclaim," and DIRECTS Immersion to come forward with particularized information regarding its breach of contract counterclaim no later than June 27, 2008.

## II. DISCUSSION

### A. Background[1]

On May 1, 2007, and prior to the filing of Microsoft's complaint against Immersion in this Court, Microsoft requested from Immersion documentation relating to Immersion's agreement with two Sony entities (collectively "Sony") that Immersion and Sony entered into on March 1, 2007. Immersion indicated to Microsoft that its agreement with Sony (the "Immersion-Sony agreement") was confidential, but agreed to seek permission from Sony to release the agreement. Immersion eventually obtained Sony's consent to produce documentation of the Immersion-Sony agreement subject to certain conditions. Microsoft indicated that it would comply with these conditions, and on May 11, 2007, it signed a "Confidentiality Agreement" wherein Microsoft essentially agreed not to disclose the Immersion-Sony agreement to anyone other than certain specified persons within Microsoft. In addition, Microsoft reserved the right to use the Immersion-Sony Agreement "in connection with a future dispute or litigation relating to the Immersion/Microsoft Sublicense Agreement ["SLA"], subject to an appropriate confidentiality agreement or court order that may be negotiated or otherwise entered." (Dkt. #95, Decl. of McWilliam, Ex. 2). Three days later, Immersion provided Microsoft with an unredacted copy of the Immersion-Sony agreement.

Soon after these events, Microsoft brought its underlying breach of contract claim in this Court, alleging that the Immersion-Sony agreement triggered Immersion's obligations to pay Microsoft certain specified amounts pursuant to the SLA entered into between Immersion and Microsoft. In the complaint, Microsoft publicly disclosed terms of the Immersion-Sony

---

[1] The Court has previously discussed the relevant facts that gave rise to this lawsuit in its "Order Denying Microsoft's Motion to Disqualify." (Dkt. #54). Accordingly, a detailed discussion of these facts is unnecessary here. However, the Court shall discuss the relevant facts that gave rise to the instant partial summary judgment motion.

MEMORANDUM ORDER
PAGE - 2

agreement. Notably, with two exceptions, all of these terms were previously disclosed to the Securities and Exchange Commission ("SEC") as part of Immersion's regular reports to the SEC. However, it is undisputed that the two terms Microsoft disclosed in paragraph 21 of its complaint were not disclosed to the SEC, and had never previously been disclosed.

As a result, on June 22, 2007, Immersion demanded that Microsoft take corrective steps to remedy its disclosure of confidential terms. Soon thereafter, Microsoft filed an amended complaint that was identical to the original complaint except that it omitted the two terms at issue. Microsoft also moved to seal its original complaint that same day, and this Court granted Microsoft's motion on June 28, 2007. (Dkt. #6).

On September 4, 2007, Immersion filed a counterclaim in response to Microsoft's complaint. In its counterclaim, Immersion asserts a single claim for breach of contract. Immersion's counterclaim provides in pertinent part:

> Microsoft breached the Confidentiality Agreement by, among other things, publicly disclosing confidential terms of the [Immersion-Sony agreement] in its Original Complaint, which Microsoft publicly filed without first negotiating a confidentiality agreement or obtaining a court order to seal, as required by the Confidentiality Agreement between Microsoft and Immersion.

(Dkt. #8, Def.'s Countercl., ¶ 68).

The parties subsequently began discovery in this case, and Microsoft sought information related to Immersion's counterclaim. Microsoft alleges that Immersion, in its initial disclosures, failed to adequately identify any witness and documents that would support its counterclaim. Microsoft also alleges that Immersion did not set forth with any specificity a computation of damages for its counterclaim. In addition, Microsoft alleges that Immersion has yet to sufficiently respond to its requests for production or interrogatories that would shed light on Immersion's counterclaim. As a result, Microsoft now brings the instant motion for partial summary judgment, arguing that Immersion has failed to produce any evidence of any damages that it has sustained as a result of Microsoft's breach. Significantly, the discovery deadline in the instant case is set for June 16, 2008.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to

MEMORANDUM ORDER
PAGE - 3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citation omitted). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

**C. Summary Judgment is Premature**

It is well-established that discovery does not need to be completed before a court grants summary judgment. *See* Fed. R. Civ. P 56; *Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000). However, "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f)(1)-(3). Furthermore, an opposing party need not specifically request a continuance to comply with the requirements of Rule 56(f). *See Hancock v. Montgomery Ward Long Term Disability*, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986); *see also Littlejohn v. Shell Oil*

*Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973) (holding that "[o]ut of an abundance of caution and to prevent a possible injustice," an affidavit is not required to invoke the protection of Rule 56(f)).

In the instant case, Immersion has not expressly moved for a continuance pursuant to Rule 56(f), nor has it attached an affidavit indicating the reasons why a continuance is necessary. Nevertheless, Immersion has responded to Microsoft's partial summary judgment motion by indicating in its opposition that discovery is ongoing, and that potentially relevant evidence to its breach of counterclaim will be forthcoming. Therefore, the Court construes Immersion's opposition as a request for a continuance pursuant to Rule 56(f). *See, e.g.*, *Program Engineering v. Triangle Publications*, 634 F.2d 1188, 1193 (9th Cir. 1980) (construing a motion to strike as a motion to continue pursuant to Rule 56(f)).

Moreover, the Court finds it premature to rule on Microsoft's partial summary judgment motion at this time. As indicated above, discovery will conclude on June 16, 2008, and the possibility remains that potentially relevant evidence will be disclosed by that date. Indeed, Microsoft acknowledges as much in its reply when it indicates that "discovery must be completed by June 16, 2008, about the time that the court will be ruling on this motion. There is no further time for discovery or follow up discovery *if Immersion finds and discloses any evidence of damage*." (Dkt. #98 at 8) (emphasis added). Furthermore, while the Court agrees that Immersion has generally failed to adequately disclose information relating to its counterclaim, the record indicates that Microsoft itself has not been completely forthright in its disclosures to Immersion. In any event, the Court will not entertain arguments in this regard to any significant degree, because any disputes about a parties' dilatory or improper conduct with respect to discovery should have more appropriately been brought to this Court's attention in the form of a motion to compel. Ultimately, discovery has not yet concluded in this case, and Immersion shall be accorded a full and fair opportunity to present evidence of its breach of contract counterclaim.

As a result, the Court shall DEFER ruling on Microsoft's partial summary judgment motion until after the close of discovery. The Court also DIRECTS Immersion to supplement

MEMORANDUM ORDER
PAGE - 5

its response to Microsoft's partial summary judgment motion in a manner consistent with the instructions set forth below in the Conclusion section of this Order. The Court shall reserve ruling on the remaining arguments raised by the respective parties until after Immersion files its supplemental response.

### III.  CONCLUSION

Having reviewed Plaintiff's motion, Defendant's response, Plaintiff's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) "Plaintiff Microsoft Corporation's Motion for Partial Summary Judgment Regarding Immersion's Counterclaim" (Dkt. #74) is DEFERRED. Immersion is DIRECTED to supplement its response to Microsoft's partial summary judgment motion by providing the Court with particularized information regarding the scope of damages no later than June 27, 2008. Immersion shall detail this information in a writing not to exceed four (4) pages, together with any declarations or exhibits attached thereto. Immersion is on notice that the Court may *sua sponte* grant Microsoft's partial summary judgment motion in the event Immersion fails to adhere to this Court's Order. No supplemental reply shall be filed by Microsoft unless required by the Court.

(2) The Clerk is directed to RE-NOTE the instant motion for June 27, 2008.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this   10   day of June, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE