UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION,<br><br>Defendant. | CASE NO. C07-936RSM<br><br>ORDER DENYING MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND STRIKING AS MOOT MICROSOFT'S MOTION TO COMPEL |

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff Microsoft Corporation's Motion for Partial Summary Judgment Regarding Immersion's Counterclaim" (Dkt. #74), and "Microsoft's Motion to Compel Responses to Discovery Related to Immersion's Counterclaim" (Dkt. #81). Plaintiff Microsoft Corporation ("Microsoft") argues that summary judgment on Defendant Immersion Corporation's ("Immersion") breach of contract counterclaim is warranted because Immersion has failed to produce any evidence that it has suffered any damages. Furthermore, because damages are an element of any breach of contract claim, Microsoft argues that no genuine issue of material fact exists with respect to Immersion's counterclaim. Additionally, Microsoft seeks to compel responses to discovery related to Immersion's counterclaim.

Immersion responds that its counterclaim should not be dismissed because proof of actual pecuniary damages is not a necessary element of a breach of contract claim. In any event, Immersion argues that it has incurred actual damages relating to its counterclaim. With respect

MEMORANDUM ORDER
PAGE - 1

to Microsoft's motion to compel, Immersion indicates that it has agreed to supplement its responses, thereby rendering the motion moot.

For the reasons set forth below, the Court DENIES "Plaintiff Microsoft Corporation's Motion for Partial Summary Judgment Regarding Immersion's Counterclaim," and STRIKES AS MOOT "Microsoft's Motion to Compel Responses to Discovery Related to Immersion's Counterclaim."

## II. DISCUSSION

### A. Background[1]

On September 4, 2007, Immersion filed a breach of contract counterclaim in its answer to Microsoft's complaint. (*See* Dkt. #8, Def.'s Countercl.). Immersion's counterclaim alleges that Microsoft had breached a confidentiality agreement entered into between the parties by publicly disclosing confidential terms related to a separate agreement Immersion entered into with two Sony entities (the "Immersion-Sony Agreement"). Specifically, the agreement between Immersion and Microsoft provided that Microsoft would agree not to disclose the Immersion-Sony Agreement to any person or entity other than certain specified persons within Microsoft. (*See* Dkt. #124, Decl. of Peters, Ex. 1). Immersion contends Microsoft disclosed these confidential terms by including such terms in the complaint filed in this case, and also by releasing such information to persons and entities who were outside the scope of the confidential agreement between Microsoft and Immersion. Nevertheless, Microsoft contends that Immersion has not suffered or otherwise proved any damages related to its counterclaim. Microsoft therefore filed the instant partial summary judgment motion, seeking dismissal of Immersion's breach of contract counterclaim.

Notably, Microsoft also filed a concurrent motion to compel. Microsoft argues that Immersion has not yet come forward with sufficient responses related to the scope of its

---

[1] The Court has previously discussed the relevant facts that gave rise to this lawsuit in its "Order Denying Microsoft's Motion to Disqualify." (Dkt. #54). The Court has also discussed the relevant facts that gave rise to the instant partial summary judgment motion in its "Order Deferring Microsoft's Motion for Partial Summary Judgment." (Dkt. #106). Accordingly, a detailed discussion of these facts is unnecessary here.

1 counterclaim. Microsoft indicates that the Court need only rule on the motion to compel in the
2 event that the Court denied its partial summary judgment motion.

3 Microsoft's partial summary judgment motion was originally noted for the Court's
4 consideration on May 9, 2008. The Court deferred ruling on Microsoft's motion, finding it
5 premature to rule on the motion because discovery had not yet concluded. Additionally, the
6 Court directed Immersion to come forward with particularized information regarding the scope
7 of damages related to its counterclaim by June 27, 2008. Immersion responded as directed.

8 In its supplemental response, Immersion makes four arguments to support its breach of
9 contract counterclaim. First, Immersion argues that it has been forced to expend resources to
10 remedy Microsoft's breach of confidentiality. Second, Immersion argues that its bargaining
11 position with prospective licencees may have suffered as a result of Microsoft's breach of
12 confidentiality. Third, Immersion argues that in a breach of contract claim, a party is entitled to
13 recover nominal damages as a matter of law, even if it fails to establish actual pecuniary harm.
14 Lastly, Immersion argues that Microsoft's conduct is the sort of harm that allows Immersion to
15 seek injunctive relief, thereby also precluding dismissal of its breach of contract counterclaim.

### B. Summary Judgment Standard

17 Summary judgment is proper where "the pleadings, depositions, answers to
18 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
19 genuine issue as to any material fact and that the moving party is entitled to judgment as a
20 matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247
21 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See*
22 *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*
23 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a
24 genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or
25 the bald assertion that a genuine issue of material fact exists, no longer precludes the use of
26 summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*
27 *Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

28 Genuine factual issues are those for which the evidence is such that "a reasonable jury

could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citation omitted). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

**C. Damages**

It is well established that in any breach of contract claim, the aggrieved party must prove damages. *Lehrer v. DSHS*, 101 Wash. App. 509, 516, 5 P.3d 722 (2000). In addition, the claimant has the duty of proving that the damage was proximately caused by the breach. *Nw. Indep. Forest Mfrs. v. Dep't. of Labor and Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6 (1995) (citations omitted). Moreover, "as a general rule, every breach of contract gives rise to a cause of action, even when the aggrieved party has not suffered any actual damage." *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wash. App. 743, 754, 162 P.3d 1153 (2007) (citations omitted). Nominal damages may be recovered in the absence of proof of actual damages. *See*, *e.g.*, *Ford v. Trendwest Resorts, Inc.*, 146 Wash.2d 146, 158, 43 P.3d 1223 (2002) (noting that nominal damages are appropriate "where, from the nature of the case, some injury has been done, the amount of which the proofs fail entirely to show.") (citations omitted). However, "*in suits for damages only* . . . a court may dismiss a breach of contract action if damages have not been suffered." *Id.* (emphasis added) (citing *Ketchum v. Albertson Bulb Gardens, Inc.*, 142 Wash. 134, 139, 252 P. 523 (1927)).

Based on this case law, Microsoft argues that Immersion's breach of contract counterclaim should be dismissed because it claims that this is a suit for damages only, and therefore Immersion must prove actual damages. Furthermore, Microsoft argues that Immersion has failed to meet this burden. Immersion responds by indicating that Microsoft mischaracterizes the law in Washington regarding nominal damages, and argues that it does not have to prove actual damages to maintain its breach of contract counterclaim.

Notwithstanding the parties' arguments with respect to this issue, the Court finds summary judgment is inappropriate because Immersion has come forward with specific evidence of actual damages. As laid out in its supplement response, Immersion has spent considerable time and money in response to Microsoft's breach of the confidentiality agreement. For example, Laura Peter ("Ms. Peter"), Vice President and General Counsel for Immersion indicates that:

[REDACTED]

(Decl. of Peters, ¶ 3).

In addition, David Kaplan ("Mr. Kaplan"), counsel for Immersion in the instant litigation, contends that he has sent [REDACTED] (Dkt. #123, Decl. of Kaplan, ¶ 6). Mr. Kaplan further states that these efforts [REDACTED] (*Id*.). In support of the statements made by both Ms. Peters and Mr. Kaplan, Immersion attaches examples of correspondence it has sent to individuals to remedy Microsoft's public disclosure of the Immersion-Sony Agreement.

There is no doubt that these efforts constitute damages in a breach of contract claim. "Consequential damages are sustainable if they flow naturally and inevitably from a breach of contract and are so related to it as to have been within the contemplation of the parties when they entered into it." *Pettaway v. Commercial Automotive Service, Inc.*, 49 Wash. 2d 650, 655, 306 P.2d 219 (1957) (citation omitted); *see also* 25 Wash. Prac., Contract Law and Practice § 14:7 (collecting cases). Here, Immersion's efforts to remedy Microsoft's public disclosure of confidential information contained in the Immersion-Sony Agreement are a direct result of Microsoft's violation of its agreement with Immersion. Furthermore, Microsoft does not dispute that it disregarded this confidential agreement. Microsoft attempts to soften the blow by indicating that it quickly took steps to remedy its public disclosure of the Immersion-Sony Agreement, and also by arguing that Immersion's alleged harm is merely speculative. Regardless of such mitigating steps and arguments, the fact remains that Microsoft disclosed information it specifically agreed not to disclose. And Immersion has established that it has suffered actual damages as a result of Microsoft's conduct. Accordingly, the Court finds no

MEMORANDUM ORDER
PAGE - 5

justification to grant Microsoft's partial summary judgment motion.[2]

### D. Microsoft's Motion to Compel

As noted above, Microsoft sought an order compelling Immersion to respond to discovery related to its counterclaim. Microsoft alleged that Immersion has failed to produce any documents or evidence to support its breach of contract counterclaim. Immersion responded by indicating that the Court's involvement was unnecessary. Specifically, Immersion informed the Court that it had agreed to supplement its responses one week after the noting date of Microsoft's motion to compel.

The Court finds no reason to believe that Immersion did not follow through on its promise. In any event, Microsoft's arguments have also been rendered moot by the fact that Immersion has submitted its supplemental response and the accompanying exhibits that lay out its damages to not only this Court, but to Microsoft as well. Accordingly, Microsoft's motion shall be stricken as moot.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) "Plaintiff Microsoft Corporation's Motion for Partial Summary Judgment Regarding Immersion's Counterclaim" (Dkt. #74) is DENIED.

(2) "Microsoft's Motion to Compel Responses to Discovery Related to Immersion's Counterclaim" (Dkt. #81) is STRICKEN AS MOOT.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 1st day of August, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[2] Because summary judgment is improper on this ground, the Court finds it unnecessary to address the remaining arguments made in Immersion's supplemental response.

MEMORANDUM ORDER
PAGE - 7